**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IAN TORRES, on behalf of himself and all others similarly situated, | Case No. 22-cv-06558 |
| Plaintiff, | Motion Day: February 6, 2023 |
| v. | |
| U.S. VISION, INC. and USV OPTICAL, INC., | |
| Defendants. | |
| BONITA ODELL, individually and on behalf of all others similarly situated, | Case No. 22-cv-06753 |
| Plaintiff, | |
| v. | |
| U.S. VISION, INC., USV OPTICAL, INC., and NATIONWIDE OPTOMETRY, P.C., | |
| Defendants. | |
| LACIE MORGAN, individually and on behalf of all others similarly situated, | Case No. 22-cv-07485 |
| Plaintiff, | |
| v. | |
| U.S. VISION, INC. and USV OPTICAL, INC., | |
| Defendants. | |

**PLAINTIFFS' BRIEF IN SUPPORT OF MOTION TO CONSOLIDATE**
**AND APPOINT INTERIM CO-LEAD COUNSEL**

# TABLE OF CONTENTS

I.  INTRODUCTION ....................................................................................................... 1

II.  BACKGROUND ........................................................................................................ 2

III.  ARGUMENT ............................................................................................................. 3

   A.  Consolidation is Appropriate ............................................................................ 3

   B.  Appointment of Proposed Interim Co-Lead Counsel is Warranted ................................. 6

      1.  Proposed Interim Co-Lead Counsel Has Performed Substantial Work in Investigating this Action .............................................................................................. 6

      2.  Proposed Interim Co-Lead Counsel Are Highly Experienced and Have Extensive Knowledge of the Applicable Law .................................................................. 7

      3.  Proposed Interim Co-Lead Counsel Are Committed to Representing and Expending the Resources Necessary to Protect the Putative Class's Interests ............................ 16

IV.  CONCLUSION ........................................................................................................ 16

# TABLE OF AUTHORITIES

<u>Cases</u>                                                                                                           <u>Page Nos.</u>

*Aguallo v. Kemper Corp. and Infinity Ins. Co.*,
   No. 1:21-cv-01883 (N.D. Ill.) ............................................................................................14, 15

*Baker v. ParkMobile, LLC*,
   No. 1:21-cv-02182 (N.D. Ga.) ..................................................................................................12

*Bechtel v. Fitness Equip. Servs., LLC*,
   339 F.R.D. 462, 480 (S.D. Ohio 2021) .....................................................................................13

*Bechtel v. Fitness Equipment Services, LLC*,
   No. 1:19-cv-726-KLL (S.D. Ohio) ............................................................................................12

*Brown v. Accellion, Inc.*,
   No. 5:21-cv-01155-EJD, 2022 U.S. Dist. LEXIS 44800 (N.D. Cal. Mar. 14, 2022) ..................5

*Brown v. Google LLC*,
   No. 4:20-cv-03664-YGR (N.D. Cal.) ........................................................................................14

*Cochran v. Kroger Co.*,
   No. 5:21-cv-01887-EJD (N.D. Cal.)..........................................................................................10

*Combs, et al. v. Warner Music Group*,
   No. 1:20-cv-07473-PGG (S.D.N.Y.) .........................................................................................15

*Devine v. Health Aid of Ohio, Inc.*,
   No. CV-21-948117 (Cuyahoga County Court of Common Pleas, Ohio)...................................12

*Engle v. Talbert House*,
   No. A 2103650 (Hamilton County Court of Common Pleas, Ohio) ..........................................12

*Fuentes, et al. v. UniRush, LLC, et al.*,
   No. 1:15- cv-08372 (S.D.N.Y.)..................................................................................................15

*Galaria v. Nationwide Mut. Ins. Co.*,
   663 F. App'x 384 (6th Cir. 2016) ..............................................................................................10

*Galicki v. New Jersey*,
   No. 14-169 (JLL) (JAD), 2014 U.S. Dist. LEXIS 114720
   (D.N.J. Aug. 18, 2014)................................................................................................................5

*Gordon, et al. v. Chipotle Mexican Grill, Inc.*,
   No. 17-cv-01415 (D. Colo.).......................................................................................................15

*In re 20/20 Eye Care Network Inc. Data Breach Litig.*,
   No. 21-cv-61275 RAR (S.D. Fla.) ...................................................................12

*In re: Allergan Biocell Textured Breast Implant Products Liability Litig.*,
   No. 19-md-2921 (D.N.J) .................................................................................15

*In Re: Ambry Genetics Data Breach Litig.*,
   No. 20-cv-00791 (C.D. Cal.) ...........................................................................15

*In re American Medical Collection Agency Data Breach Litig.*,
   No. 19-md-2904 (D.N.J.) .................................................................................15

*In re BJC Healthcare Data Breach Litig.*,
   No. 2022-CC09492 (Cir. Ct. Mo.) ...................................................................10

*In re Brinker Data Incident Litig.*,
   No. 3:18-cv-686-TJC-MCR, 2021 U.S. Dist. LEXIS 71965 (M.D. Fla. Apr. 14, 2021) ...........15

*In re: Capital One Consumer Data Security Breach Litig.*,
   No. 1:19-MD-2915-AJT (E.D. Va.) ..................................................................14

*In Re: Equifax, Inc. Customer Data Security Breach Litig.*,
   No. 1:17-md-2800-TWT (N.D. Ga.) ..................................................................14

*In re Fannie Mae Securities Litigation*,
   No. 1:04-cv-1639, (D.D.C.) ..............................................................................13

*In re Horizon Healthcare Services Inc. Data Breach Litig.*,
   846 F.3d 625 (3d Cir. 2017) ..............................................................................10

*In re Lucent Techs. Sec. Litig.*,
   221 F. Supp. 2d 472 (D.N.J. 2001) ......................................................................4

*In re Luxottica of America, Inc. Data Security Breach Litigation*,
   No. 1:20-cv-00908-MRB (S.D. Ohio) ...............................................................12

*In re Morgan Stanley Data Security Litig.*,
   No. 1:20-cv-05914-PAE (S.D.N.Y.) ............................................................14, 15

*In re NCAA Student-Athlete Name & Likeness Licensing Litigation*,
   No. 4:09-cv-1967 (N.D. Cal.) ...........................................................................13

*In re Netgain Technology, LLC Consumer Data Breach Litigation*,
   No. 2:10-cv-01210 (D. Minn.) ..........................................................................12

*In re: Sony Gaming Networks and Customer Data Security Breach Litig.*,
No. 11-md-2258 (S.D. Cal.).................................................................9

*In re SuperValu, Inc., Customer Data Sec. Breach Litig.*,
870 F.3d 763 (8th Cir. 2017) ...........................................................11

*In re Target Corp. Customer Data Sec. Breach Litig.*,
MDL No. 2522 (D. Minn.)................................................................14

*In re The Home Depot, Inc. Consumer Data Sec. Data Breach Litig.*,
No. 1:14-md-02583-TWT (N.D. Ga.)................................................14

*In Re TJX Companies Retail Security Breach Litig.*,
No. 07-10162 (D. Mass) ...................................................................9

*In re Toyota Motor Corp., Unintended Acceleration Marketing, Sales Practices & Products Liability Litigation*,
MDL No. 2151 (C.D. Cal.) ...............................................................13

*In re: U.S. Office of Personnel Management Data Security Breach Litig.*,
1:15-mc-01394-ABJ (D.D.C.) ...........................................................14

*In re Yahoo! Inc. Customer Data Security Breach Litig.*,
No. 5:16-MD-02752-LHK (N.D. Cal.)...............................................14

*In re Zappos.com Inc. Customer Data Security Breach Litig.*,
No. 12-cv-00325 (D. Nev.) ...............................................................11

*J.A. v. N.J. Dep't of Educ.*,
No. 1:18-cv-09580-NLH-MJS, 2022 U.S. Dist. LEXIS 50744 (D.N.J. Mar. 21, 2022) ..............3

*John v. Advocate Aurora Health, Inc.*,
No. 22-CV-1253-JPS (E.D. Wis.).......................................................11

*Johnson, et al. v. Yuma Regional Medical Center*,
No. 2:22-cv-01061-SMB (D. Ariz.)....................................................15

*Kaplan v. 21st Century Oncology Holdings*,
No. 2:16-cv-210-FtM-99MRM, 2016 U.S. Dist. LEXIS 105791 (M.D. Fla. July 21, 2016)........5

*Lewis, et al., v. Green Dot Corp., et al.*,
No. 2:16-cv-03557 (C.D. Cal.) ..........................................................15

*Liberty Lincoln Mercury v. Ford Mktg. Corp.*,
149 F.R.D. 65 (D.N.J. 1993)..............................................................5

*Linnins v. HAECO Americas, Inc., et al.*,
  No. 16-cv-486 (M.D.N.C.)..................................................................15

*Lozano v. CodeMetro, Inc.*,
  No. 37-2020-00022701 (Cal. Super. Ct.)...........................................10

*Lutz v. Electromed, Inc.*,
  No. 0:21-cv-02198 (D. Minn.)............................................................12

*Migliaccio v. Parker Hannifin Corp.*,
  No. 1:22-CV-00835 (N.D. Ohio)........................................................12

*Morelli v. Jim Koons Management Co.*,
  No. 8:22-cv-00292-GJH (D. Md.) ......................................................12

*O'Bannon v. NCAA*,
  802 F.3d 1049 (9th Cir. 2015) ...........................................................13

*Olstad v. Microsoft Corp.*,
  No. 00 CV 3042(Cir. Ct. of Milwaukee Cty., WI) ..............................9

*Rodriguez v. Professional Finance Company, Inc.*,
  No. 1:22-cv-1679 (D. Colo.)...............................................................12

*Rowe v. Unicare Life and Health Insurance Co.*,
  No. 1:09-cv-02286 (N.D. Ill.) .............................................................10

*Rubenstein v. Scripps Health*,
  No. 21cv1135-GPC(MSB), 2021 U.S. Dist. LEXIS 192182 (S.D. Cal. Oct. 5, 2021) ...............5

*Ryder v. Wells Fargo Bank, N.A.*,
  No. 1:2019-cv-00638 (S.D. Ohio) ......................................................13

*Schmidt, et al., v. Facebook, Inc.*,
  No. 3:18-cv-05982 (N.D. Cal.) ...........................................................14

*Schwab v. America Online, Inc. (America Online Access Litigation)*,
  No. 96 CH 13732 (Cir. Ct. of Cook Cty., IL) .......................................9

*Schwab v. Binney & Smith*,
  No. 00 CH 08354 (Cir. Ct. of Cook Cty., IL) .......................................9

*Severe v. Equifax Info. Servs.*,
  No. 21-17927 (JXN), 2022 U.S. Dist. LEXIS 102193 (D.N.J. June 8, 2022)............................4

*Sherwood v. Horizon Actuarial Services, LLC*,
  No. 1:22-cv-1495 (N.D. Ga) ........................................................................................12

*Shy v. Navistar International Corp.*,
  No. 92-cv-0333-WHR (S.D. Ohio) ...............................................................................12

*Tate v. EyeMed Vision Care, LLC*,
  No. 1:21-cv-00036 (S.D. Ohio) ....................................................................................12

*Torres v. Wendy's International, LLC*,
  No. 6:16- cv-210 (M.D. Fla.)........................................................................................15

*Tracy v. Elekta, Inc.*,
  No. 1:21-cv-02851-SDG (N.D. Ga.)..............................................................................12

*Tucker v. Marietta Area Health Care, Inc.*,
  No. 2:22-cv-00185 (S.D. Ohio) ....................................................................................12

*Vansickle v. C.R. England, Inc.*,
  No. 2:22-cv-00374 (D. Utah)........................................................................................12

*Walker v. Nautilus, Inc.*,
  No. 2:20-cv-3414-EAS (S.D. Ohio) ..............................................................................12

*Williams v. Duke Energy*,
  No. 1:08-cv-0046 (S.D. Ohio) ......................................................................................13

Rules

Fed. R. Civ. P. 23 ................................................................................................................1, 6

Fed. R. Civ. P. 42 ..........................................................................................................1, 3, 6

District of New Jersey Local Rule 42.1 ...................................................................................1

Other Authorities

Notice of Data Security Incident,
  Nationwide, https://response.idx.us/incident-information/ ...........................................3

Sindhu Sundar,
  *Titan of the Plaintiffs Bar: Ben Barnow*, Law360 (Oct. 8, 2014),
  https://www.law360.com/articles/585655/titan-of-the-plaintiffs-bar-ben-barnow......................8

The Manual for Complex Litigation, Fourth (2004)...............................................................4, 6

## I.      INTRODUCTION

Pursuant to Federal Rule of Civil Procedure ("FRCP") 42(a) and District of New Jersey Local Rule 42.1, Plaintiffs Ian Torres, Bonita Odell, and Lacie Morgan ("Plaintiffs") seek an Order from this Court consolidating *Torres v. U.S. Vision, Inc., et al.*, No. 22-cv-06558 (D.N.J.), *Odell v. U.S. Vision, Inc., et al.*, No. 22-cv-06753 (D.N.J.), and *Morgan v. U.S. Vision, Inc., et al.*, No. 22-cv-07485 (D.N.J.) (collectively, the "Related Actions"). Plaintiffs also seek an Order pursuant to FRCP 23(g)(3) appointing Ben Barnow of Barnow and Associates, P.C., Terence R. Coates of Markovits, Stock & DeMarco, LLC, and Jean S. Martin of Morgan & Morgan (together, "Proposed Interim Co-Lead Counsel") as Interim Co-Lead Counsel to lead the consolidated litigation on behalf of Plaintiffs and the putative class.

Consolidation of the Related Actions is appropriate under considerations of convenience, judicial economy, cost reduction, and serving the best interests of the putative class. The three Related Actions pertain to a common data breach that impacted Defendants U.S. Vision, Inc., USV Optical, Inc., and Nationwide Optometry, P.C. (collectively, "Defendants"). These cases arise from the same nucleus of common facts and share two common defendants, U.S. Vision, Inc. and USV Optical, Inc. Consolidation will provide for complete resolution in one proceeding and avoid unnecessary serial handling of the cases, duplication of pre-trial proceedings, the risk of inconsistent adjudications, and duplicative discovery and testimony of witnesses all testifying on common issues in the Related Actions. The Related Actions are all in their infancy, as each is in the pleadings stage with no responses having been filed to the complaints. None of the Related Actions has progressed to the point where any efficiencies or benefits will be forfeited through consolidation. Consolidating the Related Actions for all purposes will provide all the benefits of

1

consolidation and promote the interests of judicial economy and convenience, with no prejudice to the parties and the putative class.

Ben Barnow, Terence R. Coates, and Jean S. Martin are best qualified to lead the consolidated litigation on behalf of the class. Proposed Interim Co-Lead Counsel are three of the nation's leading class action practitioners, all with extensive data breach experience. Proposed Interim Co-Lead Counsel should be appointed as Interim Co-Lead Counsel for at least the following reasons:

1) Proposed Interim Co-Lead Counsel have diligently investigated this case and are committed to devoting substantial but appropriate time and resources to prosecuting this matter;

2) Proposed Interim Co-Lead Counsel have substantial experience necessary to effectively lead this litigation on behalf of the putative Class;

3) Proposed Interim Co-Lead Counsel's collective knowledge of the applicable law is unsurpassed; and

4) Proposed Interim Co-Lead Counsel have the resources needed to advance this litigation and adequately represent the class.

For all of these reasons, and those that follow, the Related Actions should be consolidated and Ben Barnow of Barnow and Associates, P.C., Terence R. Coates of Markovits, Stock & DeMarco, LLC, and Jean S. Martin of Morgan & Morgan should be appointed as Interim Co-Lead Counsel.

## II.    BACKGROUND

Between April 20, 2021 and May 17, 2021, unauthorized individuals gained access to U.S. Vision, Inc. and USV Optical, Inc.'s computer network and accessed and removed the personally

identifiable information ("PII") and personal health information ("PHI") of Plaintiffs and approximately 711,072 persons from the system (the "Data Breach"). There are three actions pending in the District of New Jersey relating to the Data Breach: *Torres v. U.S. Vision, Inc., et al.*, No. 22-cv-06558 (filed Nov. 10, 2022), *Odell v. U.S. Vision, Inc., et al.*, No. 22-cv-06753 (filed Nov. 23, 2022), and *Morgan v. U.S. Vision, Inc., et al.*, No. 22-cv-07485 (filed Dec. 23, 2022). The Related Actions are proposed class actions which share two common defendants, U.S. Vision, Inc. and USV Optical, Inc., relating to a data breach that impacted Plaintiffs and the putative class. Defendants operate retail optical stores and provide managed vision care benefits and administrative services as a business associate to other optical and optometry providers Nationwide Optometry, P.C. (which is only named as a defendant in the *Odell* action) and controlled PII/PHI of some of Nationwide Optometry, P.C.'s patients.[1] This information was involved in the Data Breach.[2] During the Data Breach, approximately 711,072 individuals' PII/PHI was exposed, including names, dates of birth, addresses, Social Security numbers, taxpayer identification numbers, driver's license or state identification numbers, financial account information, medical and/or treatment information, health insurance information, billing and claims information, biometric data, email addresses, usernames, and passwords.

## III.   ARGUMENT

### A.   Consolidation is Appropriate

FRCP 42(a) states, "If actions before the court involve a common question of law or fact, the court may: . . . consolidate the actions. . . ." "[T]he key question is whether the court believes that the most efficient way to handle the issues before it would be to consolidate cases." *J.A. v.*

---

[1] *See* Notice of Data Security Incident, NATIONWIDE, https://response.idx.us/incident-information/ (last accessed Jan. 5, 2022).
[2] *Id*.

*N.J. Dep't of Educ.*, No. 1:18-cv-09580-NLH-MJS, 2022 U.S. Dist. LEXIS 50744, at *5-6 (D.N.J. Mar. 21, 2022). "In the absence of an articulated basis to assert confusion or prejudice, consolidation is generally appropriate." *In re Lucent Techs. Sec. Litig.*, 221 F. Supp. 2d 472, 480 (D.N.J. 2001). Here, consolidation will promote judicial efficiency and therefore the Related Actions should be consolidated.

The Related Actions share many common questions of law and fact. They all arise out of the same transaction or event—the Data Breach that exposed the PII/PHI of Defendants' patients—and all seek to represent a nationwide class of persons affected by the Data Breach. Additionally, the Related Actions raise common theories of recovery, as all complaints bring claims for negligence, breach of implied contract, and unjust enrichment against U.S. Vision, Inc. and USV Optical, argue Defendants violated their duty to protect their customers' PII/PHI, and allege Defendants owe damages to those affected by the Data Breach. Since the Related Actions raise similar questions of law and fact, consolidation is appropriate.

Consolidation will serve the goals of judicial efficiency and avoidance of inconsistent verdicts by eliminating duplicative and overlapping litigation. Upon consolidation, the Court will be able to address the factual and legal issues raised in the Related Actions in one proceeding, streamlining the resolution of each case and avoiding inconsistency. *See Severe v. Equifax Info. Servs.*, No. 21-17927 (JXN), 2022 U.S. Dist. LEXIS 102193, at *6–7 (D.N.J. June 8, 2022) (granting motion to consolidate two related actions and holding that trying cases separately would lead to "inconsistent or duplicative effort" and "result in a waste of judicial resources"). Consolidating the Related Actions also precludes the possibility that the Related Actions may result in inconsistent verdicts. In addition, THE MANUAL FOR COMPLEX LITIGATION, FOURTH § 22.62 (2004) ("MCL") counsels that instituting organizational structures or procedures for

coordination of counsel early in the litigation will help to avoid common problems that would otherwise unnecessarily burden courts in complex litigation. Consolidating the Related Actions will conserve judicial resources and ensure that there are no inconsistent results between the cases.

Consolidating the Related Actions will not delay the proceeding. Each Related Action is still at the pleading stage and no response has been filed in any of the Related Actions. Since each Related Action is still in its infancy and none of the actions have proceeded to a different stage, it is a practical and convenient time to consolidate the Related Actions. *See Galicki v. New Jersey*, No. 14-169 (JLL) (JAD), 2014 U.S. Dist. LEXIS 114720, at *15 (D.N.J. Aug. 18, 2014) ("[G]iven that both actions are still in their relative infancy and have nearly identical procedural postures, consolidation would not cause any undue 'inconvenience, delay or expense.'" (quoting *Liberty Lincoln Mercury v. Ford Mktg. Corp.*, 149 F.R.D. 65, 81 (D.N.J. 1993)). Consolidating the Related Actions at this stage will not unduly delay any of the proceedings, and as such consolidation is appropriate.

Courts consistently find that overlapping data breach class actions are particularly appropriate for consolidation. *See, e.g.*, *Rubenstein v. Scripps Health*, No. 21cv1135-GPC(MSB), 2021 U.S. Dist. LEXIS 192182, at *4 (S.D. Cal. Oct. 5, 2021) (granting motion to consolidate data breach cases that "involve the same underlying facts and substantially similar questions of law"); *Kaplan v. 21st Century Oncology Holdings*, No. 2:16-cv-210-FtM-99MRM, 2016 U.S. Dist. LEXIS 105791, at *13 (M.D. Fla. July 21, 2016) ("[I]t is clear that common questions of law and fact permeate these cases [because] . . . all of the cases appear to arise from the same alleged data breach."); *Brown v. Accellion, Inc.*, No. 5:21-cv-01155-EJD, 2022 U.S. Dist. LEXIS 44800, at *9 (N.D. Cal. Mar. 14, 2022) (consolidating several data breach cases arising out of the same data

breach). There is no reason to reach a different conclusion here, and for all of the foregoing reasons, consolidation of the Related Actions pursuant to FRCP 42(a) is warranted.

**B.      Appointment of Proposed Interim Co-Lead Counsel is Warranted**

Appointing class counsel now is crucial in keeping the litigation well-organized and efficient. As the Manual for Complex Litigation states, "designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." MCL § 21.11. In appointing lead counsel, a court should "conduct an independent review . . . to ensure that counsel appointed to lead roles are qualified and responsible, that they will fairly and adequately represent all of the parties on their side, and that their charges will be reasonable." *Id*. § 10.22. FRCP 23(g) lists four factors courts should consider when selecting class counsel: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the class action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Analysis of these factors demonstrates that Proposed Interim Co-Lead Counsel are the best choice for the position due to their extensive experience in this area of law and their dedication to their work.

**1.      Proposed Interim Co-Lead Counsel Has Performed Substantial Work in Investigating this Action**

Proposed Interim Co-Lead Counsel have committed appropriate time and resources to organizing and working together toward the advancement of the litigation, investigating and researching the potential legal theories and claims at issue, and researching and reviewing information relating to the factual underpinnings of this litigation. *See* Joint Declaration, attached

hereto as Exhibit 1 ("Joint Decl."), ¶ 2. These actions demonstrate their willingness and ability to prosecute this action on behalf of the putative class to the fullest extent possible. They are familiar with the facts and legal issues in this matter, and intend to continue their efficient pursuit of the claims on behalf of Plaintiffs and the putative class. They have each applied their vast experience in class action litigation to the advancement and development of Plaintiffs' and the putative class's rights.

Prior to filing their complaint, Proposed Interim Co-Lead Counsel and their firms investigated the facts and circumstances surrounding the data breach, including, *inter alia*: the cause of the Data Breach, Defendants' public statements regarding the events surrounding the Data Breach, media commentary, and consumer experiences concerning information compromised in the Data Breach. *See* Joint Decl. ¶ 3. Proposed Interim Co-Lead Counsel have devoted appropriate time to researching the relevant law and applying their experience to prepare a detailed complaint. *See* Joint Decl. ¶ 2. Proposed Interim Co-Lead Counsel will continue to expend the time and resources necessary to advocate for Plaintiffs and the Class. *See* Joint Decl., ¶ 4.

### 2. Proposed Interim Co-Lead Counsel Are Highly Experienced and Have Extensive Knowledge of the Applicable Law

Proposed Interim Co-Lead Counsel have extensive experience litigating class actions including large data breaches, and have gained superior knowledge of the law in this area. *See* Joint Decl., Exhs. A, B, and C. Proposed Interim Co-Lead Counsel have led numerous high-profile privacy cases affecting millions of consumers. This experience includes leading litigation in highly-publicized and historic data privacy matters in which courts have recognized their exceptional work. They have heavily litigated, conducted significant discovery, and briefed essentially every aspect of privacy class cases. They have extensively litigated and overcome issues of standing, statutory claims, class certification, and damage models, devised injunctive

relief programs in numerous data breach, data disclosure, and privacy cases, and established groundbreaking precedent.

## **<u>Ben Barnow</u>**

Ben Barnow has extensive experience litigating class actions involving large data breaches, and has gained superior knowledge of the law in this area. He has successfully resolved many noteworthy data breach class actions, and has been instrumental in the advancement of data breach jurisprudence. He has repeatedly demonstrated the ability to organize, litigate, and successfully resolve data breach cases. He is nationally recognized for his experience in leading some of the nation's largest consumer class actions and was recognized as a Titan of the Plaintiffs Bar.[3] He has attained benefits valued in excess of five billion dollars for class members.

Ben Barnow's journey in law started in May 1969. After graduating from the University of Michigan law school, he taught business law and unfair competition at Northern Michigan University for two school years. He then moved to Chicago and joined a highly regarded small general practice firm of twelve lawyers. The firm had large corporate clients including those from the construction industry (one of the world's largest caisson contractors), one of the world's largest business to business advertising firms, the world's largest public relations firm, banks, and many others. He became a partner in six years.

During this early stage of his legal career, he gained the trust of one of his firm's worldwide client's and was selected to be the client's general counsel, as well as the chairman of its employee trust. After this, he decided to dedicate his practice to consumer class actions. His class action practice was an immediate success. To date, he has led over fifty complex litigation matters

---

[3] *See* Sindhu Sundar, *Titan of the Plaintiffs Bar: Ben Barnow*, LAW360 (Oct. 8, 2014), https://www.law360.com/articles/585655/titan-of-the-plaintiffs-bar-ben-barnow.

(including MDLs). Those cases include: *Schwab v. America Online, Inc. (America Online Access Litigation*), No. 96 CH 13732 (Cir. Ct. of Cook Cty., IL) (organizing over 50 law firms and setting up the co-chairmanship and the Executive Committee, which allowed for resolution of the case); *Olstad v. Microsoft Corp.*, No. 00 CV 3042(Cir. Ct. of Milwaukee Cty., WI) (successfully petitioning the Wisconsin Supreme Court to recognize the rights of indirect purchasers to recover under Wisconsin's antitrust laws); *Schwab v. Binney & Smith*, No. 00 CH 08354 (Cir. Ct. of Cook Cty., IL) (co-leading a nationwide class action which contributed to the elimination of talc in crayons in the United States, and achieving a settlement on behalf of one of the largest classes ever certified); and many more. *See* Joint Decl., Exh. A.

In these large class actions and MDLs, Ben Barnow has worked with many attorneys, whether organized by him or others. He has cooperatively worked with many plaintiffs' firms and defendants' firms to successfully conclude important litigation. That group includes many major law firms from both the plaintiffs' bar and the defendants' bar. Ben Barnow is a firm believer in camaraderie, an approach which has helped him create trust and friendship across both bars.

He and his firm have achieved numerous settlements recognized as quality work by courts across the land. *See In Re TJX Companies Retail Security Breach Litig.*, No. 07-10162 (D. Mass) (Ben Barnow served as co-lead counsel in one of the first data breach class action lawsuits; the Honorable Judge Young described the settlement as "excellent," and as containing "innovative" and "groundbreaking" elements); *In re: Sony Gaming Networks and Customer Data Security Breach Litig.*, No. 11-md-2258 (S.D. Cal.) (serving on the PSC in this MDL involving over 60 cases and approximately 50 million consumers, Ben Barnow negotiated a settlement and at the final fairness hearing the Honorable Judge Anthony J. Battaglia remarked, "Just in the final analysis, the order, much like all the work by both sides throughout the case, has been impeccable,

highly professional, and skilled); *Rowe v. Unicare Life and Health Insurance Co.,* No. 1:09-cv-02286 (N.D. Ill.) (Ben Barnow was appointed Lead Counsel and negotiated a settlement that was granted final approval, making benefits available to Settlement Class Members whose medical information was publicly posted on the Internet; the Honorable Judge Hibbler described the efforts of the parties as "exemplary"). None of the settlements he shepherded have been successfully attacked.

Ben Barnow has continued to efficiently and effectively represent plaintiffs in data breach litigation throughout his career. In *Cochran v. Kroger Co.*, No. 5:21-cv-01887-EJD (N.D. Cal.), Ben Barnow took a leading role in this litigation involving a data breach affecting Kroger customers and employees. He was instrumental in negotiating a settlement that made benefits of $5 million available to the settlement class. In *Lozano v. CodeMetro, Inc.*, No. 37-2020-00022701 (Cal. Super. Ct.), he served as settlement class counsel in a case relating to a data breach of a medical industry business service provider. Ben Barnow secured a settlement making benefits of $850,000 available to the class. In *In re BJC Healthcare Data Breach Litig.*, No. 2022-CC09492 (Cir. Ct. Mo.), Ben Barnow served as Class Counsel in an action involving a medical data breach affecting a class of over 280,000 persons. He played a central role in negotiating a settlement making valuable reimbursements available to class members.

Ben Barnow has taken an active and leading role in the development of data breach jurisprudence. Particularly important are the many appeals he has taken. As a lead counsel in *In re Horizon Healthcare Services Inc. Data Breach Litig.*, 846 F.3d 625 (3d Cir. 2017) and *Galaria v. Nationwide Mut. Ins. Co.*, 663 F. App'x 384 (6th Cir. 2016), he successfully pursued appeals and achieved reversals from the Third Circuit and Sixth Circuit, respectively, recognizing the plaintiffs' Article III standing to assert their data breach claims in federal court. Additionally, as

one of Plaintiffs' Interim Co-Lead Counsel in *In re SuperValu, Inc., Customer Data Sec. Breach Litig.*, 870 F.3d 763 (8th Cir. 2017), he appealed and obtained a partial reversal in which the Eighth Circuit recognized one of the plaintiff's Article III standing to assert his data breach claims in federal court. These decisions are integral components of the body of law recognizing data breach victims' standing to vindicate their rights in federal court.

Ben Barnow successfully appealed a dismissal of a data breach lawsuit against Zappos on standing grounds before the Ninth Circuit, and successfully defended against Zappos' writ of certiorari to the Supreme Court. *See In re Zappos.com Inc. Customer Data Security Breach Litig.*, No. 12-cv-00325 (D. Nev.) (establishing Article III standing in the Ninth Circuit for consumers whose information is disclosed in a data breach). His deep and particularized experience will allow him to manage issues pivotal to the success of this case with great efficiency, including standing, technical issues related to data disclosures and class member identification, and damages evaluation.

Ben Barnow believes in a hands-on approach to these cases. Each case he files is important because of the significant rights of the plaintiffs and the professional obligations of the attorneys acting on their behalf. This case, as with any other case he has had or he will file, is important and not fungible.

### Terence R. Coates

Terence R. Coates is the managing partner of Markovits, Stock & DeMarco, LLC in Cincinnati, Ohio and has been practicing law since 2009. He has extensive experience handling complex class action cases. Terence Coates is currently participating as a member of plaintiffs' counsel in the over 70 data breach and data privacy cases pending around the country, including serving as co-lead counsel for plaintiffs in *John v. Advocate Aurora Health, Inc.*, No. 22-CV-1253-

JPS (E.D. Wis.); *Tucker v. Marietta Area Health Care, Inc.*, No. 2:22-cv-00185 (S.D. Ohio); *Vansickle v. C.R. England, Inc.*, No. 2:22-cv-00374 (D. Utah); *Rodriguez v. Professional Finance Company, Inc.*, No. 1:22-cv-1679 (D. Colo.); *Migliaccio v. Parker Hannifin Corp.*, No. 1:22-CV-00835 (N.D. Ohio); *Sherwood v. Horizon Actuarial Services, LLC*, No. 1:22-cv-1495 (N.D. Ga); *Tracy v. Elekta, Inc.*, No. 1:21-cv-02851-SDG (N.D. Ga.); *Devine v. Health Aid of Ohio, Inc.*, No. CV-21-948117 (Cuyahoga County Court of Common Pleas, Ohio) (court-appointed class counsel in finally-approved class action settlement); *Engle v. Talbert House*, No. A 2103650 (Hamilton County Court of Common Pleas, Ohio) (court-appointed class counsel in preliminarily-approved class action settlement); *Lutz v. Electromed, Inc.*, No. 0:21-cv-02198 (D. Minn.) (co-lead counsel for plaintiffs in preliminarily-approved $825,000 settlement); and, *Morelli v. Jim Koons Management Co.*, No. 8:22-cv-00292-GJH (D. Md.) (court-approved co-lead counsel in preliminarily-approved settlement). Furthermore, Terence Coates holds leadership positions in many other data privacy lawsuits including *In re Luxottica of America, Inc. Data Security Breach Litigation*, No. 1:20-cv-00908-MRB (S.D. Ohio) (court-approved interim co-liaison counsel); *Tate v. EyeMed Vision Care, LLC*, No. 1:21-cv-00036 (S.D. Ohio) (court-approved liaison counsel); *In re Netgain Technology, LLC Consumer Data Breach Litigation*, No. 2:10-cv-01210 (D. Minn.) (court-appointed member of plaintiffs' steering committee); *In re 20/20 Eye Care Network Inc. Data Breach Litigation*, No. 21-cv-61275 RAR (S.D. Fla.) (Plaintiffs' Executive Committee); and, *Baker v. ParkMobile, LLC*, No. 1:21-cv-02182 (N.D. Ga.) (Plaintiffs' Steering Committee).

In 2022, Terence Coates has been a member of co-lead counsel in several non-data breach class action settlements including, *Shy v. Navistar International Corp.*, No. 92-cv-0333-WHR (S.D. Ohio) (class counsel for settlement valued at over $742 million); *Walker v. Nautilus, Inc.*, No. 2:20-cv-3414-EAS (S.D. Ohio) ($4.25 million settlement); *Bechtel v. Fitness Equipment*

*Services, LLC*, No. 1:19-cv-726-KLL (S.D. Ohio) ($3.65 million settlement); *Ryder v. Wells Fargo Bank, N.A.*, No. 1:2019-cv-00638 (S.D. Ohio) (member of class counsel in a $12 million settlement on behalf of roughly 1,830 class members). Moreover, Terence Coates has extensive experience participating in other high-profile class action cases including, *In re Fannie Mae Securities Litigation*, No. 1:04-cv-1639, (D.D.C.) (assisted in representing the Ohio public pension funds as lead plaintiffs in a Section 10b-5 class action resulting in a $153 million settlement); *In re NCAA Student-Athlete Name & Likeness Licensing Litigation*, No. 4:09-cv-1967 (N.D. Cal.); *see also O'Bannon v. NCAA*, 802 F.3d 1049 (9th Cir. 2015) (served as counsel for NCAA, Olympic, and NBA legend Oscar Robertson in antitrust claims against the National Collegiate Athletic Association, Collegiate Licensing Company, and Electronic Arts resulting in a $40 million settlement with Electronic Arts and Collegiate Licensing Company and the Court issuing a permanent injunction against the NCAA for unreasonably restraining trade in violation of antitrust law); *In re Toyota Motor Corp., Unintended Acceleration Marketing, Sales Practices & Products Liability Litigation*, MDL No. 2151 (C.D. Cal.) (served as a member of counsel for the economic loss class action plaintiffs against Toyota that resulted in a settlement valued at $1.6 billion); and *Williams v. Duke Energy*, No. 1:08-cv-0046 (S.D. Ohio) (served as counsel for plaintiffs in a complex antitrust and RICO class action resulting an $80.875 million settlement). Federal courts have recognized Terence Coates and his firm as being experienced with handling complex cases including class actions. *Bechtel v. Fitness Equip. Servs., LLC*, 339 F.R.D. 462, 480 (S.D. Ohio 2021) ("plaintiffs' attorneys have appeared in this Court many times and have substantial experience litigating class actions and other complex matters."). Based on his experience in data breach and other class action cases, Terence Coates is qualified to assist Plaintiffs in this matter as a member of Proposed Interim Co-Lead Counsel. *See also* Joint Decl., Exh. B.

### Jean S. Martin

Jean Martin has devoted the majority of her 24 years of practice to helping consumers. In 2016, Jean Martin was selected by her peers as the foremost Litigation attorney in the State of North Carolina for *Business North Carolina Magazine's Legal Elite*, gaining membership in the *Legal Elite* Hall of Fame. Last year she was recognized by LAW360 as an MVP in the area of cybersecurity and data privacy.

Jean Martin is supported by the 12-member class action department at Morgan & Morgan. Over the last five years, the class action attorneys at Morgan & Morgan have litigated and led many of the largest data privacy cases in the country, including *In re: Capital One Consumer Data Security Breach Litig.,* No. 1:19-MD-2915-AJT (E.D. Va.); *In re Yahoo! Inc. Customer Data Security Breach Litig.*, No. 5:16-MD-02752-LHK (N.D. Cal.); *In re The Home Depot, Inc. Consumer Data Sec. Data Breach Litig.,* No. 1:14-md-02583-TWT (N.D. Ga.); *In Re: Equifax, Inc. Customer Data Security Breach Litig.*, 1:17-md-2800-TWT (N.D. Ga.); *In re: U.S. Office of Personnel Management Data Security Breach Litig.,* No. 1:15-mc-01394-ABJ (D.D.C.); *In re Target Corp. Customer Data Sec. Breach Litig.,* MDL No. 2522 (D. Minn.); *Aguallo v. Kemper Corp. & Infinity Ins. Co.*, No. 1:21-cv-01883 (N.D. Ill.); and *In re Morgan Stanley Data Security Litig.,* No. 1:20-cv-05914-PAE (S.D.N.Y.). Morgan & Morgan has led class certification efforts in the relatively few data privacy cases in which certification orders have been entered. *See*, *Schmidt, et al., v. Facebook, Inc.,* No. 3:18-cv-05982 (N.D. Cal.) ((b)(2) certification) and *Brown v. Google LLC*, No. 4:20-cv-03664-YGR (N.D. Cal.) ((b)(2) certification). In a case in which she serves as interim co-lead counsel, Jean Martin argued a motion for class certification which resulted in the first order in the country granting Rule 23(b)(3) certification in a consumer payment

card data breach. *In re Brinker Data Incident Litig.,* No. 3:18-cv-686-TJC-MCR, 2021 U.S. Dist. LEXIS 71965 (M.D. Fla. Apr. 14, 2021).

Jean Martin presently serves by appointment as interim co-lead counsel in*, Combs, et al. v. Warner Music Group*, No. 1:20-cv-07473-PGG (S.D.N.Y.), *In Re: Ambry Genetics Data Breach Litigation,* No. 20-cv-00791 (C.D. Cal.) (preliminary approval granted for settlement valued at over $12 million), and *Johnson, et al. v. Yuma Regional Medical Center*, No. 2:22-cv-01061-SMB (D. Ariz.)*.* She also serves as a member of the Plaintiffs' Steering Committee for the cases proceeding against LabCorp, Inc. in *In re: American Medical Collection Agency Data Breach Litigation*, No. 19-md-2904 (D.N.J.) and a steering committee member *In re Allergan Biocell Textured Breast Implant Products Liability Litigation,* No. 19-md-2921 (D.N.J).

She has served in leadership positions in many consumer class actions and consolidated proceedings in federal courts around the country, including *inter alia*: *In re Morgan Stanley Data Security Litigation*, 1:20-cv-05914 (S.D.N.Y.) ($68 million settlement for 15 million class members); *Aguallo, et al. v. Kemper Corp., et al.*, No.: 1:21-cv-01883 (N.D. Ill.) (data breach settlement valued at over $17.5 million) (co-lead counsel); *Gordon, et al. v. Chipotle Mexican Grill, Inc.*, No. 17-cv-01415 (D. Colo.) (data breach) (co-lead counsel); *Linnins v. HAECO Americas, Inc., et al*., No. 16-cv-486 (M.D.N.C.) (employee data disclosure) (co-lead counsel); *Torres v. Wendy's International, LLC*, No. 6:16- cv-210 (M.D. Fla.) (data breach) (class counsel); *Fuentes, et al. v. UniRush, LLC, et al*., No. 1:15- cv-08372 (S.D.N.Y.) (disruption in servicing of financial accounts) (co-lead counsel); *Lewis, et al., v. Green Dot Corp., et al.*, No. 2:16-cv-03557 (C.D. Cal.) (disruption in servicing of financial accounts) (class counsel).

Additional information regarding Jean Martin and the Class Action team at Morgan & Morgan is set forth in the attached Exhibit C to the Joint Declaration**.**

**3.      Proposed Interim Co-Lead Counsel Are Committed to Representing and Expending the Resources Necessary to Protect the Putative Class's Interests**

Proposed Interim Co-Lead Counsel, and their respective firms, have thoroughly investigated this case and will diligently prosecute it. They and their firms have devoted substantial time to investigating the background facts and drafting a detailed complaint. Proposed Interim Co-Lead Counsel and their colleagues are hard-working, organized, and effective. Proposed Interim Co-Lead Counsel have taken many cases from inception to favorable conclusions, and will do so here. Their firms possess the resources and manpower required to vigorously prosecute this litigation. They are committed to pursuing the best interests of Plaintiffs and the putative class in an effective and efficient manner. Proposed Interim Co-Lead Counsel will vigorously work to ensure that Plaintiffs and the putative class are represented in the best manner possible. They will continue to prosecute this litigation for the duration of the lawsuit with the same diligence they have already demonstrated and that they put into every lawsuit.

## IV.      CONCLUSION

For the foregoing reasons, Plaintiffs Ian Torres, Bonita Odell, and Lacie Morgan respectfully ask the Court to grant their motion; consolidate the Related Actions; appoint Ben Barnow of Barnow and Associates, P.C., Terence R. Coates of Markovits, Stock & DeMarco, LLC, and Jean S. Martin of Morgan & Morgan as Interim Co-Lead Counsel; and enter the Order submitted herewith.

Dated: January 11, 2023

Respectfully submitted,

*/s/ Janine L. Pollack*
Janine L. Pollack
**CALCATERRA POLLACK LLP**
1140 Avenue of the Americas, 9th Floor
New York, New York 10036
Phone: (212) 899-1760
Fax: (332) 206-2073
jpollack@calcaterrapollack.com

Ben Barnow*
Anthony L. Parkhill*
Riley W. Prince*
**Barnow and Associates, P.C.**
205 West Randolph Street, Ste. 1630
Chicago, IL 60606
Tel: 312-621-2000
Fax: 312-641-5504
b.barnow@barnowlaw.com
aparkhill@barnowlaw.com
rprince@barnowlaw.com

*Counsel for Plaintiff Bonita Odell*

Terence R. Coates*
Justin C. Walker*
**MARKOVITS, STOCK & DEMARCO, LLC**
119 E. Court Street, Suite 530
Cincinnati, OH 45202
Phone: (513) 651-3700
Fax: (513) 665-0219
tcoates@msdlegal.com
jwalker@msdlegal.com

Gary M. Klinger*
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606
Phone: (312) 224-8488
gklinger@milberg.com

Victoria Maniatis
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel.: (212) 594-5300
vmaniatis@milberg.com

*Counsel for Plaintiff Ian Torres*

Jean S. Martin*
Francesca Kester*
**MORGAN & MORGAN**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
(813) 559-4908
jeanmartin@ForThePeople.com
fkester@ForThePeople.com

Gamaliel Delgado
**MORGAN & MORGAN**
350 Fifth Avenue, Suite 6705
New York, NY 10118
917-344-7031
917-344-7056 (fax)
gdelgado@forthepeople.com

*Counsel for Plaintiff Lacie Morgan
* pro hac vice forthcoming*