# Exhibit 1

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE U.S. VISION DATA BREACH LITIGATION | Civ. Action No. 1:22-cv-06558 (CPO/SAK) |

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release is made by and between, as hereinafter defined, (a) the Settlement Class Representatives,[1] on behalf of themselves and the Settlement Class, and (b) Nationwide Optometry, P.C., Sightcare, Inc., and Nationwide Vision Center, LLC (collectively, "Nationwide-Sightcare"). This Agreement fully and finally compromises and settles any and all claims that are, were, or could have been asserted against Nationwide-Sightcare (including all other Released Parties) in the litigation styled *In Re U.S. Vision Data Breach Litigation*, Case No. 1:22-cv-06558-CPO/SAK pending in the United States District Court for the District of New Jersey, as set forth herein. This Settlement Agreement pertains only to Nationwide-Sightcare and the Released Parties and does not extend to U.S. Vision, Inc. or USV Optical, Inc.

**1.**  **Recitals**

1.1.    During October 2022, Nationwide-Sightcare reported that U.S. Vision, Inc., a business associate that provided certain administrative services, had experienced a data security incident (i.e., the Data Breach).

1.2.    On November 10, 2022, Ian Torres filed a class action complaint against U.S. Vision, Inc. and USV Optical, Inc. in the United States District Court for the District of New Jersey, asserting claims arising out of the Data Breach.

1.3.    On November 23, 2022, Bonita Odell filed a class action complaint against U.S. Vision, Inc., USV Optical, Inc., and Nationwide Optometry, P.C., in the United States District Court for the District of New Jersey, asserting claims arising out of the Data Breach.

---

[1] All capitalized terms are defined in Section 2 below.

1.4.     On December 23, 2022, Lacie Morgan filed a class action complaint against U.S. Vision, Inc. and USV Optical, Inc. in the United States District Court for the District of New Jersey, asserting claims arising out of the Data Breach.

1.5.     On February 21, 2023, the Court consolidated the three actions for all purposes into the lead case *Torres v. U.S. Vision, Inc., et al.*, Case No. 1:22-cv-06558 (D.N.J.) before the Honorable Christine P. O'Hearn, U.S.D.J., and the Honorable Sharon A. King, U.S.M.J.

1.6.     On July 31, 2023, Class Counsel filed the Amended Complaint in the Action, which, among other things, asserts claims against Nationwide Optometry, P.C. for negligence, negligence per se, breach of fiduciary duty, breach of implied contract, unjust enrichment, alleged violations of the Arizona Consumer Fraud Act, and alleged violations of the Oklahoma Consumer Protection Act.

1.7.     Nationwide-Sightcare denies all material allegations of the Amended Complaint and specifically denies that it failed to properly protect Personal Information, had inadequate data security, was unjustly enriched by the use of personal data of the impacted individuals, breached any fiduciary duty or implied contract, or violated state consumer statutes and other laws.

1.8.     The Parties recognize the expense and length of proceedings necessary to continue litigation of the Action through further motion practice, discovery, trial, and any possible appeals. The Parties have taken into account the uncertainty and risk of the outcome of further litigation, and the expense, difficulties, and delays inherent in such litigation. The Parties are also aware of the burdens of proof necessary to establish liability and damages for the claims alleged in the Action and the defenses thereto. The Parties have determined that the settlement set forth in this Agreement is in their respective best

interests and that the Agreement is fair, reasonable, and adequate.  The Parties have therefore agreed to settle the claims asserted in the Action pursuant to the terms and provisions of this Agreement, subject to Court approval.

1.9.    It is the intention of the Parties to resolve the disputes and claims which they have between them on the terms set forth below.

NOW, THEREFORE, in consideration of the promises, covenants, and agreements herein described and for other good and valuable consideration acknowledged by each of the Parties to be satisfactory and adequate, and intending to be legally bound, the Parties do hereby mutually agree as follows:

## **2.   Definitions**

As used in all parts of this Agreement, including the recitals above, and the exhibits hereto, the following terms have the meanings specified below:

2.1.    "**Action**" means the three actions filed in the Court and consolidated in the class action captioned *In Re U.S. Vision Data Breach Litigation*, No. 1:22-cv-06558-CPO/SAK (D.N.J.).

2.2.    "**Administration and Notice Costs**" means all reasonable costs and expenses incurred by the Settlement Administrator in carrying out its duties under this Agreement, including all costs and expenses incurred in connection with implementing and executing the Notice Plan.

2.3.    "**Agreement**" or "**Settlement Agreement**" means this Class Action Settlement Agreement and Release and all of its attachments and exhibits, which the Parties understand and agree set forth all material terms and conditions of the Settlement of the Action between them and which is subject to approval by the Court.

3

2.4.    "**Approved Claims**" means Settlement Claims completed using a Claim Form and submitted by the Claims Deadline found to be valid by and in an amount approved by the Settlement Administrator.

2.5.    "**Attorneys' Fees**" means the attorneys' fees that Class Counsel request the Court to approve for payment from the Settlement Fund as compensation for work in prosecuting and settling the Action.

2.6.    "**Amended Complaint**" means the Amended Consolidated Class Action Complaint, at Docket Entry Number 46, filed in the Action on July 31, 2023.

2.7.    "**Business Days**" means Monday, Tuesday, Wednesday, Thursday, and Friday, excluding holidays observed by the U.S. federal government.

2.8.    "**Claims Deadline**" means the deadline by which Settlement Class Members must submit any Settlement Claims.  Settlement Claims submitted after the Claims Deadline will not be timely and will not qualify for approval and will be rejected.  The Claims Deadline shall be set by the Court in the Preliminary Approval Order and shall be ninety (90) days after the Notice Date.

2.9.    "**Claim Form**" shall mean the claim form attached as Exhibit C, or a claim form approved by the Court that is substantially similar to Exhibit C.

2.10.    "**Class Counsel**" means Ben Barnow of Barnow and Associates, P.C., Terence R. Coates of Markovits, Stock & DeMarco, LLC, and Jean S. Martin of Morgan & Morgan.

2.11.    "**Court**" means the United States District Court for the District of New Jersey, where the Action is pending.

2.12.    "**Data Breach**" means the data security incident involving unauthorized access to USV's network between April 20, 2021 and May 17, 2021, and which is the subject of the Action.

2.13.    "**Defendant**" means Nationwide Optometry, P.C.

2.14.    "**Effective Date**" means the date when all of the conditions set forth in Section 6.1 of this Agreement have occurred; provided, however, that Nationwide-Sightcare has not exercised its right of termination under Section 6.2 or Section 6.3 of this Agreement.

2.15.    "**Entity**" means any corporation, partnership, limited liability company, association, trust, or other organization of any type.

2.16.    "**Expenses**" means the reasonable costs and expenses incurred in litigating the Action that Class Counsel request the Court to approve for payment from the Settlement Fund.

2.17.    "**Final Approval**" means entry of a Final Approval Order and Judgment.

2.18.    "**Final Approval Hearing**" means the hearing to be conducted before the Court to determine the fairness, adequacy, and reasonableness of the Agreement pursuant to Federal Rule of Civil Procedure 23 and whether to enter a Final Approval Order and Judgment.  The Final Approval Order and Judgment shall be entered no earlier than ninety (90) days after the CAFA notices are mailed to ensure compliance with 28 U.S.C. § 1715.

2.19.    "**Final Approval Order and Judgment**" means an order and judgment that the Court enters after the Final Approval Hearing, which, among other things, finally approves the Agreement, finally certifies the Settlement Class for settlement purposes, dismisses all claims in the Action against Defendant with prejudice, releases the Released Parties from the Released Claims as set forth herein, bars and enjoins the Releasing Parties from

5

asserting any of the Released Claims, including during the pendency of any appeal from the Final Approval Order and Judgment, includes as an exhibit a list of individuals who timely and validly opted out of the Settlement, satisfies the settlement-related provisions of Federal Rule of Civil Procedure 23 in all respects, and in the form of or materially in the form of the proposed Final Approval Order and Judgment attached as Exhibit F.

2.20.    "**Judgment**" means the Final Approval Order and Judgment.

2.21.    "**Long Notice**" means the long form notice attached as Exhibit B or substantially similar to the long form notice attached as Exhibit B.

2.22.    "**Nationwide-Sightcare**" refers collectively to Nationwide Optometry, P.C., Sightcare, Inc., and Nationwide Vision Center, LLC.

2.23.    "**Nationwide-Sightcare's Counsel**" means the undersigned attorneys for Nationwide-Sightcare from the law firm of Alston & Bird LLP.

2.24.    "**Notice Date**" means the date by which notice will be fully commenced, which shall be forty-five (45) days after the Court enters the Preliminary Approval Order.

2.25.    "**Notice Plan**" means the Settlement notice program attached as Exhibit D to be presented to the Court for approval in connection with a motion seeking a Preliminary Approval Order.   The Notice Plan shall be included with the proposed Preliminary Approval Order.

2.26.    "**Objection Deadline**" means the deadline by which written objections to the Settlement must be filed in the Action's electronic docket or postmarked as set forth in the Preliminary Approval Order.   Such deadline shall be sixty (60) days after the Notice Date.

2.27.   "**Opt-Out Deadline**" means the deadline by which written requests for exclusion from the Settlement must be submitted online or postmarked as set forth in the Preliminary Approval Order.  Such deadline shall be sixty (60) days after the Notice Date.

2.28.   "**Parties**" means the Settlement Class Representatives, on behalf of themselves and the Settlement Class, and Nationwide-Sightcare.

2.29.   "**Parties' Counsel**" means Class Counsel and Nationwide-Sightcare's Counsel.

2.30.   "**Personal Information**" is intended to be broadly construed and includes any information that could be used to identify, locate, or contact a person (whether on its own or in combination with other information).  The term "Personal Information" also includes, without limitation, name, eyecare insurance information including policy and subscriber information, eyecare insurance application and claims information, Social Security number, address, date of birth, any other health or medical-related information, and any and all other personally identifiable information.  For the avoidance of doubt, the term Personal Information includes all information compromised as a result of the Data Breach.

2.31.   "**Preliminary Approval Order**" means the Court's order preliminarily approving the Settlement Agreement and, among other things, ordering that notice be provided to the Settlement Class, and in the form of or materially in the form of the proposed Preliminary Approval Order attached as Exhibit E.

2.32.   "**Released Claims**" means any and all claims (including, without limitation, any and all common law, equitable, and statutory claims arising under the laws of any jurisdiction, including those arising under state and/or federal laws of the United States), defenses, demands, actions, causes of action, rights, offsets, setoffs, suits, remedies, damages,

lawsuits, costs, relief for contempt, losses, attorneys' fees, expenses, or liabilities of any kind whatsoever, in law or in equity, for any relief whatsoever, including monetary sanctions or damages for contempt, injunctive or declaratory relief, rescission, general, compensatory, special, liquidated, indirect, incidental, consequential, or punitive damages, as well as any and all claims for treble damages, penalties, interest, attorneys' fees, costs, or expenses, whether known or unknown (including Unknown Claims (defined below)), suspected or unsuspected, existing or potential, contingent or vested, accrued or not accrued, liquidated or unliquidated, matured or unmatured, that in any way concern, arise out of, or relate to the Data Breach, the facts alleged in the Action, or any theories of recovery that were, or could have been, raised at any point in the Action.

2.33.   For the avoidance of doubt, nothing in this Agreement, including the definition of Released Claims, releases any claims against U.S. Vision, Inc. or USV Optical, Inc.

2.34.   "**Released Parties**" means Nationwide Optometry, P.C., Sightcare, Inc., and Nationwide Vision Center, LLC, and each of their current and former parents, subsidiaries, divisions, and affiliated companies, whether indirect or direct, as well as these entities' respective predecessors, successors, assigns, directors, officers, employees, agents, vendors, insurers, reinsurers, shareholders, attorneys, advisors, consultants, representatives, partners, joint venturers, contractors, wholesalers, resellers, distributors, service providers, and retailers.  Expressly excluded from the definition of Released Parties is U.S. Vision, Inc. and USV Optical, Inc.

2.35.   "**Releasing Parties**" means the Settlement Class Representatives and all Settlement Class Members who do not timely and validly opt out of the Settlement.

2.36.   "**Service Awards**" means any payments made, subject to Court approval, to Settlement Class Representatives, which shall be paid from the Settlement Fund.

2.37.   "**Settlement**" means the settlement of the Action by and between the Parties, and the terms and conditions thereof as stated in this Agreement.

2.38.   "**Settlement Administrator**" means the notice and settlement administrator with recognized expertise in class action notice and claims generally and data security litigation specifically, as jointly agreed upon by the Parties and approved by order of the Court.

2.39.   "**Settlement Claim**" means a claim or request for settlement benefits as provided for in this Settlement Agreement.

2.40.   "**Settlement Class**" means all residents of the United States who are current or former patients, customers, employees, members, or covered dependents of Nationwide Optometry, P.C., Nationwide Vision Center, LLC, Sightcare, Inc., or any of their affiliated or related business entities whose Personal Information was accessed, stolen, or compromised as a result of the Data Breach.  Excluded from the Settlement Class are (i) Nationwide-Sightcare, any Entity in which Nationwide-Sightcare has a controlling interest, and Nationwide-Sightcare's officers, directors, legal representatives, successors, subsidiaries, and assigns; (ii) any judge, justice, or judicial officer presiding over the Action and the members of their immediate families and judicial staff; (iii) any individual who timely and validly opts out of the Settlement; and (iv) USV, any Entity in which USV has a controlling interest, and USV's officers, directors, legal representatives, successors, subsidiaries, and assigns.  Nothing in the definition of

9

"Settlement Class" is intended to release any claims against USV. The Settlement Class includes approximately 714,000 individuals.

2.41. "**Settlement Class Member**" means any person within the definition of Settlement Class as defined in Section 2.40.

2.42. "S**ettlement Class Representatives**" means Ian Torres, Bonita Odell, and Lacie Morgan.

2.43. "**Settlement Fund**" means the three million four-hundred-fifty thousand United States Dollars ($3,450,000) that Nationwide-Sightcare shall pay pursuant to Section 3 of this Agreement.

2.44. "**Settlement Fund Account**" means the account described in Section 4 of this Agreement.

2.45. "**Short Notice**" means the short form notice attached as Exhibit A or substantially similar to the short form notice attached as Exhibit A.

2.46. "**Taxes**" means (i) any applicable taxes, duties, and similar charges imposed by a government authority (including any estimated taxes, interest, or penalties) arising in any jurisdiction with respect to the income or gains earned by or in respect of the Settlement Fund, including, without limitation, any taxes that may be imposed upon the Parties or the Parties' Counsel with respect to any income or gains earned by or in respect of the Settlement Fund; (ii) any other taxes, duties, and similar charges imposed by a government authority (including any estimated taxes, interest, or penalties) relating to the Settlement Fund that the Settlement Administrator determines are or will become due and owing, if any; and (iii) any and all expenses, liabilities, and costs incurred in

connection with the taxation of the Settlement Fund (including without limitation, expenses of tax attorneys and accountants).

2.47.   "**Unknown Claims**" means any and all Released Claims that any Settlement Class Representative or Settlement Class Member does not know or suspect to exist in his or her favor as of the Effective Date and which, if known by him or her, might have affected his or her decision(s) with respect to the Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that upon the Effective Date, Settlement Class Representatives and Settlement Class Members shall have waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, the District of Columbia, or principle of common law or otherwise, which includes or is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

The Settlement Class Representatives and Class Counsel acknowledge, and each Settlement Class Member by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a key element of the Settlement Agreement.

2.48.   "**USV**" means U.S. Vision, Inc. and USV Optical, Inc.

**3.   Settlement Fund**

3.1.   Nationwide-Sightcare agrees to make a non-reversionary settlement payment of three million four-hundred-fifty thousand United States Dollars ($3,450,000) and deposit that settlement payment into the Settlement Fund Account as follows: (a) within ten (10) days

after both of the following occur: (i) the Court enters a Preliminary Approval Order and (ii) Nationwide-Sightcare receives payment instructions and a W-9 for the Settlement Fund, Nationwide-Sightcare shall cause to be paid four-hundred-fifty-thousand United States Dollars ($450,000) into the Settlement Fund Account; and (b) within twenty (20) days of the Effective Date, Nationwide-Sightcare shall cause to be paid the remaining balance of the settlement payment (i.e., three million United States Dollars ($3,000,000)) into the Settlement Fund Account.

3.2.    The Settlement Fund shall be used to pay for (i) Administration and Notice Costs; (ii) Service Awards approved by the Court; (iii) Attorneys' Fees approved by the Court; (iv) Expenses approved by the Court; and (v) all Approved Claims.  In no event shall Nationwide-Sightcare be obligated to pay more than three million four-hundred-fifty thousand United States Dollars ($3,450,000) in connection with the Settlement of the Action.

3.3.    Class Counsel and/or the Settlement Administrator shall timely furnish to Nationwide-Sightcare any required account information, wiring instructions, or necessary forms (including a properly completed and signed IRS Form W-9 that includes the employer identification number for the Settlement Fund Account) before the deadline for making the settlement payment set forth in Section 3.1.

## **4.  Settlement Fund Account**

4.1.    The Settlement Fund monies shall be held in the Settlement Fund Account, which shall be established and maintained by the Settlement Administrator.

4.2.    All funds held in the Settlement Fund Account shall be deemed to be in the custody of the Court until such time as the funds shall be disbursed pursuant to this Agreement or further order of the Court.

4.3.     No amounts may be withdrawn from the Settlement Fund Account unless (i) authorized by this Agreement; (ii) authorized by the Notice Plan approved by the Court; or (iii) otherwise approved by the Court.

4.4.     The Parties agree that the Settlement Fund Account is intended to constitute a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1, *et seq*., and that the Settlement Administrator shall be the "administrator" within the meaning of Treasury Regulation § 1.468B-2(k)(3).   The Parties further agree that the Settlement Fund Account shall be treated as a qualified settlement fund from the earliest date possible and agree to any relation-back election required to treat the Settlement Fund Account as a qualified settlement fund from the earliest date possible.

4.5.     Upon or before establishment of the Settlement Fund Account, the Settlement Administrator shall apply for an employer identification number for the Settlement Fund Account utilizing IRS Form SS-4 and in accordance with Treasury Regulation § 1.468B-2(k)(4), and shall provide Nationwide-Sightcare with that employer identification number on a properly completed and signed IRS Form W-9.

4.6.     The Settlement Administrator shall file or cause to be filed, on behalf of the Settlement Fund Account, all required federal, state, and local tax returns, information returns, including, but not limited to, any Form 1099-series return, and tax withholdings statements, in accordance with the provisions of Treasury Regulation § 1.468B-2(k)(l) and Treasury Regulation § l.468B-2(l)(2).   Any contract, agreement, or understanding with the Settlement Administrator relating to the Settlement Fund Account shall require the Settlement Administrator or its agent to file or cause to be filed, on behalf of the Settlement Fund Account, all required federal, state, and local tax returns, information

13

returns, including, but not limited to any Form 1099-series return, and tax withholdings statements, in accordance with the provisions of Treasury Regulation § 1.468B-2(k)(1) and Treasury Regulation §1.468B-2(1)(2).   The Settlement Administrator may, if necessary, secure the advice of a certified public accounting firm in connection with its duties and tax issues arising hereunder the costs of which shall be considered Administration and Notice Costs and paid from the Settlement Fund.

4.7.    All Taxes relating to the Settlement Fund Account shall be paid out of the Settlement Fund Account, shall be considered to be an Administration and Notice Cost of the Settlement, and shall be timely paid by the Settlement Administrator without prior order of the Court.   Further, the Settlement Fund Account shall indemnify and hold harmless the Parties and the Parties' Counsel for Taxes (including, without limitation, taxes payable by reason of any such indemnification payments).

4.8.    Following its payment of the Settlement Fund monies as described in Section 3.1 of this Agreement, Nationwide-Sightcare shall have no responsibility, financial obligation, or liability whatsoever with respect to selection of the Settlement Fund Account, investment of Settlement Fund Account funds, payment of federal, state, and local income, employment, unemployment, excise, and any other Taxes, penalties, interest, or other charges related to Taxes imposed on the Settlement Fund Account or its disbursements, or payment of the administrative, legal, accounting, or other costs occasioned by the use or administration of the Settlement Fund Account.

## 5.   Presentation of Settlement to the Court

5.1.    As soon as practicable after the execution of the Settlement Agreement, the Settlement Class Representatives and Class Counsel shall submit this Settlement Agreement to the Court and file a motion for preliminary approval of the Settlement with the Court

requesting entry of a Preliminary Approval Order substantially in the form attached hereto as Exhibit E, requesting, among other things:

5.1.1.   Certification of the Settlement Class for settlement purposes only;

5.1.2.   Preliminary approval of the Settlement Agreement;

5.1.3.   Appointment of Ben Barnow of Barnow and Associates, P.C., Terence R. Coates of Markovits, Stock & DeMarco, LLC, and Jean S. Martin of Morgan & Morgan as Class Counsel;

5.1.4.   Appointment of the Settlement Class Representatives as the settlement class representatives;

5.1.5.   Approval of the Notice Plan attached hereto as Exhibit D ;

5.1.6.   Approval of a short form notice substantially similar to the one attached hereto as Exhibit A;

5.1.7.   Approval of a long form notice substantially similar to the one attached hereto as Exhibit B;

5.1.8.   Approval of a claim form substantially similar to the one attached hereto as Exhibit C; and

5.1.9.   Appointment of the Settlement Administrator.

5.2.   The Long Notice, Short Notice, and Claim Form shall be reviewed by the Settlement Administrator and may be revised as agreed by the Parities prior to the submission to the Court for approval.

5.3.   After entry by the Court of a Preliminary Approval Order, and no later than fourteen (14) days before the Final Approval Hearing, Settlement Class Representatives shall file a motion seeking final approval of the Settlement and entry of a Final Approval Order and

15

Judgment, including a request that the preliminary certification of the Settlement Class for settlement purposes be made final.

**6.   Effective Date and Termination**

6.1.    The Effective Date of the Settlement shall be the first Business Day after all of the following conditions have occurred:

6.1.1.    The Parties execute this Agreement;

6.1.2.    The Court enters the Preliminary Approval Order without material change to the Parties' agreed-upon proposed Preliminary Approval Order attached as Exhibit E, which shall include approval of the Notice Plan;

6.1.3.    Notice is provided to the Settlement Class in accordance with the Preliminary Approval Order and Notice Plan;

6.1.4.    The Court enters the Final Approval Order and Judgment consistent with the requirements as set forth in Section 2.19 and without material change to the Parties' agreed-upon proposed Final Approval Order and Judgment attached as Exhibit F; and

6.1.5.    The Final Approval Order and Judgment has become final because (i) the time for appeal, petition, rehearing, or other review has expired; or (ii) if any appeal, petition, or request for rehearing or other review has been filed, the Final Approval Order and Judgment is affirmed without material change, or the appeal is dismissed or otherwise disposed of, and no other appeal, petition, rehearing or other review is pending, and the time for further appeals, petitions, and requests for rehearing or other review has expired.

6.2.    Nationwide-Sightcare may, in its sole discretion, terminate this Agreement if more than 2,500 individuals submit valid and timely requests to exclude themselves from the Settlement, as agreed to by the Parties.  If Nationwide-Sightcare elects to terminate the

Settlement pursuant to Section 6.2, it shall provide written notice to Class Counsel no later than fifteen (15) Business Days after the Opt-Out Deadline.

6.3.  This Settlement may be terminated by either Settlement Class Representatives or Nationwide-Sightcare by serving on counsel for the opposing Party and filing with the Court a written notice of termination within ten (10) Business Days (or such longer time as may be agreed between Class Counsel and Nationwide-Sightcare) after any of the following occurrences:

6.3.1.  Class Counsel and Nationwide-Sightcare mutually agree to termination before the Effective Date;

6.3.2.  The Court rejects, materially modifies, materially amends or changes, or declines to preliminarily or finally approve the Settlement as set forth in this Settlement Agreement;

6.3.3.  An appellate court reverses the Final Approval Order and Judgment, and the Settlement is not reinstated and finally approved without material change by the Court on remand;

6.3.4.  The Court or any reviewing appellate court incorporates material terms or provisions into, or deletes or strikes material terms or provisions from, or materially modifies, amends, or changes, the proposed Preliminary Approval Order, the Preliminary Approval Order, the proposed Final Approval Order and Judgment, the Final Approval Order and Judgment, or the Settlement; or

6.3.5.  The Effective Date does not occur.

6.4.  If this Agreement is terminated under Section 6.2 or 6.3 above, the following shall occur:

6.4.1.  Within ten (10) Business Days of receiving notice of a termination event from Nationwide-Sightcare's Counsel, the Settlement Administrator shall pay to Nationwide-Sightcare an amount equal to the Settlement Fund, together with any interest or other

income earned thereon, less (i) any Taxes paid or due with respect to such income and (ii) any reasonable and necessary Administration and Notice Costs already actually incurred and paid or payable from the Settlement Fund pursuant to the terms of this Agreement;

6.4.2.  The Parties shall return to the status quo in the Action as if the Parties had not entered into this Agreement;

6.4.3.  Any Court orders approving certification of the Settlement Class and any other orders entered pursuant to this Agreement shall be null and void and vacated, and neither those orders nor any statements made in connection with seeking approval of the Agreement may be used in or cited by any person or Entity in support of claims or defenses or in support or in opposition to a class certification motion in connection with any further proceedings in the Action or in any other action, lawsuit, arbitration, or other proceeding involving a Released Claim; and

6.4.4.  This Agreement shall become null and void, and the fact of this Settlement and that Nationwide-Sightcare did not oppose certification of Settlement Class shall not be used or cited by any person or Entity in support of claims or defenses or in support of or in opposition to a class certification motion in connection with any further proceedings in the Action or in any other action, lawsuit, arbitration, or other proceeding involving any Released Claims.

## 7.  Settlement Benefits

7.1.  All Settlement Class Members who submit an Approved Claim using the Claim Form, which is attached as Exhibit C to this Settlement Agreement, are eligible to claim, as set forth below, either: (1) a Pro-Rata Cash Payment estimated at $50 (see Section 7.1.1); **OR** (2) Out-of-Pocket Expense and Time Reimbursement and Credit Monitoring

18

Benefits, consisting of (i) Documented Ordinary Expense Reimbursement (see Section 7.1.2), (ii) Documented Extraordinary Expense Reimbursement (see Section 7.1.3), (iii) Lost-Time Reimbursement (see Section 7.1.4), and/or (iv) Credit Monitoring (see Section 7.1.5).

7.1.1.  <u>Pro-Rata Cash Payment</u>. After the distribution of Attorneys' Fees, Expenses, Administration and Notice Costs, Service Awards, Documented Ordinary Expense Reimbursement, Documented Extraordinary Expense Reimbursement, Lost-Time Reimbursement, and Credit Monitoring, the Settlement Administrator will make *pro rata* settlement payments of the remaining Settlement Fund to each Settlement Class Member who submits a valid claim for a Pro-Rata Cash Payment. The payment amount is estimated to be $50 and may increase or decrease *pro rata* based on the amount remaining in the Settlement Fund after the above distributions have been made. No documentation or attestation is required. Settlement Class Members cannot submit a Pro-Rata Cash Payment claim in conjunction with any other claim. The Pro-Rata Cash Payment claim may only be submitted in the alternative to all other claims.

7.1.2.  <u>Documented Ordinary Expense Reimbursement</u>. Settlement Class Members can submit a Claim Form for reimbursement of up to three hundred United States Dollars ($300) in documented ordinary out-of-pocket expenses reasonably traceable to the Data Breach including documented bank fees, long distance phone charges, cell phone charges (only if charged by the minute), data charges (only if charged based on the amount of data used), postage, gasoline for local travel, and fees for credit reports, credit monitoring, or other identity theft insurance product purchased between April 20, 2021, and the Claims Deadline ("Documented Ordinary Expense Claims"), all of which must be more likely

than not attributable to the Data Breach, must not have been previously reimbursed or subject to reimbursement by insurance or a third party, and that are reasonably described and supported by an attestation, which will be a part of the Claim Form. Settlement Class Members with Documented Ordinary Expense Claims must submit documentation and attestation supporting their claims. This may include receipts or other documentation, not "self-prepared" by the claimant, that documents the costs incurred. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but may be considered to add clarity or support to other submitted documentation.

7.1.3. Documented Extraordinary Expense Reimbursement. Claims under this category must be supported by an attestation and documentation substantiating the full extent of the amount claimed. The Settlement Administrator will employ heightened scrutiny in reviewing claims for benefits under this category. Settlement Class Members may submit claims for up to five thousand United States Dollars ($5,000) in compensation by submitting a valid and timely Claim Form that proves more likely than not a monetary loss or expense directly arising from identity theft or other fraud perpetuated on or against the Settlement Class Member if: (i) the loss or expense is an actual, documented, and unreimbursed monetary loss; (ii) the loss or expense was more likely than not the result of the Data Breach; (iii) the loss or expense is not already covered by the "Documented Ordinary Expense Reimbursement" category; and (iv) the Settlement Class Member made reasonable efforts to avoid, or seek reimbursement for, the loss or expense, including but not limited to exhaustion of all available credit monitoring insurance and identity theft insurance and other available insurance.

7.1.4.   <u>Lost-Time Reimbursement</u>. Settlement Class Members can submit a claim for reimbursement for time spent remedying issues related to the Data Breach for up to four (4) total hours at a rate of twenty-five United States Dollars ($25) per hour capped at one hundred United States Dollars ($100) ("Lost-Time Claims").  No documentation need be submitted in connection with Lost-Time Claims, but Settlement Class Members must attest that the time claimed was actually spent as a result of the Data Breach.

7.1.5.   <u>Credit Monitoring</u>. Twenty-four (24) months of 3-bureau credit and identity theft monitoring will be provided for those Settlement Class Members who elect and submit valid claims for such credit and identity theft monitoring.  The credit and identity theft monitoring will have the following features: (i) real time monitoring of the credit file at all three major credit bureaus; (ii) identity theft insurance (no deductible) of one million United States dollars ($1,000,000); and (iii) access to fraud resolution agents to help resolve identity thefts.

7.2.   Settlement Class Members making claims for any of the relief under Section 7.1 must complete and submit a written Claim Form to the Settlement Administrator, postmarked (or, if submitted electronically in accordance with the requirements for electronic submission of a Claim Form, the date of such submission) on or before the Claims Deadline.  The Claim Form must be verified by the Settlement Class Member with a statement that his or her Settlement Claim is true and correct, to the best of his or her knowledge and belief.

7.3.   If the aggregated total amount of Approved Claims submitted under Sections 7.1.2–7.1.5 for Documented Ordinary Expense Reimbursement, Documented Extraordinary Expense Reimbursement, Lost-Time Reimbursement, and Credit Monitoring, when

aggregated with Administration and Notice Costs, Attorneys' Fees as approved by the Court, Expenses as approved by the Court, and Service Awards as approved by the Court exceeds the amount of the Settlement Fund, then Approved Claims submitted under Sections 7.1.2–7.1.5 for Documented Ordinary Expense Reimbursement, Documented Extraordinary Expense Reimbursement, Lost-Time Reimbursement, and Credit Monitoring shall be reduced on a *pro rata* basis such that the total aggregate amount of Approved Claims under Sections 7.1.2–7.1.5 for Documented Ordinary Expense Reimbursement, Documented Extraordinary Expense Reimbursement, Lost-Time Reimbursement, and Credit Monitoring, Administration and Notice Costs, Attorneys' Fees as approved by the Court, Expenses as approved by the Court, and Service Awards as approved by the Court, does not exceed the amount of the Settlement Fund.  If the aggregated total amount of Approved Claims submitted under Sections 7.1.2–7.1.5 for Documented Ordinary Expense Reimbursement, Documented Extraordinary Expense Reimbursement, Lost-Time Reimbursement, and Credit Monitoring, when aggregated with Administration and Notice Costs, Attorneys' Fees as approved by the Court, Expenses as approved by the Court, and Service Awards as approved by the Court is less than the amount of the Settlement Fund, then the remaining amount of Settlement Fund shall be used to pay valid claims made for the Pro-Rata Cash Payment.  The Settlement Administrator shall reasonably exercise its discretion for purposes of implementing any *pro rata* increase or decrease provided herein to account for estimated, but not yet incurred, Administration and Notice Costs.  For the avoidance of doubt, in no event shall Nationwide-Sightcare's liability or obligation under this Settlement Agreement exceed the Settlement Fund.

7.4.     To the extent funds remain due to settlement checks not being cashed by the deadline to do so, those remaining funds (and any other) will be distributed *pro rata* to Settlement Class Members who submitted Approved Claims and cashed their initial checks unless the Settlement Administrator determines any additional distribution would not be economically feasible considering the amount of funds remaining (including for instance, if the additional distribution would be *de minimis*), in which case any remaining funds shall be distributed to a charitable organization approved by the Parties and subject to Court approval.

**8.   Duties of Settlement Administrator**

8.1.     The Settlement Administrator shall perform the functions specified in this Agreement, any functions specified in the Notice Plan after Court approval, and any other functions approved by the Court.  In addition to other responsibilities that are described elsewhere in this Agreement (and in the Notice Plan, once approved by the Court), the duties of the Settlement Administrator shall include:

8.1.1.   Reviewing, determining the validity of, and processing all claims submitted by Settlement Class Members.  Specifically, the Settlement Administrator, in its sole discretion to be reasonably exercised, will determine whether: (i) the claimant is a Settlement Class Member; (ii) the claimant has provided all information required to complete the Claim Form by the Claims Deadline, including any documentation that may be necessary to reasonably support amounts claimed under Section 7.1; and (iii) the information submitted would lead a reasonable person to conclude, for a Settlement Claim for Documented Ordinary Expense Reimbursement and Documented Extraordinary Expense Reimbursement submitted under Sections 7.1.2 and 7.1.3, respectively, that the alleged expenses/losses resulted from the Data Breach.

8.1.2.    The Settlement Administrator may at any time (but is not required) request from the claimant (including via email) supplemental claim information as the Settlement Administrator may reasonably require in order to evaluate the Settlement Claim, e.g., documentation requested on the Claim Form and information regarding the claimed expenses and losses.  If supplemental claim information is requested, the Settlement Administrator shall give the claimant reasonable time in the Settlement Administrator's discretion but not exceeding thirty (30) days to provide the supplemental information before rejecting the claim.  Requests for supplemental claim information shall be made as promptly as reasonably possible after the Claims Deadline (or earlier in the discretion of the Settlement Administrator).  If the supplemental claim information does not cure a claim defect as reasonably determined by the Settlement Administrator, then the Settlement Claim will be deemed invalid and there shall be no obligation to pay the Settlement Claim.  For the avoidance of doubt, the Settlement Administrator is not required to request supplemental claim information, and in reasonably exercising its discretion, may deny a claim without requesting supplemental claim information.

8.1.3.    Establishing and maintaining a post office box for receiving requests for exclusion from the Settlement;

8.1.4.    Establishing and maintaining a Settlement website;

8.1.5.    Responding to Settlement Class Member inquiries via U.S. mail, email, or telephone;

8.1.6.    Establishing a toll-free telephone line for Settlement Class Members to call with Settlement-related inquiries;

8.1.7.    Paying all Taxes relating to the Settlement Fund and Settlement Fund Account;

8.1.8.   Receiving and processing all written requests for exclusion from the Settlement and providing copies thereof to the Parties' Counsel.  If the Settlement Administrator receives any requests for exclusion or other requests after the Opt-Out Deadline, the Settlement Administrator shall promptly provide copies thereof to the Parties' Counsel;

8.1.9.   Providing weekly reports that summarize the number of claims, written requests for exclusion, objections, and any other information requested by the Parties' Counsel;

8.1.10.   Within five (5) Business Days after the Opt-Out Deadline, providing a final report to the Parties' Counsel summarizing the number of written requests for exclusion (i.e., requests to opt out), a list of all individuals who have timely and validly excluded themselves from the Settlement in accordance with the requirements of the Settlement, and any other information requested by the Parties' Counsel;

8.1.11.   After the Effective Date, processing and transmitting any and all distributions to Settlement Class Members;

8.1.12.   Prior to the Final Approval Hearing, preparing and executing an affidavit or declaration to submit to the Court that identifies each Settlement Class Member who timely and validly requested exclusion from the Settlement; and

8.1.13.   Performing any other functions that the Parties jointly agree are necessary to accomplish administration of the Settlement.

8.2.   As specified in Section 3.2, all Administration and Notice Costs incurred by the Settlement Administrator or otherwise in connection with administering the Settlement shall be paid from the Settlement Fund.

8.3.   Neither the Parties nor the Parties' Counsel shall have any liability whatsoever with respect to any act or omission of the Settlement Administrator, or any of its designees or

agents, in connection with its performance of its duties under this Agreement, or under the Notice Plan once approved by the Court.

8.4.    The Settlement Administrator shall indemnify and hold harmless the Parties and the Parties' Counsel for any liability arising from any act or omission of the Settlement Administrator, or any of its designees or agents, in connection with its performance of its duties under this Agreement, or under the Notice Plan once approved by the Court.

## 9.   Notice Plan

9.1.    The Settlement Administrator shall be responsible for implementing and executing the Notice Plan.  Within fourteen (14) days after the Court's entry of a Preliminary Approval Order, Nationwide-Sightcare shall provide the Settlement Administrator with available contact information for Settlement Class Members.

9.2.    Should the Settlement be terminated for any of the reasons identified in Sections 6.2 or 6.3, the Settlement Administrator shall immediately destroy all contact information received from Nationwide-Sightcare for Settlement Class Members.

9.3.    As specified in Section 3.2, all costs incurred by the Settlement Administrator or otherwise relating to providing notice to Settlement Class Members shall be paid from the Settlement Fund.

## 10. CAFA Notice

10.1.   Nationwide-Sightcare will serve or cause to be served the notice required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, not later than ten (10) days after this Agreement is filed with the Court.

## 11. Covenants Not to Sue

11.1.   The Settlement Class Representatives covenant and agree: (i) not to file, commence, prosecute, intervene in, or participate in (as class members or otherwise) any action in

any jurisdiction based on or relating to any Released Claim, or the facts and circumstances relating thereto, against any of the Released Parties; (ii) not to organize or solicit the participation of Settlement Class Members, or persons who would otherwise fall within the definition of Settlement Class Member but who requested to be excluded from the Settlement, in a separate class for purposes of pursuing any action based on or relating to any Released Claim or the facts and circumstances relating thereto, against any of the Released Parties; and (iii) that the foregoing covenants and this Agreement shall be a complete defense to any Released Claim against any of the Released Parties.  For the avoidance of doubt, the covenants not to sue outlined in this Section do not extend to USV.

## 12. Representations and Warranties

12.1.    Each Party represents that:

(i)      such Party has the full legal right, power, and authority to enter into and perform this Agreement, subject to Court approval;

(ii)     such Party is voluntarily entering into the Agreement as a result of arm's-length negotiations conducted by its counsel;

(iii)    such Party is relying solely upon its own judgment, belief, and knowledge, and the advice and recommendations of its own independently selected counsel, concerning the nature, extent, and duration of their rights and claims hereunder and regarding all matters which relate in any way to the subject matter hereof;

(iv)     such Party has been represented by, and has consulted with, the counsel of its choice regarding the provisions, obligations, rights, risks, and legal effects of this Agreement and has been given the opportunity to review independently this Agreement with such legal counsel and agree to the particular language of the provisions herein;

(v)      the execution and delivery of this Agreement by such Party and the consummation by such Party of the transactions contemplated by this Agreement have been duly authorized by such Party;

(vi)     except as provided herein, such Party has not been influenced to any extent whatsoever in executing the Agreement by representations, statements, or omissions pertaining to any of the foregoing matters by any Party or by any person representing any Party to the Agreement;

(vii)    each of the Parties assumes the risk of mistake as to facts or law; and

(viii)   this Agreement constitutes a valid, binding, and enforceable agreement.

12.2.   The Settlement Class Representatives represent and warrant that they have not assigned or otherwise transferred any interest in any of the Released Claims against any of the Released Parties, and further covenant that they will not assign or otherwise transfer any interest in any of the Released Claims against any of the Released Parties.

12.3.   The Settlement Class Representatives represent and warrant that they have no surviving claim or cause of action against any of the Released Parties with respect to any of the Released Claims.

## 13. Releases

13.1.   As of the Effective Date, all Releasing Parties, on behalf of themselves, their heirs, assigns, beneficiaries, executors, administrators, predecessors, and successors, and any other person purporting to claim on their behalf, hereby expressly, generally, absolutely, unconditionally, and forever release and discharge any and all Released Claims against the Released Parties and any of their current, former, and future affiliates, parents, subsidiaries, representatives, officers, agents, directors, employees, contractors, shareholders, vendors, insurers, reinsurers, successors, assigns, and attorneys, except for claims relating to the enforcement of the Settlement or this Agreement.   For the avoidance of doubt, the Releasing Parties do not release any claims against USV.

13.2.   The Parties understand that if the facts upon which this Agreement is based are found hereafter to be different from the facts now believed to be true, each Party expressly

assumes the risk of such possible difference in facts, and agrees that this Agreement, including the releases contained herein, shall remain effective notwithstanding such difference in facts. The Parties agree that in entering this Agreement, it is understood and agreed that each Party relies wholly upon its own judgment, belief, and knowledge and that each Party does not rely on inducements, promises, or representations made by anyone other than those embodied herein. Notwithstanding any other provision of this Agreement (including, without limitation, this Section), nothing in this Agreement shall be deemed to in any way impair, limit, or preclude the Parties' rights to enforce any provision of this Agreement, or any court order implementing this Agreement, in a manner consistent with the terms of this Agreement.

13.3.   Within ten (10) Business Days after the Effective Date, Class Counsel and the Settlement Class Representatives shall dismiss with prejudice all claims, Actions, or proceedings that are released pursuant to this Agreement.

## **14. No Admission of Wrongdoing**

14.1.   This Agreement compromises claims which are contested in good faith, and it shall not be deemed an admission by any of the Parties as to the merits of any claim or defense. This Agreement shall not be offered or received against Nationwide-Sightcare as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by Nationwide-Sightcare with respect to the truth of any fact alleged by any Settlement Class Representative or any Settlement Class Member or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, breach of duty, or wrongdoing of Nationwide-Sightcare.

14.2.    This Agreement shall not be construed as or received in evidence as an admission, concession, or presumption against any Settlement Class Representative or any Settlement Class Member that any of their claims are without merit, or that any defense asserted by Nationwide-Sightcare has any merit, or that damages recoverable in the Action would not have exceeded the Settlement Fund.

14.3.    The negotiation, terms, and entry of the Parties into this Agreement shall remain subject to the provisions of Federal Rule of Evidence 408, all similar state statutes, rules of evidence, and arbitral rules, and the mediation privilege.

14.4.    Notwithstanding the foregoing provisions of Section 14 or any other terms in this Settlement, Nationwide-Sightcare may use, offer, admit, or refer to this Agreement and to the Settlement, if approved, where it deems necessary to defend itself in any other action, or in any judicial, administrative, regulatory, arbitrative, or other proceeding, as it deems necessary to comply with or address regulatory and/or disclosure obligations, to pursue insurance and/or other indemnification, and to enforce this Agreement and the Settlement, including the releases contained therein.

## 15. **Opt-Outs**

15.1.    Any individual who wishes to exclude themselves from the Settlement must submit a written request for exclusion to the Settlement Administrator, which shall be postmarked no later than the Opt-Out Deadline and verified no later than the Opt-Out Deadline.

15.2.    The written request for exclusion must:

    (i)      Identify the case name and number of the Action;

    (ii)     Identify the name and address of the individual seeking exclusion from the Settlement;

    (iii)    Be personally signed by the individual seeking exclusion;

(iv)    Include a statement clearly indicating the individual's intent to be excluded from the Settlement; and

(v)    Request exclusion only for that one individual whose personal signature appears on the request.

15.3.    To be effective and valid, opt-out requests submitted online must verify the request to opt-out no later than the Opt-Out Deadline using the link sent to the individual who submitted the request for exclusion.

15.4.    Opt-out requests seeking exclusion on behalf of more than one individual shall be deemed invalid by the Settlement Administrator.

15.5.    Any individual who submits a valid and timely request for exclusion in the manner described herein shall not: (i) be bound by any orders or judgments entered in connection with the Settlement; (ii) be entitled to any relief under, or be affected by, the Settlement; (iii) gain any rights by virtue of the Settlement; or (iv) be entitled to object to any aspect of the Settlement.

15.6.    Any individual who does not submit a valid and timely request for exclusion in the manner described herein shall be deemed to be a Settlement Class Member upon expiration of the Opt-Out Deadline, and shall be bound by all subsequent proceedings, orders, and judgments applicable to the Settlement Class.

15.7.    Class Counsel agree that this Settlement Agreement is fair, reasonable, and in the best interests of the Settlement Class Members.

## **16. Objections**

16.1.    Any Settlement Class Member who wishes to object to the Settlement must submit a written objection to the Court on or before the Objection Deadline, as specified in the Preliminary Approval Order.

16.2.    The written objection must include:

      (i)       The case name and number of the Action;

      (ii)      The name, address, and telephone number of the objecting Settlement Class Member and, if represented by counsel, of his/her counsel;

      (iii)    A statement of whether the objection applies only to the objector, to a specific subset of the class, or to the entire class;

      (iv)    A statement of the number of times in which the objector (and, where applicable, objector's counsel) has objected to a class action settlement within the three years preceding the date that the objector files the objection, along with the caption of each case in which the objector has made such objection;

      (v)     Information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class (e.g., copy of the objector's settlement notice, copy of original notice of the Data Breach, or a statement explaining why the objector believes he or she is a Settlement Class Member);

      (vi)    A statement of the specific grounds for the objection; and

      (vii)   A statement of whether the objecting Settlement Class Member intends to appear at the Final Approval Hearing, and if so, whether personally or through counsel.

16.3.    Any Settlement Class Member who fails to object to the Settlement in the manner described in this Agreement, the Preliminary Approval Order, and in the notice provided pursuant to the Notice Plan shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be precluded from seeking any review of the Settlement or the terms of this Agreement by appeal or any other means.

## 17. Service Awards

17.1.    The Settlement Class Representatives and Class Counsel shall submit a request to the Court for payment of Service Awards, not to exceed three thousand five hundred United States Dollars ($3,500) per individual, to the Settlement Class Representatives.  Any request for Service Awards must be filed with the Court at least fourteen (14) days before

the Objection Deadline.  If approved by the Court, such Service Awards shall be paid by the Settlement Administrator from the Settlement Fund within twenty-five (25) days after the Effective Date.

17.2.    Nationwide-Sightcare agrees not to oppose any request to the Court for Service Awards, provided such request does not seek more than three thousand five hundred United States Dollars ($3,500) per Settlement Class Representative.

17.3.    The Parties agree that the effectiveness of this Agreement is not contingent upon the Court's approval of the payment of any Service Awards.  If the Court declines to approve, in whole or in part, a request for Service Awards, all remaining provisions in this Agreement shall remain in full force and effect.  No decision by the Court, or modification or reversal or appeal of any decision by the Court, concerning the payment of Service Awards, or the amount thereof, shall be grounds for cancellation or termination of this Agreement.

## 18. Attorneys' Fees and Expenses

18.1.    Class Counsel shall submit a request to the Court for payment of Attorneys' Fees, expressed as a percentage of the value conferred by the Settlement on the Settlement Class, and for reimbursement of Expenses incurred in prosecuting and settling the Action.  Any request for Attorneys' Fees and Expenses must be filed with the Court at least fourteen (14) days before the Objection Deadline.  If approved by the Court, such Attorneys' Fees and Expenses shall be paid by the Settlement Administrator from the Settlement Fund within twenty-five (25) days after the Effective Date.

18.2.    Nationwide-Sightcare takes no position as to any request to the Court for Attorneys' Fees, provided such a request does not seek attorneys' fees in excess of one third

(33⅓%) of the Settlement Fund.  For the avoidance of doubt, Attorneys' Fees and Expenses shall be paid from the Settlement Fund.

18.3.    The Parties agree that the effectiveness of this Agreement is not contingent upon the Court's approval of the payment of any Attorneys' Fees or Expenses.  If the Court declines to approve, in whole or in part, a request for Attorneys' Fees or Expenses, all remaining provisions in this Agreement shall remain in full force and effect.  No decision by the Court, or modification or reversal or appeal of any decision by the Court, concerning the payment of Attorneys' Fees or Expenses, or the amount thereof, shall be grounds for cancellation or termination of this Agreement.

**19. Confidentiality**

19.1.    The Parties and the Parties' Counsel agree that the terms of this Settlement shall remain confidential and shall not be disclosed until the Agreement is publicly filed in connection with the Settlement Class Representatives' motion seeking a Preliminary Approval Order.   Notwithstanding the foregoing, Nationwide-Sightcare may disclose this Agreement for legal, compliance, and regulatory-related purposes.

**20. Notices**

20.1.    All notices to Class Counsel provided for in this Agreement shall be sent by email and First Class mail to the following:

Ben Barnow
BARNOW AND ASSOCIATES, P.C.
205 West Randolph Street, Ste. 1630
Chicago, IL 60606
b.barnow@barnowlaw.com

Terence R. Coates
MARKOVITS, STOCK & DEMARCO, LLC
119 E. Court Street, Suite 530
Cincinnati, OH 45202
tcoates@msdlegal.com

Jean S. Martin
MORGAN & MORGAN
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
jeanmartin@forthepeople.com

20.2.    All notices to Nationwide-Sightcare or Nationwide-Sightcare's Counsel provided for in

this Agreement shall be sent by email and First Class mail to the following:

Donald M. Houser
Erin Edwards
ALSTON & BIRD LLP
1201 West Peachtree Street NE
Atlanta, GA  30309
donald.houser@alston.com
erin.edwards@alston.com

20.3.    All notices to the Settlement Administrator provided for in this Agreement shall be sent

by either email or First Class mail to the Settlement Administrator at an address that will

be specified on the Notices and Settlement Website.

20.4.    The notice recipients and addresses designated in this Section may be changed by written

notice posted to the Settlement website.

**21. Miscellaneous Provisions**

21.1.    <u>Further Steps</u>. The Parties agree that they each shall undertake any further required steps

to effectuate the purposes and intent of this Agreement.

21.2.    <u>Cooperation</u>. The Parties: (i) acknowledge that it is their intent to consummate this

Settlement Agreement and (ii) agree to cooperate to the extent reasonably necessary to

effect and implement all terms and conditions of the Settlement Agreement and to

exercise their best efforts to accomplish the foregoing terms and conditions of the

Settlement Agreement.

21.3.   <u>Contractual Agreement</u>. The Parties understand and agree that all terms of this Agreement, including the exhibits hereto, are contractual and are not a mere recital, and each signatory warrants that he or she is competent and possesses the full and complete authority to execute and covenant to this Agreement on behalf of the Party that he or she represents.

21.4.   <u>Headings</u>.  Any headings contained herein are for informational purposes only and do not constitute a substantive part of this Agreement.  In the event of a dispute concerning the terms and conditions of this Agreement, the headings shall be disregarded.

21.5.   <u>Integration</u>. This Agreement constitutes the entire agreement among the Parties and no representations, warranties, or inducements have been made to any Party concerning this Agreement other than the representations, warranties, and covenants expressly contained and memorialized herein.

21.6.   <u>Exhibits</u>. The exhibits to this Agreement are expressly incorporated by reference and made part of the terms and conditions set forth herein.

21.7.   <u>Drafting</u>. The language of all parts of this Agreement shall in all cases be construed as a whole, according to their fair meaning, and not strictly for or against any Party.  No Party shall be deemed the drafter of this Agreement.  The Parties acknowledge that the terms of the Agreement are contractual and are the product of negotiations between the Parties and their counsel.  Each Party and their counsel cooperated in the drafting and preparation of the Agreement.  In any construction to be made of the Agreement, the Agreement shall not be construed against any Party and any canon of contract interpretation to the contrary shall not be applied.

21.8.    <u>Modification or Amendment</u>. This Agreement may not be modified or amended, nor may any of its provisions be waived, except by an express writing signed by the Parties who executed this Agreement, or their successors.

21.9.    <u>Waiver</u>. The failure of a Party to insist upon strict performance of any provision of this Agreement shall not be deemed a waiver of such Party's rights or remedies or a waiver by such Party of any default by another Party in the performance or compliance of any of the terms of this Agreement.  In addition, the waiver by one Party of any breach of this Agreement by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Agreement.

21.10.    <u>Severability</u>. Should any part, term, or provision of this Agreement be declared or determined by any court or tribunal to be illegal or invalid, the Parties agree that the Court may modify such provision to the extent necessary to make it valid, legal, and enforceable.  In any event, such provision shall be separable and shall not limit or affect the validity, legality, or enforceability of any other provision hereunder.

21.11.    <u>Counterparts</u>. The Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of executed counterparts shall be filed with the Court.  This Agreement may be executed using electronic signature technology (e.g., via DocuSign, Adobe Sign, or other electronic signature technology), and such signed electronic record shall be valid and as effective to bind the party so signing as a paper copy bearing such party's handwritten signature.

21.12.    <u>Electronic Mail</u>. Transmission of a signed Agreement by electronic mail shall constitute receipt of an original signed Agreement by mail.

21.13.    <u>Successors and Assigns</u>. The Agreement shall be binding upon, and inures to the benefit

of, the heirs, executors, successors, and assigns of the Parties hereto.

21.14.    <u>Governing Law</u>. All terms and conditions of this Agreement shall be governed by and

interpreted according to the laws of New Jersey, without reference to its conflict of law

provisions, except to the extent the federal law of the United States requires that federal

law governs.

21.15.    <u>Interpretation</u>. The following rules of interpretation shall apply to this Agreement:

    (i)    Definitions apply to the singular and plural forms of each term defined.

    (ii)    Definitions apply to the masculine, feminine, and neuter genders of each
term defined.

    (iii)    Whenever the words "include," "includes" or "including" are used in this
Agreement, they shall not be limiting but rather shall be deemed to be
followed by the words "without limitation."

21.16.    <u>Fair and Reasonable</u>. The Parties and the Parties' Counsel believe this Agreement is a

fair and reasonable compromise of the disputed claims and in the best interest of the

Parties.  The Parties have arrived at this Agreement as a result of extensive arms-length

negotiations.

21.17.    <u>Retention of Jurisdiction</u>. The administration and consummation of the Settlement as

embodied in this Agreement shall be under the authority of the Court, and the Court shall

retain jurisdiction over the Settlement and the Parties for the purpose of enforcing the

terms of this Agreement.  The Court also shall retain exclusive jurisdiction over any

determination of whether any subsequent suit is released by the Settlement Agreement.

21.18.    <u>No Government Third-Party Rights or Beneficiaries</u>. No government agency or official

can claim any rights under this Agreement or Settlement.

21.19.   <u>No Collateral Attack</u>. The Settlement Agreement shall not be subject to collateral attack, including by any Settlement Class Member or any recipient of notices of the Settlement after the Judgment is entered.

21.20.   <u>Public Statements</u>. The Parties agree not to make disparaging statements to the press regarding the Settlement or any Party.  The Parties may publicly discuss the Settlement, the terms of the Settlement, any matter addressed in plaintiffs' motion for Preliminary Approval Order, or any other matter as required by law or regulation.

21.21.   <u>Date of Agreement</u>. The execution date of this Settlement Agreement and Release shall be deemed to be the latest date of the signatures below.

IN WITNESS WHEREOF, the Parties have caused this Agreement to be duly executed by themselves or by their duly authorized counsel:

**Class Counsel on behalf of the Settlement Class Representatives (who have specifically assented to the terms of this Settlement Agreement) and the Settlement Class:**

Name: Ben Barnow
Date:  April 4, 2024

Name: Terence R. Coates
Date: April 4, 2024

Name: Jean S. Martin
Date:  April 4, 2024

**Defendant Nationwide Optometry, P.C.**

Name:  Jarrod Cross, O.D.
Title:  President
Date:  April 2, 2024

**Nationwide Vision Center, LLC**

Name:  Christopher Feldmeir
Title: Senior Vice President and General Counsel
Date: April 2, 2024

**Sightcare, Inc.**

Name:  Christopher Feldmeir
Title: Vice President
Date: April 2, 2024

# Exhibit A

Nationwide-Sightcare Data Incident Settlement Administrator
{Settlement Administrator mailing address}

**LEGAL NOTICE
ONLY TO BE OPENED
BY THE INTENDED
RECIPIENT**

*A federal court has
authorized this Notice.*

*This is not a solicitation
from a lawyer.*

«ScanString»

Postal Service: Please do not mark barcode

Notice ID: «Notice ID»
Confirmation Code: «Confirmation Code»
«FirstName» «LastName»
«Address1»
«Address2»
«City», «StateCd» «Zip»
«CountryCd»

**If your personal information was compromised in a data breach affecting Nationwide Optometry, Nationwide Vision Center, and/or SightCare, you may be eligible for benefits from a class action settlement.**
*PLEASE VISIT [InsertWebsiteLink] FOR MORE INFORMATION.*

A Settlement has been reached with Nationwide Optometry, P.C., Nationwide Vision Center, LLC, and Sightcare, Inc. (collectively, "Nationwide-Sightcare") in a class action lawsuit involving a third-party criminal cyberattack targeting USV Optical, Inc.'s, a subsidiary of U.S. Vision, Inc. email and computer systems between approximately April 20, 2021, and May 17, 2021 (the "Data Breach"). The United States District Court for the District of New Jersey authorized this notice in this case, known as *In Re U.S. Vision Data Breach Litigation,* Case No. 1:22-cv-06558-CPO/SAK (D.N.J.). The claims against USV Optical, Inc. and U.S. Vision, Inc. are not being settled and remain pending.

**Who Is Included?** All residents of the United States who are current or former patients, customers, employees, members, or covered dependents of Nationwide-Sightcare, or any of their affiliated or related business entities whose Personal Information was accessed, stolen, or compromised as a result of the Data Breach.

**What Does The Settlement Provide?** Settlement Class Members may submit a claim for: (i) Pro-rata cash payment estimated at $50.00; OR (ii) Out-of-Pocket Expense and Time Reimbursement and Credit Monitoring Benefits: (a) reimbursement for undocumented time spent dealing with the repercussions of the Data Breach for up to 4 hours at $25.00/hour; (b) reimbursement of up to $300.00 for documented out-of-pocket expenses that resulted from the Data Breach; (c) reimbursement of up to $5,000.00 for documented actual identity theft expenses that resulted from the Data Breach; (d) two years of free credit monitoring and identity resolution services. Plaintiffs Ian Torres, Donita Odell, and Lacie Morgan will seek Service Awards of $3,500 for their efforts as Settlement Class Representatives in this case. Class Counsel, Ben Barnow, Terence R. Coates, and Jean S. Martin, the court-appointed attorneys representing the Settlement Class in this case, will seek attorneys' fees in an amount not to exceed 1/3 of the $3.45 million Settlement Fund.

**What are my Options?**
To get a payment and/or benefit you must submit a Claim Form by [DATE]. To request a claim form, visit www.[INSERT].com or call 1-XXX-XXX-XXXX. If you do not want to be legally bound by the Settlement, you must exclude yourself from it by [DATE], or you will not be able to sue, or continue to sue, Nationwide-Sightcare about the legal claims this Settlement resolves. If you exclude yourself, you cannot get benefits from the Settlement. If you stay in the Settlement Class, you can tell the Court that you do not agree with the Settlement or some part of it by objecting to it by [DATE]. A long-form notice available at www.[INSERT].com explains how to exclude yourself or object and describes the released claims in detail.

**Want more information?**
Do NOT call the Court.  Visit www.[INSERT].com or call 1-XXX-XXX-XXXX.

_____

_____

_____

Nationwide-Sightcare Data Incident Settlement Administrator
{Settlement Administrator Mailing Address}

# Exhibit B

**NOTICE OF CLASS ACTION SETTLEMENT**

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY
*In Re U.S. Vision Data Breach Litigation,*
Case No. 1:22-cv-06558-CPO/SAK

# If your personal information was accessed, stolen, or compromised in a data breach affecting Nationwide Optometry, Nationwide Vision Center, and/or SightCare, you may be eligible for benefits from a class action settlement.

*A court authorized this notice. This is not a solicitation from a lawyer.*

- A Settlement has been reached with Nationwide Optometry, P.C., Nationwide Vision Center, LLC, and Sightcare, Inc. (collectively, "Nationwide-Sightcare") in a class action lawsuit about a third-party criminal cyberattack targeting USV Optical, Inc.'s, a subsidiary of U.S. Vision, Inc. email and computer systems between approximately April 20, 2021 and May 17, 2021 (the "Data Breach").

- The lawsuit claims that Nationwide-Sightcare was responsible for the Data Breach. Nationwide-Sightcare denies all of the claims. The Court has not decided in favor of any party. Instead, a settlement was reached. This Settlement is not an admission of wrongdoing, but rather is a compromise to end the lawsuit.

- The Settlement includes all residents of the United States who are current or former patients, customers, employees, members, or covered dependents of Nationwide-Sightcare, or any of their affiliated or related business entities whose Personal Information was accessed, stolen, or compromised as a result of the Data Breach.

- The Settlement provides several benefits to Settlement Class Members who submit valid claims, including twenty-four (24) months of 3-bureau credit and identity theft monitoring and cash payments for certain documented and undocumented expenses and lost time incurred as a result of the Data Breach.

- The Settlement releases all claims against Nationwide-Sightcare and the Released Parties arising out of or relating to the Data Breach. The Settlement does not settle or release claims against USV Optical, Inc. or U.S. Vision, Inc. (together, "USV"), relating to the Data Breach. The full scope and text of the release is set forth in Question 16, below.

**Your legal rights are affected even if you do nothing. Read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **Submit a Claim by [CLAIMS DEADLINE]** | This is the only way to receive a payment for losses suffered as a result of the Data Breach. |
| **Ask to be Excluded by [OPT-OUT DEADLINE]** | You will not receive a payment, but you will retain any rights you currently have with respect to Nationwide-Sightcare and the issues in this case. This is the only option that allows you to bring your own lawsuit against Nationwide-Sightcare related to the Data Breach. |
| **Object by [OBJECTION DEADLINE]** | Write to the Court about why you do not like the Settlement. |
| **Go to the Hearing** | Ask to speak in Court about the fairness of the Settlement. |
| **Do Nothing** | Get no payment or benefit. Give up rights to submit a claim or bring a different lawsuit against Nationwide-Sightcare related to the Data Breach. |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

- The Court in charge of this case still has to decide whether to grant final approval of the Settlement. Payments will only be made after the Court grants final approval of the Settlement and after any appeals are resolved.

**Questions? Call 1-XXX-XXX-XXXX**

| WHAT THIS NOTICE CONTAINS |
|---|

**BASIC INFORMATION** ............................................................................Page 4
1.  Why was this Notice issued and why should I read it?
2.  What is this lawsuit about?
3.  Why is this lawsuit a class action?
4.  Why is there a Settlement?

**WHO IS IN THE SETTLEMENT?** ...............................................................Page 5
5.  How do I know if I am included in the Settlement?
6.  What if I am not sure whether I am included in the Settlement?

**SETTLEMENT BENEFITS–WHAT YOU GET IF YOU QUALIFY** ...........................Page 5
7.  What does the Settlement provide?
8.  What is the Pro-Rata Cash Payment?
9.  What payments are available for Documented Ordinary Expenses Reimbursement?
10. What payments are available for Documented Extraordinary Expense Reimbursement?
11. What payments are available for Lost-Time Reimbursement?
12. What Credit Monitoring Services are available?

**HOW DO YOU SUBMIT A CLAIM?** ............................................................Page 7
13. How do I get a payment or benefits under the Settlement?
14. How will claims be decided?
15. When will I get my payment or benefit?

**WHAT DOES NATIONWIDE-SIGHTCARE GET?** ............................................Page 9
16. What am I giving up as part of the Settlement?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ......................................Page 10
17. If I exclude myself, can I get a payment or benefits from this Settlement?
18. If I do not exclude myself, can I sue Nationwide-Sightcare for the same thing later?
19. How do I exclude myself from the Settlement?

**OBJECTING TO THE SETTLEMENT** .........................................................Page 11
20. How do I tell the Court that I do not like the Settlement?
21. What is the difference between objecting and asking to be excluded?

**THE LAWYERS REPRESENTING YOU** .......................................................Page 13
22. Do I have a lawyer in this case?
23. How will the lawyers be paid?

**THE COURT'S APPROVAL HEARING** ......................................................Page 13
24. When and where will the Court decide whether to approve the Settlement?
25. Do I have to attend the hearing?
26. May I speak at the hearing?

**IF YOU DO NOTHING** .........................................................................Page 14
27. What happens if I do nothing?

**GETTING MORE INFORMATION** ...........................................................Page 14
28. How do I get more information?

**Questions? Call 1-XXX-XXX-XXXX**

# BASIC INFORMATION

## 1. Why was this Notice issued and why should I read it?

The Court authorized this notice because you may be included in the Settlement Class and have a right to know about the proposed Settlement of this class action lawsuit and about all of your options before the Court decides whether to give "final approval" to the Settlement. This notice explains the legal rights and options that you may exercise before the Court decides whether to approve the Settlement.

Judge Christine P. O'Hearn of the United States District Court for the District of New Jersey is overseeing this case known as *In Re U.S. Vision Data Breach Litigation,* Case No. 1:22-cv-06558-CPO/SAK. The people who sued are called the Plaintiffs. Nationwide-Sightcare is called the Defendant.

## 2. What is this lawsuit about?

The lawsuit claims that Nationwide-Sightcare was responsible for the Data Breach and asserts claims such as: negligence, negligence per se, breach of fiduciary duty, breach of implied contract, unjust enrichment, alleged violations of the Arizona Consumer Fraud Act, A.R.S. § 44-1521 *et seq.*, and alleged violations of the Oklahoma Consumer Protection Act, 15 O.S. § 751 *et seq.*

Nationwide-Sightcare denies these claims and says that it did not do anything wrong. The Data Breach was a third-party criminal attack that breached USV's systems; Nationwide-Sightcare's systems were not impacted.

## 3. Why is this lawsuit a class action?

In a class action, one or more people called class representatives or representative plaintiffs sue on behalf of all people who have similar claims. Together, all of these people are called a class and the individuals are called class members. One court resolves the issues for all class members, except for those who exclude themselves from the class. Here, the Settlement Class Representatives—Ian Torres, Bonita Odell, and Lacie Morgan—sued on behalf of a class of all individuals whose information was compromised as a result of the Data Breach.

## 4. Why is there a Settlement?

The Court did not issue a ruling in favor of the Plaintiffs or Nationwide-Sightcare. Rather, both sides agreed to a settlement. The Settlement is not an admission that Nationwide-Sightcare did something wrong, but rather is a compromise to end the lawsuit. By agreeing to settle, both sides avoid the cost and risk of a trial, and people who submit valid claims will get compensation. The Settlement Class Representatives and their attorneys believe the Settlement is fair, reasonable, and adequate and, thus, best for the Settlement Class.

# WHO IS IN THE SETTLEMENT?

### 5. How do I know if I am included in the Settlement?

You are included in the Settlement if you reside in the United States, are a current or former patient, customer, employee, member, or covered dependent of Nationwide Optometry, P.C., Nationwide Vision Center, LLC, Sightcare, Inc., or any of their affiliated or related business entities, and your Personal Information was accessed, stolen, or compromised as a result of the Data Breach.

Specifically excluded from the Settlement Class are:

(i) Nationwide-Sightcare, any Entity in which Nationwide-Sightcare has a controlling interest, and Nationwide-Sightcare's officers, directors, legal representatives, successors, subsidiaries, and assigns; (ii) any judge, justice, or judicial officer presiding over the Action and the members of their immediate families and judicial staff; (iii) any individual who timely and validly opts out of the Settlement; and (iv) USV, any Entity in which USV has a controlling interest, and USV's officers, directors, legal representatives, successors, subsidiaries, and assigns.

### 6. What if I am not sure whether I am included in the Settlement?

The Settlement includes all residents of the United States who are current or former patients, customers, employees, members, or covered dependents of Nationwide Optometry, P.C., Nationwide Vision Center, LLC, Sightcare, Inc., or any of their affiliated or related business entities whose Personal Information was accessed, stolen, or compromised as a result of the Data Breach. If you believe that you are included in the Settlement, you may print a copy of the Claim Form from the Settlement website, complete the Claim Form, and return it (along with any documentation as required) to the Settlement Administrator at the address provided in Question 13. The Settlement Administrator will review your claim and determine whether you are a member of the Settlement Class and, if so, whether you are entitled to the benefits you claim under the Settlement.

You may call 1-XXX-XXX-XXXX with questions. You may also write with questions to Nationwide-Sightcare's Settlement Administrator, PO Box XXXX, [City], [State] XXXXX-XXXX.

# THE SETTLEMENT BENEFITS–WHAT YOU GET IF YOU QUALIFY

### 7. What does the Settlement provide?

Settlement Class Members may submit a claim for either:

- Pro-Rata Cash Payment. The amount of this payment is estimated to be $50. The amount actually paid will vary and could be *higher or lower*. The amount actually paid will depend on the number and types of claims actually submitted and determined to be valid. Please see Question 8 for more information about how the amount of the Pro-Rata Cash Payment will be calculated.

**OR**

**Questions? Call 1-XXX-XXX-XXXX**

- <u>Out-of-Pocket Expense and Time Reimbursement and Credit Monitoring Benefits</u>: (1) Documented Ordinary Expense Reimbursement (Question 9), (2) Documented Extraordinary Expense Reimbursement (Question 10), (3) Lost-Time Reimbursement (Question 11), and Credit Monitoring Services (Question 12). The aggregate total cash payment that any Settlement Class Member may receive in reimbursement will not exceed $5,400.00. You may submit a claim for all or any of these benefits for which you qualify.

The requirements to for the various benefits are set forth herein (see Questions 8, 9, 10, 11, and 12), as well as in the Settlement and Claim Form.

## 8. What is the Pro-Rata Cash Payment?

Settlement Class Members are eligible to claim a pro-rata cash payment. This is in the alternative to all other relief, i.e., this is in the alternative to making a claim for Out-of-Pocket Expense and Time Reimbursement and Credit Monitoring Benefits. Put differently, if you submit a claim for the Pro-Rata Cash Payment, you may *not* claim any of the Out-of-Pocket Expense and Time Reimbursement and Credit Monitoring Benefits.

It is estimated that this payment will be approximately $50. However, this is an estimate. ***The amount actually paid could be higher or lower***. The amount actually paid will depend on the total amount of valid claims submitted by Settlement Class Members for (1) this Pro-Rata Cash Payment, (2) Documented Ordinary Expense Reimbursement, (3) Documented Extraordinary Expense Reimbursement, and (4) Lost-Time Reimbursement. It will also depend on the costs to provide notice of this Settlement and administer it, as well as the amounts that the Court awards for attorneys' fees, expenses, and service awards.

## 9. What payments are available for Documented Ordinary Expense Reimbursement?

Settlement Class Members are eligible to receive reimbursement for documented out-of-pocket expenses that were incurred as a result of the Data Breach for one or more of the following, not to exceed a total of $300.00 per Settlement Class Member:

- costs and expenses spent addressing identity theft or fraud;
- preventative costs including purchasing credit monitoring, placing security freezes on credit reports, or requesting copies of credit reports for review; and
- other documented expenses that were not reimbursed.

Settlement Class Members seeking reimbursement for these expenses must submit reasonable documentation to support that the out-of-pocket ordinary expenses claimed were the result of the Data Breach. Please refer to the Claim Form for additional details.

## 10. What payments are available for Documented Extraordinary Expense Reimbursement?

Settlement Class Members are eligible to receive reimbursement of up to $5,000.00 for documented actual identity theft losses or expenses or other unreimbursed fraudulent charges that are the result of the Data Breach. Please refer to the Claim Form for additional details.

**Questions? Call 1-XXX-XXX-XXXX**

**11. What payments are available for Lost-Time Reimbursement?**

Settlement Class Members who spent time dealing with repercussions of the Data Breach, but do not have documentation of such time, will be eligible to submit a Settlement Claim for time spent in an amount of $25 per hour up to 4 hours (for a total of $100.00). Please refer to the Claim Form for additional details.

**12. What Credit Monitoring Services are available?**

Settlement Class Members are eligible to receive twenty-four (24) months of 3-bureau credit and identity theft monitoring. The credit and identity theft monitoring will have the following features: (i) real time monitoring of the credit file at all three major credit bureaus; (ii) identity theft insurance (no deductible) of one million United States dollars ($1,000,000); and (iii) access to fraud resolution agents to help resolve identity thefts.

## HOW DO YOU SUBMIT A CLAIM?

**13. How do I get a payment or benefits under the Settlement?**

To receive a payment or other Settlement benefits, you must complete and submit a Claim Form, including all required information and documents (see the Claim Form for more information).

If you received a notice of the Settlement in the mail, your notice contains a unique Claim Form Identifier (or PIN) that will allow you to submit your Claim Form online through the Settlement website (www.[INSERT].com). You may not submit an electronic Claim Form without this Claim Form Identifier (or PIN). If you received a notice of the Settlement in the mail but prefer to submit paper copy of the Claim Form, please visit the Settlement Website (www.[INSERT].com), print a copy of the Claim Form, read the instructions carefully, provide all requested information and documentation (as appropriate depending on the benefits you are claiming) and return it to Settlement Administrator at the address and by the deadline below.

If you did *not* receive a notice of the Settlement in the mail, but you believe that you are a member of the Settlement Class, you may submit a Claim Form. To do so, please visit the Settlement website (www.[INSERT].com), print a copy of the Claim Form, read the instructions carefully, provide all requested information and documentation (as appropriate depending on the benefits you are claiming) and return it to Settlement Administrator at the address and by the deadline below.

**All Claim Forms must be provided to the Settlement Administrator by the Claims Deadline, which is [Month Day, Year]. For Claim Forms submitted online, this means that the completed Claim Form and all required information and documentation must be submitted through the Settlement website on or before [Month Day, Year]. For paper Claim Forms submitted via U.S. Mail, this means that the completed Claim Form and all required information and documentation must be mailed to the Settlement Administrator at the address below and postmarked no later than [Month Day, Year].**

XXXXXXXXX

PO Box XXXXX

[City], [State] XXXXX-XXXX

## 14. How will claims be decided?

The Settlement Administrator will initially decide whether the information provided on each Claim Form is complete and valid. The Settlement Administrator may require additional information. If you do not provide the additional information or do not provide the information within the time period set by the Settlement Administrator, the claim will be considered invalid, and you will not receive any benefits under the Settlement.

Approved Claims are those submitted in a timely manner and found to be valid by and in an amount approved by the Settlement Administrator.

If the aggregated amount of Approved Claims for Documented Ordinary Expense Reimbursement, Documented Extraordinary Expense Reimbursement, Lost-Time Reimbursement, and Credit Monitoring, when aggregated with Administration and Notice Costs, Attorneys' Fees as approved by the Court, Expenses as approved by the Court, and Service Awards as approved by the Court **is more than the amount of the Settlement Fund**, then those Approved Claims will be reduced on a *pro rata* basis such that the total aggregate amount of those Approved Claims, Administration and Notice Costs, Attorneys' Fees as approved by the Court, Expenses as approved by the Court, and Service Awards as approved by the Court, does not exceed the amount of the Settlement Fund. This scenario is not anticipated, but it is possible, and if it were to occur, it means that there would be no Pro-Rata Cash Payments at all.

If the aggregated amount of Approved Claims for Documented Ordinary Expense Reimbursement, Documented Extraordinary Expense Reimbursement, Lost-Time Reimbursement, and Credit Monitoring, when aggregated with Administration and Notice Costs, Attorneys' Fees as approved by the Court, Expenses as approved by the Court, and Service Awards as approved by the Court is **less than the amount of the Settlement Fund**, then the remaining amount of Settlement Fund shall be used to pay valid claims made for the Pro-Rata Cash Payment.

Nationwide-Sightcare's total payments under the Settlement will not exceed $3,450,000.00. This amount includes all payments for all Settlement relief (i.e., Approved Claims), Settlement notice and administration costs, attorneys' fees and expenses, and service awards.

## 15. When will I get my payment or benefit?

The Court will hold a hearing on **Month Day, Year** to decide whether to approve the Settlement. If the Court approves the Settlement after that, there may be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. It also takes time for all the Claim Forms to be processed. Please be patient.

**Questions? Call 1-XXX-XXX-XXXX**

# WHAT DOES NATIONWIDE-SIGHTCARE GET?

## 16. What am I giving up as part of the Settlement?

If the Settlement becomes final and you do not exclude yourself from the Settlement, you will remain a Settlement Class Member and you will give up your right to sue Nationwide-Sightcare and other Released Parties for any Released Claims. The specific claims being released are described below and in the "Definitions" (Section 2) of the Settlement Agreement. Below we have included the definitions of "Released Claims," "Unknown Claims," and "Released Parties." The definitions of any other capitalized terms contained in the terms defined below are also included in the "Definitions" (Section 2) of the Settlement Agreement. If you have any questions you can talk to Class Counsel listed in Question 22 for free or you can, of course, talk to your own lawyer.

The term "Released Claims" means any and all claims (including, without limitation, any and all common law, equitable, and statutory claims arising under the laws of any jurisdiction, including those arising under state and/or federal laws of the United States), defenses, demands, actions, causes of action, rights, offsets, setoffs, suits, remedies, damages, lawsuits, costs, relief for contempt, losses, attorneys' fees, expenses, or liabilities of any kind whatsoever, in law or in equity, for any relief whatsoever, including monetary sanctions or damages for contempt, injunctive or declaratory relief, rescission, general, compensatory, special, liquidated, indirect, incidental, consequential, or punitive damages, as well as any and all claims for treble damages, penalties, interest, attorneys' fees, costs, or expenses, whether known or unknown (including Unknown Claims (defined below)), suspected or unsuspected, existing or potential, contingent or vested, accrued or not accrued, liquidated or unliquidated, matured or unmatured, that in any way concern, arise out of, or relate to the Data Breach, the facts alleged in the Action, or any theories of recovery that were, or could have been, raised at any point in the Action.

"Unknown Claims" means any and all Released Claims that any Settlement Class Representative or Settlement Class Member does not know or suspect to exist in his or her favor as of the Effective Date and which, if known by him or her, might have affected his or her decision(s) with respect to the Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that upon the Effective Date, Settlement Class Representatives and Settlement Class Members shall have waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, the District of Columbia, or principle of common law or otherwise, which includes or is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

The Settlement Class Representatives and Class Counsel acknowledge, and each Settlement Class Member by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a key element of the Settlement Agreement.

**Questions? Call 1-XXX-XXX-XXXX**

"Released Parties" means Nationwide Optometry, P.C., Sightcare, Inc., and Nationwide Vision Center, LLC, and each of their current and former parents, subsidiaries, divisions, and affiliated companies, whether indirect or direct, as well as these entities' respective predecessors, successors, assigns, directors, officers, employees, agents, vendors, insurers, reinsurers, shareholders, attorneys, advisors, consultants, representatives, partners, joint venturers, contractors, wholesalers, resellers, distributors, service providers, and retailers. Expressly excluded from the definition of Released Parties is U.S. Vision, Inc. and USV Optical, Inc. Claims against U.S. Vision, Inc. and USV Optical, Inc. relating to the Data Breach have not been settled, are not being released, and are still pending in the litigation.

<u>**Plaintiffs' Release**</u>

**As of the Effective Date, all Releasing Parties, on behalf of themselves, their heirs, assigns, beneficiaries, executors, administrators, predecessors, and successors, and any other person purporting to claim on their behalf, hereby expressly, generally, absolutely, unconditionally, and forever release and discharge any and all Released Claims against the Released Parties and any of their current, former, and future affiliates, parents, subsidiaries, representatives, officers, agents, directors, employees, contractors, shareholders, vendors, insurers, reinsurers, successors, assigns, and attorneys, except for claims relating to the enforcement of the Settlement or this Agreement. For the avoidance of doubt, the Releasing Parties do not release any claims against USV.**

# EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to be part of this Settlement, but you want to keep the right to sue Nationwide-Sightcare about the legal issues in this case, then you must take steps to get out of the Settlement. This is called excluding yourself from—or is sometimes referred to as "opting out" of—the Settlement.

## 17. If I exclude myself, can I get a payment or benefits from this Settlement?

No. If you exclude yourself, you will not be entitled to any money from the Settlement, but you will not be bound by the Settlement or any judgment in this case.

## 18. If I do not exclude myself, can I sue Nationwide-Sightcare for the same thing later?

No. Unless you exclude yourself, you give up any right to sue Nationwide-Sightcare (and the Released Parties) for the claims that this Settlement resolves. You must exclude yourself from the Settlement to start your own lawsuit or to be part of any different lawsuit relating to the claims in this case. If you exclude yourself, do not submit a Claim Form to ask for a payment.

If you are requesting exclusion because you want to bring your own lawsuit based on the matters alleged in this class action, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitations or repose.

**Questions? Call 1-XXX-XXX-XXXX**

**19. How do I exclude myself from the Settlement?**

To exclude yourself, you must submit a written request to the Settlement Administrator that includes:

- your name and address;

- the case name and number of this Action (i.e., *In Re U.S. Vision Data Breach Litigation*, Case No. 1:22-cv-06558-CPO/SAK (D.N.J.));

- a statement clearly indicating that you want to be excluded from the Settlement; and

- your signature.

Requests for exclusion must seek exclusion only for the single individual whose personal signature appears on the request. A request that seeks exclusion on behalf of more than one individual shall be deemed invalid by the Settlement Administrator.

Requests for exclusion may be submitted to the Settlement Administrator in one of two ways:

- By first class, postage-prepaid United States mail, postmarked by **Month Day, Year**, to: XXXXXXXXX; PO Box XXXXX City, State XXXXX; or

- Online through the claims portal on the Settlement website (www.[INSERT].com) and verified no later than **Month Day, Year.**

## OBJECTING TO THE SETTLEMENT

**20. How do I tell the Court that I do not like the Settlement?**

You can tell the Court that you do not agree with the Settlement or some part of it by objecting to the Settlement. The Court will consider your views in its decision to approve the Settlement. To object, you must file a written objection in this Action, *In Re U.S. Vision Data Breach Litigation*, Case No. 1:22-cv-06558-CPO/SAK (D.N.J.), with the Clerk of the Court, and mail copies to Class Counsel and Nationwide-Sightcare's Counsel at the addresses below.

Your written objection must state:

- the case name and number of this Action (i.e., *In Re U.S. Vision Data Breach Litigation*, Case No. 1:22-cv-06558-CPO/SAK (D.N.J.));

- your full name, address, telephone number, and, if you are represented by counsel, his or her full name, address, and telephone number;

- information identifying yourself as a Settlement Class Member, including proof that you are a member of the Settlement Class (e.g., copy of your settlement notice, copy of original notice of the Data Breach, or a statement explaining why you believe you are a Settlement Class Member);

- a statement of whether your objection applies only to you, to a specific subset of the class, or to the entire class;

- a statement of the number of times you (and, where applicable, your counsel) has objected to a class action settlement within the three years preceding the date you file your objection, along with the caption of each case in which you made such objection;

- a statement of the specific grounds for the objection; and

- a statement confirming whether you intend to appear, whether personally or through counsel, at the Final Approval Hearing.

To be considered, written notice of the objection in the appropriate form must be electronically filed in the Action's electronic docket no later than [==Month Day, Year==], or if not electronically filed, sent via first class, postage-prepaid United States Mail, postmarked no later than [==Month Day, Year==] to (a) the Clerk of Court, (b) Class Counsel, and (c) Nationwide-Sightcare's Counsel at the addresses below.

| COURT | NATIONWIDE-SIGHTCARE'S COUNSEL | CLASS COUNSEL |
|---|---|---|
| Clerk of Court<br>Melissa E. Rhoads<br>Mitchell H. Cohen Building & U.S. Courthouse<br>4th & Cooper Streets<br>Camden, NJ 08101 | Donald M. Houser<br>ALSTON & BIRD LLP<br>1201 West Peachtree Street NE<br>Atlanta, GA 30309-3424 | Ben Barnow<br>BARNOW AND ASSOCIATES, P.C.<br>205 West Randolph Street, Ste. 1630<br>Chicago, IL 60606<br><br>Terence R. Coates<br>MARKOVITS, STOCK & DEMARCO, LLC<br>119 E. Court Street, Suite 530<br>Cincinnati, OH 45202<br><br>Jean S. Martin<br>MORGAN & MORGAN<br>201 N. Franklin Street, 7th Floor<br>Tampa, Florida 33602 |

## 21. What is the difference between objecting and asking to be excluded?

Objecting is telling the Court that you do not like the Settlement, or any part of the Settlement, and why you do not think it should be approved. You can object only if you are a member of the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement and do not want to receive any payment or benefit from the Settlement. If you exclude yourself, you have no basis to object because the Settlement no longer affects you.

**Questions? Call 1-XXX-XXX-XXXX**

# THE LAWYERS REPRESENTING YOU

### 22. Do I have a lawyer in this case?

Yes. The Court appointed Ben Barnow of Barnow and Associates, P.C., Terence R. Coates of Markovits, Stock & DeMarco, LLC, and Jean S. Martin of Morgan & Morgan as Class Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 23. How will the lawyers be paid?

Class Counsel will ask the Court for an award for attorneys' fees, costs, expenses. Class Counsel will request up to one-third (33⅓%) of the Settlement Fund to be awarded as attorneys' fees, in addition to seeking reasonable costs and expenses. Any award of attorneys' fees, plus reasonable costs and expenses, would compensate Class Counsel for investigating the facts, litigating the case, and negotiating the settlement and will be the only payment to them for their efforts in achieving this Settlement and for their risk in undertaking this representation on a wholly contingent basis.

The Settlement Class Representatives and Class Counsel will also ask the Court for a service award of up to $3,500 for each of the Settlement Class Representatives.

Any award for attorneys' fees, costs and expenses for Class Counsel, and service awards to Settlement Class Representatives must be approved by the Court. The Court may award less than the amounts requested. If approved, these amounts will be deducted from the $3,450,000.00 capped total settlement amount prior to making payments to Settlement Class Members who submit valid Claim Forms. Class Counsel's papers in support of final approval of the Settlement and their application for attorneys' fees, costs and expenses, and service awards will be filed no later than **Month Day, Year** and will be posted on the Settlement website.

# THE COURT'S APPROVAL HEARING

### 24. When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Approval Hearing at __:__ _.m. on **Month Day, Year**, at the United States District Court for the District of New Jersey, Mitchell H. Cohen Building & U.S. Courthouse 4th & Cooper Streets Camden, NJ 08101. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are timely objections, the Court will consider them and will listen to people who have asked to speak at the hearing if such a request has been properly made. The Court will also rule on the request for an award of attorneys' fees and reasonable costs and expenses, as well as the request for service awards for the Settlement Class Representatives. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take. The hearing may be moved to a different date or time without additional notice, so it is a good idea to check www.[INSERT].com or call 1-XXX-XXX-XXXX.

### 25. Do I have to attend the hearing?

No. Class Counsel will present the Settlement Agreement to the Court. You or your own lawyer are welcome to attend at your expense, but you are not required to do so. If you send an objection,

you do not have to come to the Court to talk about it. As long as you made your written objection on time with the Court according to the instructions provided in Question 20, the Court will consider it.

| **26. May I speak at the hearing?** |
|---|

You may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must submit a written objection according to the instructions in Question 20, including all the information required, no later than <mark>Month Day, Year</mark>.

## IF YOU DO NOTHING

| **27. What happens if I do nothing?** |
|---|

If you do nothing, you will not get any money or benefits from this Settlement and after the Settlement is granted final approval and the judgment becomes final, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Nationwide-Sightcare or any of the other Released Parties about the Data Breach, ever again.

## GETTING MORE INFORMATION

| **28. How do I get more information?** |
|---|

This Notice summarizes the proposed Settlement. More details are in the Settlement Agreement. A copy of the Settlement Agreement is available at www.[<mark>INSERT</mark>].com. You may also call the Settlement Administrator with questions or to get a Claim Form at 1-XXX-XXX-XXXX.

# Exhibit C

*In Re U.S. Vision Data Breach Litigation,* Case No. 1:22-cv-06558 (CPO/SAK)
(United States District Court for the District of New Jersey)
Settlement with Nationwide Optometry, P.C., Nationwide Vision Center, LLC, and
Sightcare, Inc., (collectively, "Nationwide-Sightcare)

## CLAIM FORM

## SETTLEMENT CLASS MEMBER INFORMATION

Full Name: _____

Mailing Address: _____

City: _____ State: _____ ZIP: _____

Telephone Number: _____

Email Address: _____
(If you select credit monitoring, you must provide an email address; otherwise, an email address is preferred but not required)

*Unique Claim Form Identifier (or PIN):  _____

## I. SETTLEMENT BENEFITS OVERVIEW

In order to provide a complete and valid claim, please review the requirements below to determine which claim option(s) are applicable.

You **MUST** choose either the Pro-Rata Cash Payment (described in Section II) **OR** the Out-of-Pocket Expense and Time Reimbursement and Credit Monitoring Benefits (described in Section III).  **You may NOT select both**.  For example, if you submit a claim for the Pro-Rata Cash Payment, you may *not* claim any of the Out-of-Pocket Expense and Time Reimbursement and Credit Monitoring Benefits.

### *Option 1: Pro-Rata Cash Payment*
You may submit a claim for a Pro-Rata Cash Payment.  The amount of this payment is estimated to be $50.  ***The amount actually paid will vary and could be higher or lower.***  The amount actually paid will depend on, among other things, the amount of valid claims submitted, attorneys' fees, costs, and expenses awarded by the Court, service awards awarded by the Court, and the cost of providing

*In Re U.S. Vision Data Breach Litigation,* Case No. 1:22-cv-06558 (CPO/SAK)
(United States District Court for the District of New Jersey)
Settlement with Nationwide Optometry, P.C., Nationwide Vision Center, LLC, and
Sightcare, Inc., (collectively, "Nationwide-Sightcare)

notice of the Settlement and administering it.  If you select this option, you may ***not*** select any of the Out-of-Pocket Expense and Time Reimbursement and Credit Monitoring Benefits.

### *Option 2: Out-of-Pocket Expense and Time Reimbursement and Credit Monitoring Benefits*

If you choose Out-of-Pocket Expense and Time Reimbursement and Credit Monitoring Benefits, you may select any and all of the <u>four</u> Out-of-Pocket Expense and Time Reimbursement and Credit Monitoring Benefits for which you qualify as set forth below and in the Settlement Agreement.

If you select Benefit 1 and/or Benefit 2 (described below), you must provide reasonable documentation that the claimed expenses incurred *as a result* of the Data Breach.  Please note that claimed losses or expenses incurred *before* the Data Breach (i.e., before April 20, 2021) could not have been incurred as a result of the Data Breach and therefore are not recoverable.  Documentation may include, but is not limited to, credit card statements, invoices, and/or receipts.  Losses or expenses cannot be documented solely by a personal declaration or affidavit from the claimant.

- **Benefit 1: Documented Ordinary Expense Reimbursement**
  If you have documentation establishing that you experienced out-of-pocket expenses as a result of the Data Breach (as defined in the Settlement Agreement), you can make a claim for reimbursement up to $300.00. You must submit supporting documentation for this claim as noted above.

- **Benefit 2: Documented Extraordinary Expense Reimbursement**
  If you have documentation establishing that you experienced out-of-pocket expenses as a result of actual identity theft or other fraudulent charges that resulted from the Data Breach, you may make a claim up to $5,000.00.  You must submit supporting documentation for this claim as noted above.

- **Benefit 3: Lost-Time Reimbursement**
  You can make a claim for reimbursement for up to four hours of lost time spent dealing with repercussions of the Data Breach in an amount of $25.00 per hour up to 4 hours (for a total of $100.00).  You must attest that the time claimed was actually spent as a result of the Data Breach but need not provide documentation to support your claim for this benefit.

*In Re U.S. Vision Data Breach Litigation,* Case No. 1:22-cv-06558 (CPO/SAK)
(United States District Court for the District of New Jersey)
Settlement with Nationwide Optometry, P.C., Nationwide Vision Center, LLC, and
Sightcare, Inc., (collectively, "Nationwide-Sightcare)

- **Benefit 4: Credit Monitoring**
  Settlement Class Members (who do not elect the Pro Rata Cash Payment) are entitled to twenty-four (24) months of 3-bureau credit monitoring and identity resolution services, which includes up to $1,000,000.00 in identity theft insurance.  You are not required to submit supporting documentation to request and receive this benefit, but you must submit this Claim Form and indicate that you wish to receive this benefit.

## II. PRO-RATA CASH PAYMENT

1.  Do you wish to submit a claim for a Pro-Rata Cash Payment? The amount of this payment is estimated to be $50.00.  The amount actually paid will vary and could be higher or lower.  The amount actually paid will depend on, among other things, the amount of valid claims submitted, attorneys' fees and expenses awarded by the Court, service awards awarded by the Court, and the cost of providing notice of the Settlement and administering it.  If you select this option you may not select any of the Out-of-Pocket Expense and Time Reimbursement and Credit Monitoring Benefits.

    <u>Yes</u> ☐ (*Skip Section III and fill out the Attestation and Signature below*) <u>No</u> ☐ (*Proceed to Section III*)

## III. OUT-OF-POCKET EXPENSE AND TIME REIMBURSEMENT AND CREDIT MONITORING BENEFITS

**BENEFIT 1:  DOCUMENTED ORDINARY EXPENSE REIMBURSEMENT**

2.  Do you have documents supporting that you experienced ordinary out-of-pocket expenses as a result of the Data Breach? You may submit a claim, with supporting documentation, for up to $300.00 in out-of-pocket expenses spent dealing with the repercussions of the Data Breach.

    <u>Yes</u> ☐ (*Proceed to the chart below*) <u>No</u> ☐ (*Skip to Benefit 2 below*)

*In Re U.S. Vision Data Breach Litigation,* Case No. 1:22-cv-06558 (CPO/SAK)
(United States District Court for the District of New Jersey)
Settlement with Nationwide Optometry, P.C., Nationwide Vision Center, LLC, and
Sightcare, Inc., (collectively, "Nationwide-Sightcare)

| Expense Type<br><br>(Check all that apply) | Date of Expense | Amount of Expense | Description of Supporting Documentation<br><br>(Identify what you are attaching and why) |
|---|---|---|---|
| ☐ Costs and expenses spent dealing with the repercussions of the Data Breach. | | | *Example: Receipts or account statements reflecting bank fees, long distance phone charges, cell phone charges (only if charged by the minute), data charges (only if charged based on the amount of data used), postage, or gasoline for local travel. Note that for credit card and bank charges, you must provide confirmation that the charges were not reversed or credited back.* |
| ☐ Preventative costs including purchasing credit monitoring, placing security freezes on credit reports, or requesting copies of credit reports for review as a result of the Data Breach. | | | *Example: Receipts or account statements reflecting purchases made for credit monitoring services or to place a credit freeze with the date and charges clearly identified.* |
| ☐ Other documented expenses incurred as a result of the Data Breach that were not reimbursed (provide detailed description). | | | *Please provide a detailed description of the expense and documentation clearly identifying the expense (including amount and date of the expense) and supporting documentation that the expense was incurred as a result of the Data Breach. Note that for credit card and bank charges, you must provide confirmation that the charges were not reversed or credited back.* |

*In Re U.S. Vision Data Breach Litigation,* Case No. 1:22-cv-06558 (CPO/SAK)
(United States District Court for the District of New Jersey)
Settlement with Nationwide Optometry, P.C., Nationwide Vision Center, LLC, and
Sightcare, Inc., (collectively, "Nationwide-Sightcare)

**BENEFIT 2:  DOCUMENTED EXTRAORDINARY EXPENSE REIMBURSEMENT**

3.  Do you have documents supporting that as a result of the Data Breach you experienced unreimbursed actual identity theft losses or expenses or other unreimbursed fraudulent charges other than what is included above? You may submit a claim, with supporting documentation, for up to $5,000.00 for documented unreimbursed actual identity theft losses or expenses and/or other unreimbursed fraudulent charges that resulted from the Data Breach.  The total amount you can claim for these extraordinary losses and expenses is capped at $5,000.00.  Please note that you may not seek reimbursement under this category for any expense that you are also seeking reimbursement for in the "Documented Ordinary Expense Reimbursement" category (Benefit 1).

<u>Yes</u> ☐ (*Proceed to the chart below*) <u>No</u> ☐ (*Skip to Benefit 3 below*)

| Loss or Expense Type (Check all that apply) | Date of Loss or Expense | Amount of Loss or Expense | Description of Supporting Documentation (Identify what you are attaching and why) |
|---|---|---|---|
| ☐  Documented unreimbursed actual identity theft losses or expenses that are the result of the Data Breach. | | | *Example: You experienced actual identity theft as a result of the Data Breach that resulted in you incurring out-of-pocket losses or expenses that were not reimbursed.  Note that for credit card and bank charges, you must provide confirmation that the charges were not reversed or credited back.* |
| ☐  Other documented unreimbursed fraudulent charges that you incurred as a result of the Data Breach. | | | *Example: You experienced a fraudulent charge as a result of the Data Breach that resulted in you incurring out-of-pocket losses or expenses that were not reimbursed.* *Please provide a detailed description of the losses or expenses and documentation clearly identifying* |

*In Re U.S. Vision Data Breach Litigation,* Case No. 1:22-cv-06558 (CPO/SAK)
(United States District Court for the District of New Jersey)
Settlement with Nationwide Optometry, P.C., Nationwide Vision Center, LLC, and
Sightcare, Inc., (collectively, "Nationwide-Sightcare)

|  |  |  | *the loss or expense (including amount and date of the loss or expense) and supporting documentation that the loss or expense was incurred as a result of the Data Breach. Note that for credit card and bank charges, you must provide confirmation that the charges were not reversed or credited back.* |
|---|---|---|---|

## BENEFIT 3:  LOST-TIME REIMBURSEMENT

4.  Did you spend time dealing with the repercussions of the Data Breach? *You may make a claim for up to four (4) hours of lost time at a rate of $25.00 per hour.* You do not need documentation to recover this benefit.

Yes ☐ (*Please fill out the number of hours (up to four) below*) No ☐ (*skip to Benefit 4 below*)

I spent (up to four) _____ hours dealing with the repercussions of the Data Breach to be reimbursed at a rate of $25.00 per hour.

(*Proceed to Benefit 4 below*)

## BENEFIT 4:  CREDIT MONITORING

5.  Settlement Class Members (who do not elect the Pro Rata Cash Payment) are entitled to twenty-four (24) months of free 3-bureau credit monitoring.  Please indicate below whether you would like this free credit monitoring.  If so, and if your claim is approved, you will be sent a code enabling you to redeem this free credit monitoring.  You must provide an email address to which the code will be sent.

Yes ☐ (*Please fill out the Attestation and Signature below*) No ☐ (*Please fill out the Attestation and Signature below*)

*In Re U.S. Vision Data Breach Litigation,* Case No. 1:22-cv-06558 (CPO/SAK)
(United States District Court for the District of New Jersey)
Settlement with Nationwide Optometry, P.C., Nationwide Vision Center, LLC, and
Sightcare, Inc., (collectively, "Nationwide-Sightcare)

## IV. SUBMITTING THIS CLAIM FORM

You may submit your completed claim form (along with any necessary supporting documentation) in one of two ways: (i) you may submit your claim form online at the Settlement website (www.[INSERT].com) or (ii) mail a copy to the Settlement Administrator at XXXXXXXXX, PO Box XXXXX, [City], [State] XXXXX-XXXX. Please refer to the Long Notice, available on the Settlement website, for additional details.

You must submit this claim form by the Claims Deadline, which is **[Month Day, Year]**.  For claim forms submitted online, this means you must submit your completed claim form and all required information and documentation through the Settlement website on or before [Month Day, Year].  For paper claim forms submitted via U.S. Mail, this means that your completed claim form and all required information and documentation must be mailed to the Settlement Administrator at the address above and postmarked no later than [Month Day, Year].

## V. ATTESTATION AND SIGNATURE

By filing this claim form, I am certifying that I am a Settlement Class Member and am eligible to make a claim in this settlement and that the information I am providing in this claim form is true and correct. I understand that my claim may be subject to audit, verification, and Court review.

I do hereby swear (or affirm), under penalty of perjury, that the information provided above is true and accurate to the best of my knowledge and that any settlement benefits I am claiming are based on expenses and losses I reasonably believe to the best of my knowledge were the result of the Data Breach.

Name: _____

Signature: _____

Date: _____

# Exhibit D

## NOTICE PLAN

1.      All Notice and Settlement Administration Costs will be paid from the Settlement Fund.

2.      Within fourteen (14) Days of the entry of the Preliminary Approval Order, Nationwide-Sightcare shall provide the Settlement Administrator with the names and last-known addresses known to Nationwide-Sightcare for the Settlement Class Members.

### Direct Notice

3.      Direct Notice shall be provided to Settlement Class Members by First Class U.S. Mail for Settlement Class Members for whom the Settlement Administrator has a valid address. Additional Notice may be provided via publication to the extent such notice is deemed appropriate by the Settlement Administrator and approved by the Parties in order to provide the best notice practicable under the circumstances.

4.      Within forty-five (45) Days following entry of the Preliminary Approval, the Settlement Administrator shall mail the Short Notice to all Settlement Class Members by first class United States mail. It has been mutually agreed by the Parties that the Settlement Administrator may rely upon Short Notice.

5.      The mailed notice will consist of the Short Notice. The Settlement Administrator shall have discretion to format this Short Notice in a reasonable manner to minimize mailing and administrative costs. Before the mailing of the Short Notice is commenced, Class Counsel and Nationwide-Sightcare's Counsel shall first be provided with a proof copy (including what the items will look like in their final form) and shall have the right to inspect the same for compliance with the Settlement Agreement and the Court's orders.

6.      Prior to sending the Short Notices, all mailing addresses will be checked against the National Change of Address ("NCOA") database maintained by the USPS to ensure Settlement Class Member address information is up-to-date and accurately formatted for mailing. In addition, the addresses will be certified via the Coding Accuracy Support System ("CASS") to ensure the quality of the zip code, and will be verified through Delivery Point Validation ("DPV") to verify the accuracy of the addresses.

7.      The return address on the Short Notices will be a post office box that the Settlement Administrator will maintain for this case. The USPS will automatically forward Short Notices with an available forwarding address order that has not expired ("Postal Forwards"). Short Notices returned as undeliverable will be re-mailed to any new address available through USPS information, (for example, to the address provided by the USPS on returned mail pieces for which the automatic forwarding order has expired, but is still within the time period in which the USPS returns the piece with the address indicated), and to better addresses that may be found using a third-party lookup service. Upon successfully locating better addresses, Short Notices will be promptly remailed.

**Settlement Website**

8.      No later than forty-five (45) Days following entry of the Preliminary Approval Order, and prior to the mailing of the Short Notice, the Settlement Administrator will create a dedicated Settlement Website. The Settlement Administrator shall cause the Long Notice, Claim Form, this Settlement Agreement, and other relevant settlement and court documents to be available on the Settlement Website. The Settlement Website will also provide the ability for Settlement Class Members to file an online Claim Form. In addition, the Settlement Website will include relevant dates, answers to frequently asked questions ("FAQs"), instructions for how

Settlement Class Members may opt-out (request exclusion) from or object to the Settlement, contact information for the Settlement Administrator, and how to obtain other case-related information. The Settlement Website address will be prominently displayed in all notice documents.

9.    The Settlement Website shall be maintained from the Notice Date until sixty (60) Days after the Claims Deadline has passed.

### Claim Submissions

10.    Claim Forms must be returned or submitted to the Settlement Administrator online or via U.S. mail, submitted or postmarked by the Claims Deadline set by the Court.

11.    Settlement Class Members who file a Claim Form will be given the option of receiving a digital payment or a traditional paper check.

### Notice Plan Confirmation

12.    Prior to the Final Approval Hearing, the Settlement Administrator will provide to Class Counsel to file with the Court, an appropriate affidavit or declaration from the Settlement Administrator respecting compliance with the Court-approved Notice Program.

# Exhibit E

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE U.S. VISION DATA BREACH LITIGATION | Civ. Action No.  1:22-cv-06558 (CPO/SAK) |

**[PROPOSED] PRELIMINARY APPROVAL ORDER OF SETTLEMENT OF CLAIMS AGAINST NATIONWIDE OPTOMETRY, P.C., NATIONWIDE VISION CENTER, LLC, AND SIGHTCARE, INC.**

This matter is before the Court for consideration of whether the Settlement reached by the parties should be preliminarily approved, the proposed Settlement Class preliminarily certified, and the proposed plan for notifying the Settlement Class approved.  Having reviewed the proposed Settlement, together with its exhibits, and based upon the relevant papers and all prior proceedings in this matter, the Court has determined the proposed Settlement satisfies the criteria for preliminary approval, the proposed Settlement Class should be preliminarily certified, and the proposed notice plan approved.[1]  Accordingly, good cause appearing in the record, **IT IS HEREBY ORDERED THAT**:

**Provisional Certification of The Settlement Class**

(1)     The Court provisionally certifies the following Settlement Class:

All residents of the United States who are current or former patients, customers, employees, members, or covered dependents of Nationwide Optometry, P.C., Nationwide Vision Center, LLC, Sightcare, Inc. (collectively "Nationwide-Sightcare"), or any of their affiliated or related business entities whose Personal Information was accessed, stolen, or compromised as a result of the Data Breach. Excluded from the Settlement Class are (i) Nationwide-Sightcare, any Entity in which Nationwide-Sightcare has a controlling interest, and Nationwide-Sightcare's officers, directors, legal representatives, successors, subsidiaries, and assigns; (ii) any judge, justice, or judicial officer presiding over the Action and the members of

---

[1] Unless otherwise indicated, capitalized terms used herein have the same meaning as in the Settlement.

their immediate families and judicial staff; (iii) any individual who timely and validly opts out of the Settlement; and (iv) U.S. Vision, Inc. and USV Optical, Inc. (collectively, "USV"), any Entity in which USV has a controlling interest, and USV's officers, directors, legal representatives, successors, subsidiaries, and assigns.

This Settlement Class is provisionally certified for purposes of settlement only.

(2)    The Court determines that for settlement purposes the proposed Settlement Class meets all the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3), namely that the class is so numerous that joinder of all members is impractical; that there are common issues of law and fact; that the claims of the class representatives are typical of absent class members; that the class representatives will fairly and adequately protect the interests of the class as they have no interests antagonistic to or in conflict with the class and have retained experienced and competent counsel to prosecute this matter; that common issues predominate over any individual issues; and that a class action is the superior means of adjudicating the controversy.

(3)    Ian Torres, Bonita Odell, and Lacie Morgan are designated and appointed as the Settlement Class Representatives.

(4)    The following lawyers, who were previously appointed by the Court as interim Co-lead Counsel, are designated as Class Counsel pursuant to Fed. R. Civ. P. 23(g): Ben Barnow of Barnow and Associates, P.C.; Terence R. Coates of Markovits, Stock & DeMarco, LLC; and Jean S. Martin of Morgan & Morgan.  The Court finds that these lawyers are experienced and will adequately protect the interests of the Settlement Class.

## **Preliminary Approval of the Proposed Settlement**

(5)    Upon preliminary review, the Court finds the proposed Settlement is fair, reasonable, and adequate, otherwise meets the criteria for approval, and warrants issuance of notice to the Settlement Class.  Accordingly, the proposed Settlement is preliminarily approved.

2

**Final Approval Hearing**

(6)     A Final Approval Hearing shall take place before the Court on _____, 2024, at ____ a.m./p.m. in Room 1050, Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Camden, NJ 08101, to determine, among other things, whether: (a) the proposed Settlement Class should be finally certified for settlement purposes pursuant to Federal Rule of Civil Procedure 23; (b) the Settlement should be finally approved as fair, reasonable and adequate and, in accordance with the Settlement's terms, all claims against Nationwide-Sightcare in the Amended Complaint and Action should be dismissed with prejudice; (c) Settlement Class Members should be bound by the releases set forth in the Settlement; (d) the proposed Final Approval Order and Judgment should be entered; (e) the application of Class Counsel for an award of attorneys' fees, costs, and expenses, and for service awards should be approved.  Any other matters the Court deems necessary and appropriate will also be addressed at the hearing.

(7)     Class Counsel shall submit their application for fees, costs, and expenses and for service awards 14 days before the Objection Deadline.

(8)     Any Settlement Class Member that has not timely and properly excluded itself from the Settlement in the manner described below, may appear at the Final Approval Hearing in person or by counsel and be heard, to the extent allowed by the Court, regarding the proposed Settlement; provided, however, that no Settlement Class Member that has elected to exclude itself from the Settlement shall be entitled to object or otherwise appear, and, further provided, that no Settlement Class Member shall be heard in opposition to the Settlement unless the Settlement Class Member complies with the requirements of this Order pertaining to objections, which are described below.

## Administration

(9)      Epiq Class Action and Claim Solutions, Inc. is appointed as the Settlement Administrator, with responsibility for reviewing, determining the validity of, and processing all claims submitted by Settlement Class Members, and all other obligations of the Settlement Administrator as set forth in the Settlement.  All Administration and Notice Costs incurred by the Settlement Administrator will be paid out of the Settlement Fund, as provided in the Settlement.

## Notice to the Class

(10)      The Notice Plan, Short Notice, Long Notice, and Claim Form attached to the Settlement as Exhibits A through D satisfy the requirements of Federal Rule of Civil Procedure 23 and due process and thus are approved.  Non-material modifications to these exhibits may be made without further order of the Court.  The Settlement Administrator is directed to carry out the Notice Plan and to perform all other tasks that the Settlement requires.

(11)      The Court finds that the form, content, and method of giving notice to the Settlement Class as described in the Notice Plan, Short Notice, Long Notice, and Claim Form:  (a) constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the action, the terms of the proposed Settlement, and their rights under the proposed Settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfy the requirements of Federal Rule of Civil Procedure 23, the constitutional requirement of due process, and any other legal requirements.  The Court further finds that the notice is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members.

**Exclusions from the Class**

(12)     Any individual that wishes to be excluded from the Settlement must mail a written notification of such intent via United States mail to the designated address established by the Settlement Administrator, postmarked no later than 60 days after the Notice Date (the "Opt-Out Deadline").  The written notification must include the case name and number of this Action (*In Re U.S. Vision Data Breach Litigation*, Case No. 1:22-cv-06558-CPO/SAK (D.N.J.)), the full name, address, and telephone number of the individual seeking exclusion from the Settlement; be personally signed by the individual seeking exclusion; include a statement in the body of the document clearly indicating the individual's intent to be excluded from the Settlement; and request exclusion only for that one individual whose personal signature appears on the request.  Any individual who does not submit a valid and timely request for exclusion in the manner described herein shall be bound by the Settlement, including all releases and covenants therein, as well as all subsequent proceedings, orders, and judgments applicable to the Settlement Class.

(13)     All individuals who submit valid and timely requests for exclusion from the Settlement shall not: (i) be bound by any orders or judgments entered in connection with the Settlement; (ii) be entitled to any relief under, or be affected by, the Settlement; (iii) gain any rights by virtue of the Settlement; or (iv) be entitled to object to any aspect of the Settlement..

(14)     The Settlement Administrator shall provide the parties with copies of all requests for exclusion promptly upon receipt, a weekly report which includes a summary of the number of requests for exclusion, and, within five (5) Business Days after the Opt-Out Deadline, a final list of all individuals that have timely and validly excluded themselves from the Settlement Class in accordance with the terms of the Settlement and herein.  Prior to the Final Approval Hearing, the

Settlement Administrator shall also prepare and execute a declaration identifying each individual who timely and validly requested exclusion from the Settlement.

### Objections to the Settlement

(15)     A Settlement Class Member that complies with the requirements of this Order may object to the Settlement.

(16)     No Settlement Class Member shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member shall be received and considered by the Court, unless a written objection is submitted to the Court on or before the Objection Deadline, which shall be 60 days after the Notice Date.  For the objection to be considered by the Court, the written objection must include:

a.     the case name and number of the Action (*In Re U.S. Vision Data Breach Litigation*, Case No. 1:22-cv-06558-CPO/SAK (D.N.J.));

b.     the name, address, and telephone number of the objecting Settlement Class Member and, if represented by counsel, of his/her counsel;

c.     information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class (e.g., copy of the objector's settlement notice, copy of original notice of the Data Breach, or a statement explaining why the objector believes he or she is a Settlement Class Member);

d.     a statement of whether the objection applies only to the objector, to a specific subset of the class, or to the entire class;

e.     a statement of the number of times in which the objector (and, where applicable, objector's counsel) has objected to a class action settlement within the three years

6

preceding the date that the objector files the objection, along with the caption of each case in which the objector has made such objection;

f.    a statement of the specific grounds for the objection; and

g.    a statement identifying whether the objecting Settlement Class Member intends to appear at the Final Approval Hearing, and if so, whether personally or through counsel.

(17)   A written notice of objection may either be electronically filed in the Action's electronic docket on or before the Objection Deadline; or sent via first class, postage-prepaid United States Mail, postmarked no later than the Objection Deadline to (a) the Clerk of Court, (b) Class Counsel; and (c) Nationwide-Sightcare's Counsel at the addresses below.

| COURT | NATIONWIDE-SIGHTCARE'S COUNSEL | CLASS COUNSEL |
|---|---|---|
| Clerk of Court<br>Melissa E. Rhoads<br>Mitchell H. Cohen Building<br>& U.S. Courthouse<br>4th & Cooper Streets<br>Camden, NJ 08101 | Donald M. Houser<br>ALSTON & BIRD LLP<br>1201 West Peachtree Street NE<br>Atlanta, GA 30309-3424 | Ben Barnow<br>BARNOW AND ASSOCIATES, P.C.<br>205 West Randolph Street, Ste. 1630<br>Chicago, IL 60606<br><br>Terence R. Coates<br>MARKOVITS, STOCK &<br>DEMARCO, LLC<br>119 E. Court Street, Suite 530<br>Cincinnati, OH 45202<br><br>Jean S. Martin<br>MORGAN & MORGAN<br>201 N. Franklin Street, 7th Floor<br>Tampa, Florida 33602 |

(18)   Any Settlement Class Member who fails to object to the Settlement in the manner described herein shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be

precluded from seeking any review of the Settlement or the terms of this Agreement by appeal or any other means.

## Claims Process and Distribution Plan

(19)    The Settlement establishes a process for assessing and determining the validity and value of claims and a methodology for paying Settlement Class Members that submit a timely, valid Claim Form.  The Court preliminarily approves this process.

(20)    Settlement Class Members that qualify for and wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Settlement, including the Claim Form.  If the Settlement is finally approved, all Settlement Class Members that qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Settlement, including Claim Form, shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions of the Settlement, including the releases included in the Settlement, and the Final Approval Order and Judgment.

## Termination of the Settlement and Use of this Order

(21)    This Order shall become null and void and shall be without prejudice to the rights of Plaintiffs and Nationwide-Sightcare, all of which shall be restored to their respective positions existing immediately before this Court entered this Order, if the Settlement is not finally approved by the Court or is terminated in accordance with the terms of the Settlement.  In such event, the Settlement shall become null and void and be of no further force and effect, and neither the Settlement (including any Settlement-related filings) nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

(22)    If the Settlement is not finally approved or there is no Effective Date under the

terms of the Settlement, then this Order shall be of no force or effect; shall not be construed or used as an admission, concession, or declaration by or against Nationwide-Sightcare of any fault, wrongdoing, breach, or liability; shall not be construed or used as an admission, concession, or declaration by or against any Settlement Class Representative or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable; and shall not constitute a waiver by any party of any defense (including without limitation any defense to class certification) or claims he or she may have in this Action or in any other lawsuit.

## **Stay of Proceedings**

(23)    Except as necessary to effectuate this Order, the claims against Nationwide-Sightcare and any deadlines set by the Court as to the claims against Nationwide-Sightcare are stayed and suspended pending the Final Approval Hearing and issuance of the Final Approval Order and Judgment, or until further order of this Court.

(24)    This Order shall have no effect on the claims against or proceedings as to U.S. Vision, Inc. and USV Optical, Inc. and those proceedings shall not be stayed.

## **Continuance of Final Approval Hearing**

(25)    The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class.  If the Court alters any of those dates or times, the revised dates and times shall be posted on the website maintained by the Settlement Administrator.

## **Actions By Settlement Class Members**

(26)    The Court stays and enjoins, pending Final Approval of the Settlement, any actions, lawsuits, or other proceedings brought by Settlement Class Members against Nationwide-

Sightcare related to the Data Breach.

### Summary of Deadlines

(27)    The Settlement, as preliminarily approved in this Order, shall be administered according to its terms pending the Final Approval Hearing.  Deadlines arising under the Settlement and this Order include but are not limited to the following:

| ACTION | DEADLINE |
|---|---|
| Notice Date | 45 days after entry of this Preliminary Approval Order |
| Motion for Attorneys' Fees and Expenses and Service Awards | At least 14 days prior to Objection Deadline |
| Opt-Out Deadline | 60 days after Notice Date (i.e., 105 days after entry of this Preliminary Approval Order) |
| Objection Deadline | 60 days after Notice Date (i.e., 105 days after entry of this Preliminary Approval Order) |
| Claims Deadline | 90 days after Notice Date (i.e., 135 days after entry of this Preliminary Approval Order) |
| Final Approval Brief and Response to Objections Due | At least 14 days prior to Final Approval Hearing |
| Final Approval Hearing | [No earlier than 90 days after Notice Date (i.e., 135 days after entry of this Preliminary Approval Order)] |

IT IS SO ORDERED this _____ day of  _____, 2024.

_____

# Exhibit F

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE U.S. VISION DATA BREACH LITIGATION | Civ. Action No.  1:22-cv-06558 (CPO/SAK) |

## [PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT AS TO CLAIMS AGAINST NATIONWIDE OPTOMETRY, P.C., NATIONWIDE VISION CENTER, LLC, AND SIGHTCARE, INC.

On _____**[DATE]**, this Court entered an order granting preliminary approval (the "Preliminary Approval Order") (Doc. ____) of the Settlement between the Settlement Class Representatives, on behalf of themselves and the Settlement Class, and Nationwide Optometry, P.C., Nationwide Vision Center, LLC, and Sightcare, Inc. (collectively, "Nationwide-Sightcare"), as memorialized in Exhibit __ (Doc. __) to Plaintiffs' Motion for Preliminary Approval of Class Action Settlement.[1]

On _____**[DATE]**,  pursuant to the notice requirements set forth in the Settlement and in the Preliminary Approval Order, the Settlement Class was apprised of the nature and pendency of the Action, the terms of the Settlement, and their rights to request exclusion, object, and/or appear at the final approval hearing.

On _____**[DATE]**, the Court held a final approval hearing to determine, inter alia:  (1) whether the Settlement is fair, reasonable, and adequate; and (2) whether judgment should be entered dismissing all claims against Nationwide-Sightcare in the Complaint with prejudice.  Prior to the final approval hearing, Class Counsel filed a declaration from the Settlement

---

[1] The capitalized terms used in this Final Approval Order and Judgment shall have the same meaning as defined in the Settlement except as may otherwise be indicated.

Administrator confirming that the Notice Plan was completed in accordance with the Parties' instructions and the Preliminary Approval Order.  Therefore, the Court is satisfied that Settlement Class Members were properly notified of their right to appear at the final approval hearing in support of or in opposition to the proposed Settlement, the award of attorneys' fees, costs, and expenses, and the payment of service awards.

Having given an opportunity to be heard to all requesting persons in accordance with the Preliminary Approval Order, having heard the presentation of Class Counsel and counsel for Nationwide-Sightcare, having reviewed all of the submissions presented with respect to the proposed Settlement, having determined that the Settlement is fair, adequate, and reasonable, having considered the application made by Class Counsel for attorneys' fees, costs, and expenses, and the application for service awards, and having reviewed the materials in support thereof, and good cause appearing:

**IT IS HEREBY ORDERED THAT:**

1.      The Court has jurisdiction over the subject matter of this action and over all claims raised therein and all Parties thereto, including the Settlement Class.  The Court also has personal jurisdiction over the Parties and the Settlement Class Members.

2.      The Settlement was entered into in good faith following arm's length negotiations and is non-collusive.

3.      The Settlement is, in all respects, fair, reasonable, and adequate, is in the best interests of the Settlement Class, and is therefore approved. The Court finds that the Parties faced significant risks, expenses, delays and uncertainties, including as to the outcome, of continued litigation of this complex matter, which further supports the Court's finding that the Settlement is fair, reasonable, adequate and in the best interests of the Settlement Class Members. The Court

finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the Settlement.

4.      This Court grants final approval of the Settlement of the claims against Nationwide-Sightcare, including but not limited to the releases in the Settlement and the plans for distribution of the settlement relief.  The Court finds that the Settlement is in all respects fair, reasonable, and in the best interest of the Settlement Class.  Therefore, all Settlement Class Members who have not opted out are bound by the Settlement and this Final Approval Order and Judgment.

5.      The Settlement and every term and provision thereof—including, without limitation, the releases—are incorporated herein as if explicitly set forth herein and shall have the full force of an Order of this Court.

6.      The Parties shall effectuate the Settlement in accordance with its terms.

## OBJECTIONS AND OPT-OUTS

7.      _____ objections were filed by Settlement Class Members. The Court has considered all objections and finds the objections do not counsel against Settlement approval, and the objections are hereby overruled in all respects.

8.      All persons and entities who have not objected to the Settlement in the manner provided in the Settlement are deemed to have waived any objections to the Settlement, including but not limited to by appeal, collateral attack, or otherwise.

9.      A list of those putative individuals who have timely and validly elected to exclude themselves from the Settlement (i.e., opt out of the Settlement) in accordance with the requirements in the Settlement (the "Opt-Out Members") has been submitted to the Court in the Declaration of _____, filed in advance of the final approval hearing.  That list is attached as Exhibit A to this Order.  The persons and/or entities listed in Exhibit A are not bound by the Settlement or this Final Approval Order and Judgment and are not entitled to any of the

benefits under the Settlement.  Opt-Out Members listed in Exhibit A shall be deemed not to be Releasing Parties.

## CLASS CERTIFICATION

10.     For purposes of the Settlement and this Final Approval Order and Judgment, the Court hereby finally certifies for settlement purposes only the following Settlement Class:

> All residents of the United States who are current or former patients, customers, employees, members, or covered dependents of Nationwide Optometry, P.C., Nationwide Vision Center, LLC, Sightcare, Inc. (collectively "Nationwide-Sightare"), or any of their affiliated or related business entities whose Personal Information was accessed, stolen, or compromised as a result of the Data Breach. Excluded from the Settlement Class are (i) Nationwide-Sightcare, any Entity in which Nationwide-Sightcare has a controlling interest, and Nationwide-Sightcare's officers, directors, legal representatives, successors, subsidiaries, and assigns; (ii) any judge, justice, or judicial officer presiding over the Action and the members of their immediate families and judicial staff; (iii) any individual who timely and validly opts out of the Settlement; and (iv) U.S. Vision, Inc. and USV Optical, Inc. (collectively, "USV"), any Entity in which USV has a controlling interest, and USV's officers, directors, legal representatives, successors, subsidiaries, and assigns.

11.     The Court determines that for settlement purposes the Settlement Class meets all the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3), namely that the class is so numerous that joinder of all members is impractical; that there are common issues of law and fact; that the claims of the class representatives are typical of absent class members; that the class representatives will fairly and adequately protect the interests of the class as they have no interests antagonistic to or in conflict with the class and have retained experienced and competent counsel to prosecute this matter; that common issues predominate over any individual issues; and that a class action is the superior means of adjudicating the controversy

12.     The Court grants final approval to the appointment of Ian Torres, Bonita Odell, and Lacie Morgan as the Settlement Class Representatives.  The Court concludes that the Settlement

Class Representatives have fairly and adequately represented the Settlement Class and will continue to do so.

13.     The Court grants final approval to the appointment of Ben Barnow of Barnow and Associates, P.C., Terence R. Coates of Markovits, Stock & DeMarco, LLC, and Jean S. Martin of Morgan & Morgan as Class Counsel.  The Court concludes that Class Counsel have adequately represented the Settlement Class and will continue to do so.

## NOTICE TO THE SETTLEMENT CLASS

14.     The Court finds that the Notice Plan, set forth in the Settlement and effectuated pursuant to the Preliminary Approval Order, was the best notice practicable under the circumstances, was reasonably calculated to provide and did provide due and sufficient notice to the Settlement Class Members of the pendency of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement, their right to exclude themselves, their right to object to the Settlement and to appear at the final approval hearing, and satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and all other applicable laws.

15.     The Court finds that Nationwide-Sightcare has fully complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

## AWARD OF ATTORNEYS' FEES, COSTS, EXPENSES, AND SERVICE AWARDS

16.     The Court has considered Class Counsel's Motion for attorneys' fees, costs, and expenses, and for service awards.

17.     The Court awards Class Counsel $_____ as an award of attorneys' fees and $_____ as an award of costs and expenses to be paid in accordance with the Settlement, and the Court finds this amount of fees, costs, and expenses to be fair and reasonable. This award of attorneys' fees, costs, and expenses, and any interest earned thereon, shall be paid

from the Settlement Fund in accordance with the Settlement.  This award of attorneys' fees, costs, and expenses is independent of the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement.

18.     The Court grants Class Counsel's request for service awards and awards $_____ to each Settlement Class Representative.  These service awards shall be paid from the Settlement Fund in accordance with the Settlement.

## OTHER PROVISIONS

19.     The Parties to the Settlement shall carry out their respective obligations thereunder.

20.     Within the time period set forth in the Settlement, the relief provided for in the Settlement shall be made available to the Settlement Class Members submitting valid Claim Forms, pursuant to the terms and conditions of the Settlement.

21.     As of the Effective Date, all Releasing Parties, on behalf of themselves, their heirs, assigns, beneficiaries, executors, administrators, predecessors, and successors, and any other person purporting to claim on their behalf, hereby expressly, generally, absolutely, unconditionally, and forever release and discharge any and all Released Claims against the Released Parties and any of their current, former, and future affiliates, parents, subsidiaries, representatives, officers, agents, directors, employees, contractors, shareholders, vendors, insurers, reinsurers, successors, assigns, and attorneys, except for claims relating to the enforcement of the Settlement or the Agreement.  For the avoidance of doubt, the Releasing Parties do not release any claims against U.S. Vision, Inc. and USV Optical, Inc., and this Final Approval Order and Judgment shall have no effect on the pending claims against U.S. Vision, Inc. and USV Optical, Inc. in this matter.

22.     "Released Claims" means any and all claims (including, without limitation, any and all common law, equitable, and statutory claims arising under the laws of any jurisdiction,

6

including those arising under state and/or federal laws of the United States), defenses, demands, actions, causes of action, rights, offsets, setoffs, suits, remedies, damages, lawsuits, costs, relief for contempt, losses, attorneys' fees, expenses, or liabilities of any kind whatsoever, in law or in equity, for any relief whatsoever, including monetary sanctions or damages for contempt, injunctive or declaratory relief, rescission, general, compensatory, special, liquidated, indirect, incidental, consequential, or punitive damages, as well as any and all claims for treble damages, penalties, interest, attorneys' fees, costs, or expenses, whether known or unknown (including Unknown Claims (defined below)), suspected or unsuspected, existing or potential, contingent or vested, accrued or not accrued, liquidated or unliquidated, matured or unmatured, that in any way concern, arise out of, or relate to the Data Breach, the facts alleged in the Action, or any theories of recovery that were, or could have been, raised at any point in the Action.  For the avoidance of doubt, this Final Approval Order and Judgment shall have no effect on the pending claims against U.S. Vision, Inc. and USV Optical, Inc. in this matter.

23.     "Unknown Claims" means any and all Released Claims that any Settlement Class Representative or Settlement Class Member does not know or suspect to exist in his or her favor as of the Effective Date and which, if known by him or her, might have affected his or her decision(s) with respect to the Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that upon the Effective Date, Settlement Class Representatives and Settlement Class Members shall have waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, the District of Columbia, or principle of common law or otherwise, which includes or is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE**

**AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

The Settlement Class Representatives and Class Counsel acknowledge, and each Settlement Class Member by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a key element of the Settlement Agreement.

24.     This Final Approval Order and Judgment, the Settlement, and all acts, statements, documents, and proceedings relating to the Settlement shall not be offered or received against Nationwide-Sightcare as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by Nationwide-Sightcare with respect to the truth of any fact alleged by any Settlement Class Representative or any Settlement Class Member or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, breach of duty, or wrongdoing of Nationwide-Sightcare; ***provided, however***, that nothing in the foregoing, the Settlement, or this Final Approval Order and Judgment shall be interpreted to prohibit the use of the Settlement or this Final Approval Order and Judgment in a proceeding to consummate or enforce the Settlement or this Final Approval Order and Judgment (including all releases in the Settlement and Final Approval Order and Judgment), or to defend against the assertion of any Released Claims in any other proceeding, or as otherwise required by law.

25.     This Final Approval Order and Judgment and the Settlement, and all acts, statements, documents, and proceedings relating to the Settlement are not, and shall not be construed as or received in evidence as an admission, concession, or presumption against any Settlement Class Representative or any Settlement Class Member that any of their claims are

without merit, or that any defense asserted by Nationwide-Sightcare has any merit, or that damages recoverable in the Action would not have exceeded the Settlement Fund.

26.     The Settlement (including without limitation the releases therein) shall be forever binding on, and shall have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims that are brought, initiated, or maintained by, or on behalf of, any Settlement Class Member who is not an Opt-Out Member or any other person subject to the provisions of this Final Approval Order and Judgment.

27.     The Court hereby dismisses all claims against Nationwide-Sightcare in the Action on the merits and with prejudice, without fees or costs to any Party except as provided in this Final Approval Order and Judgment. The Action remains active and pending as to the claims against U.S. Vision, Inc. and USV Optical, Inc.

28.     Consistent with Paragraph 6.4 of the Settlement, if the Effective Date, as defined in the Settlement Agreement, does not occur for any reason, this Final Approval Order and Judgment and the Preliminary Approval Order shall be deemed vacated and shall have no force and effect whatsoever; the Settlement shall be considered null and void; all of Settlement Class Representatives' and Nationwide-Sightcare's obligations under the Settlement, the Preliminary Approval Order, and this Final Approval Order and Judgment shall cease to be of any force and effect, and Settlement Class Representatives and Nationwide-Sightcare  shall return to the status quo ante in the Action as if the Parties had not entered into the Settlement.  In such an event, Settlement Class Representatives and Nationwide-Sightcare shall be restored to their respective positions in the Action as if the Settlement Agreement had never been entered into (and without prejudice to any of Settlement Class Representatives' and Nationwide-Sightcare's respective positions on the issue of class certification or any other issue).

29.     Pursuant to the All Writs Act, 28 U.S.C. § 1651, this Court shall retain the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court.

30.     Without affecting the finality of this Final Approval Order and Judgment, the Court will retain exclusive jurisdiction over the subject matter and the Parties with respect to the interpretation and implementation of the Settlement for all purposes, including enforcement of its terms at the request of any party, and resolution of any disputes that may arise relating in any way to the implementation of the Settlement or the implementation of this Final Order and Judgment.

**ENTERED:**

DATED: _____, 2024          By: _____