

XPAN Law Partners
4 N. Maple Avenue
Marlton, New Jersey 08053

Rebecca L. Rakoski, Esquire
Managing Partner
rrakoski@xpanlawpartners.com
(215) 239-3048

April 17, 2024

**VIA PACER**
Judge Christine P. O'Hearn, U.S.D.J.
United States District Court, District of New Jersey
4th & Cooper Street
Camden, New Jersey 08101

          Re:      **IN RE U.S. VISION DATA BREACH LITIGATION**
                   Case No. 22-CV-06558

Dear Judge O'Hearn:

      On behalf of our client, USV Optical, Inc., a subsidiary of U.S. Vision, Inc. ("US Vision"), we are writing in response to the Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and Preliminary Certification of Settlement Class [Docket Ref. No. 67] (the "Motion"). It appears from the language in the Motion and proposed form of order that US Vision is not impacted by same. Notwithstanding, and in an overabundance of caution in order to preserve US Visions' right to object to class certification, US Vision asserts that the preliminary certification of settlement class: (i) specifically exclude US Vision; and (ii) is not and does not become the law of the case such that US Vision is bound by any preliminary findings regarding class certification.

      To be clear, US Vision was not a party to any discussions leading to partial settlement in this case, aside from our limited involvement in the mediation with Judge Welsch. US Vision cannot be bound by the settlement, nor does it consent to any statements contained in the Motion. In fact, US Vision specifically objects to class certification under Federal Rule 23, as it is our contention that the Plaintiffs do not and cannot meet the requisite legal requirements as it would

apply to US Vision. Therefore, we respectfully request that the Court ensure that US Visions' right to object to class certification in the future is protected and preserved. US Vision reserves all rights to object to class certification at a later date.

Furthermore, I am writing to respectfully request the Court hold a status conference on the current state of the case and to schedule oral argument on the Motion to Dismiss ("MTD") [Docket Ref. No. 53]. The MTD has now been pending for a significant amount of time. More to the point, the settlement negotiations delayed the adjudication of the MTD by this Court for over 120 days.

Finally, recent case law from Judge Semper in the District of New Jersey (*Robinson v. Maintech, Inc.,* CV-23-04458, April 12, 2024) would be instructive in this matter, and US Vision intends on applying to the Court for leave to file a supplemental brief. Therefore, given the amount of time that has passed, and recent updates to case law, a status conference with the Court with the remaining parties is appropriate and necessary.

Respectfully Submitted,

*/s/ Rebecca L. Rakoski*
Rebecca L. Rakoski, Esquire
Managing Partner
Counsel for USV Optical, Inc., a subsidiary of U.S. Vision, Inc.

Cc:   All counsel of record (via PACER)