**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE U.S. VISION DATA BREACH LITIGATION | Civ. Action No.  1:22-cv-06558 (CPO/SAK) |

**PRELIMINARY APPROVAL ORDER OF SETTLEMENT OF
CLAIMS AGAINST NATIONWIDE OPTOMETRY, P.C.,
NATIONWIDE VISION CENTER, LLC, AND SIGHTCARE, INC**.

This matter is before the Court for consideration of whether the Settlement reached by the parties should be preliminarily approved, the proposed Settlement Class preliminarily certified, and the proposed plan for notifying the Settlement Class approved.  Having reviewed the proposed Settlement, together with its exhibits, and based upon the relevant papers and all prior proceedings in this matter, the Court has determined the proposed Settlement satisfies the criteria for preliminary approval, the proposed Settlement Class should be preliminarily certified, and the proposed notice plan approved.[1]   Accordingly, good cause appearing in the record, **IT IS HEREBY ORDERED THAT**:

**Provisional Certification of The Settlement Class**

(1)	The Court provisionally certifies the following Settlement Class:

All residents of the United States who are current or former patients, customers, employees, members, or covered dependents of Nationwide Optometry, P.C., Nationwide Vision Center, LLC, Sightcare, Inc. (collectively "Nationwide-Sightcare"), or any of their affiliated or related business entities whose Personal Information was accessed, stolen, or compromised as a result of the Data Breach. Excluded from the Settlement Class are (i) Nationwide-Sightcare, any Entity in which Nationwide-Sightcare has a controlling interest, and Nationwide-Sightcare's officers, directors, legal representatives, successors, subsidiaries, and assigns; (ii) any judge, justice, or judicial officer presiding over the Action and the members of

---

[1] Unless otherwise indicated, capitalized terms used herein have the same meaning as in the Settlement.

their immediate families and judicial staff; (iii) any individual who timely and validly opts out of the Settlement; and (iv) U.S. Vision, Inc. and USV Optical, Inc. (collectively, "USV"), any Entity in which USV has a controlling interest, and USV's officers, directors, legal representatives, successors, subsidiaries, and assigns.

This Settlement Class is provisionally certified for purposes of settlement only.

(2)   The Court determines that for settlement purposes the proposed Settlement Class meets all the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3), namely that the class is so numerous that joinder of all members is impractical; that there are common issues of law and fact; that the claims of the class representatives are typical of absent class members; that the class representatives will fairly and adequately protect the interests of the class as they have no interests antagonistic to or in conflict with the class and have retained experienced and competent counsel to prosecute this matter; that common issues predominate over any individual issues; and that a class action is the superior means of adjudicating the controversy.

(3)   Ian Torres, Bonita Odell, and Lacie Morgan are designated and appointed as the Settlement Class Representatives.

(4)   The following lawyers, who were previously appointed by the Court as interim Co-lead Counsel, are designated as Class Counsel pursuant to Fed. R. Civ. P. 23(g): Ben Barnow of Barnow and Associates, P.C.; Terence R. Coates of Markovits, Stock & DeMarco, LLC; and Jean S. Martin of Morgan & Morgan.  The Court finds that these lawyers are experienced and will adequately protect the interests of the Settlement Class.

## Preliminary Approval of the Proposed Settlement

(5)   Upon preliminary review, the Court finds the proposed Settlement is fair, reasonable, and adequate, otherwise meets the criteria for approval, and warrants issuance of notice to the Settlement Class.  Accordingly, the proposed Settlement is preliminarily approved.

**Final Approval Hearing**

(6)     A Final Approval Hearing shall take place before the Court on  October 15th  , 2024, at  10  a.m./p.m. in Room 1050, Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Camden, NJ 08101, to determine, among other things, whether: (a) the proposed Settlement Class should be finally certified for settlement purposes pursuant to Federal Rule of Civil Procedure 23; (b) the Settlement should be finally approved as fair, reasonable and adequate and, in accordance with the Settlement's terms, all claims against Nationwide-Sightcare in the Amended Complaint and Action should be dismissed with prejudice; (c) Settlement Class Members should be bound by the releases set forth in the Settlement; (d) the proposed Final Approval Order and Judgment should be entered; (e) the application of Class Counsel for an award of attorneys' fees, costs, and expenses, and for service awards should be approved.  Any other matters the Court deems necessary and appropriate will also be addressed at the hearing.

(7)     Class Counsel shall submit their application for fees, costs, and expenses and for service awards 14 days before the Objection Deadline.

(8)     Any Settlement Class Member that has not timely and properly excluded itself from the Settlement in the manner described below, may appear at the Final Approval Hearing in person or by counsel and be heard, to the extent allowed by the Court, regarding the proposed Settlement; provided, however, that no Settlement Class Member that has elected to exclude itself from the Settlement shall be entitled to object or otherwise appear, and, further provided, that no Settlement Class Member shall be heard in opposition to the Settlement unless the Settlement Class Member complies with the requirements of this Order pertaining to objections, which are described below.

**Administration**

(9)     Epiq Class Action and Claim Solutions, Inc. is appointed as the Settlement Administrator, with responsibility for reviewing, determining the validity of, and processing all claims submitted by Settlement Class Members, and all other obligations of the Settlement Administrator as set forth in the Settlement.  All Administration and Notice Costs incurred by the Settlement Administrator will be paid out of the Settlement Fund, as provided in the Settlement.

**Notice to the Class**

(10)    The Notice Plan, Short Notice, Long Notice, and Claim Form attached to the Settlement as Exhibits A through D satisfy the requirements of Federal Rule of Civil Procedure 23 and due process and thus are approved.  Non-material modifications to these exhibits may be made without further order of the Court.  The Settlement Administrator is directed to carry out the Notice Plan and to perform all other tasks that the Settlement requires.

(11)    The Court finds that the form, content, and method of giving notice to the Settlement Class as described in the Notice Plan, Short Notice, Long Notice, and Claim Form:  (a) constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the action, the terms of the proposed Settlement, and their rights under the proposed Settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfy the requirements of Federal Rule of Civil Procedure 23, the constitutional requirement of due process, and any other legal requirements.  The Court further finds that the notice is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members.

**Exclusions from the Class**

(12)  Any individual that wishes to be excluded from the Settlement must mail a written notification of such intent via United States mail to the designated address established by the Settlement Administrator, postmarked no later than 60 days after the Notice Date (the "Opt-Out Deadline").  The written notification must include the case name and number of this Action (*In Re U.S. Vision Data Breach Litigation*, Case No. 1:22-cv-06558-CPO/SAK (D.N.J.)), the full name, address, and telephone number of the individual seeking exclusion from the Settlement; be personally signed by the individual seeking exclusion; include a statement in the body of the document clearly indicating the individual's intent to be excluded from the Settlement; and request exclusion only for that one individual whose personal signature appears on the request.  Any individual who does not submit a valid and timely request for exclusion in the manner described herein shall be bound by the Settlement, including all releases and covenants therein, as well as all subsequent proceedings, orders, and judgments applicable to the Settlement Class.

(13)  All individuals who submit valid and timely requests for exclusion from the Settlement shall not: (i) be bound by any orders or judgments entered in connection with the Settlement; (ii) be entitled to any relief under, or be affected by, the Settlement; (iii) gain any rights by virtue of the Settlement; or (iv) be entitled to object to any aspect of the Settlement..

(14)  The Settlement Administrator shall provide the parties with copies of all requests for exclusion promptly upon receipt, a weekly report which includes a summary of the number of requests for exclusion, and, within five (5) Business Days after the Opt-Out Deadline, a final list of all individuals that have timely and validly excluded themselves from the Settlement Class in accordance with the terms of the Settlement and herein.  Prior to the Final Approval Hearing, the

Settlement Administrator shall also prepare and execute a declaration identifying each individual who timely and validly requested exclusion from the Settlement.

### Objections to the Settlement

(15) A Settlement Class Member that complies with the requirements of this Order may object to the Settlement.

(16) No Settlement Class Member shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member shall be received and considered by the Court, unless a written objection is submitted to the Court on or before the Objection Deadline, which shall be 60 days after the Notice Date. For the objection to be considered by the Court, the written objection must include:

a. the case name and number of the Action (*In Re U.S. Vision Data Breach Litigation*, Case No. 1:22-cv-06558-CPO/SAK (D.N.J.));

b. the name, address, and telephone number of the objecting Settlement Class Member and, if represented by counsel, of his/her counsel;

c. information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class (e.g., copy of the objector's settlement notice, copy of original notice of the Data Breach, or a statement explaining why the objector believes he or she is a Settlement Class Member);

d. a statement of whether the objection applies only to the objector, to a specific subset of the class, or to the entire class;

e. a statement of the number of times in which the objector (and, where applicable, objector's counsel) has objected to a class action settlement within the three years

    preceding the date that the objector files the objection, along with the caption of each case in which the objector has made such objection;

 f. a statement of the specific grounds for the objection; and

 g. a statement identifying whether the objecting Settlement Class Member intends to appear at the Final Approval Hearing, and if so, whether personally or through counsel.

(17) A written notice of objection may either be electronically filed in the Action's electronic docket on or before the Objection Deadline; or sent via first class, postage-prepaid United States Mail, postmarked no later than the Objection Deadline to (a) the Clerk of Court, (b) Class Counsel; and (c) Nationwide-Sightcare's Counsel at the addresses below.

| COURT | NATIONWIDE-SIGHTCARE'S COUNSEL | CLASS COUNSEL |
|---|---|---|
| Clerk of Court<br>Melissa E. Rhoads<br>Mitchell H. Cohen Building & U.S. Courthouse<br>4th & Cooper Streets<br>Camden, NJ 08101 | Donald M. Houser<br>ALSTON & BIRD LLP<br>1201 West Peachtree Street NE<br>Atlanta, GA 30309-3424 | Ben Barnow<br>BARNOW AND ASSOCIATES, P.C.<br>205 West Randolph Street, Ste. 1630<br>Chicago, IL 60606<br><br>Terence R. Coates<br>MARKOVITS, STOCK & DEMARCO, LLC<br>119 E. Court Street, Suite 530<br>Cincinnati, OH 45202<br><br>Jean S. Martin<br>MORGAN & MORGAN<br>201 N. Franklin Street, 7th Floor<br>Tampa, Florida 33602 |

(18) Any Settlement Class Member who fails to object to the Settlement in the manner described herein shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be

7

precluded from seeking any review of the Settlement or the terms of this Agreement by appeal or any other means.

## Claims Process and Distribution Plan

(19)   The Settlement establishes a process for assessing and determining the validity and value of claims and a methodology for paying Settlement Class Members that submit a timely, valid Claim Form.  The Court preliminarily approves this process.

(20)   Settlement Class Members that qualify for and wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Settlement, including the Claim Form.  If the Settlement is finally approved, all Settlement Class Members that qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Settlement, including Claim Form, shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions of the Settlement, including the releases included in the Settlement, and the Final Approval Order and Judgment.

## Termination of the Settlement and Use of this Order

(21)   This Order shall become null and void and shall be without prejudice to the rights of Plaintiffs and Nationwide-Sightcare, all of which shall be restored to their respective positions existing immediately before this Court entered this Order, if the Settlement is not finally approved by the Court or is terminated in accordance with the terms of the Settlement.  In such event, the Settlement shall become null and void and be of no further force and effect, and neither the Settlement (including any Settlement-related filings) nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

(22)   If the Settlement is not finally approved or there is no Effective Date under the

terms of the Settlement, then this Order shall be of no force or effect; shall not be construed or used as an admission, concession, or declaration by or against Nationwide-Sightcare of any fault, wrongdoing, breach, or liability; shall not be construed or used as an admission, concession, or declaration by or against any Settlement Class Representative or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable; and shall not constitute a waiver by any party of any defense (including without limitation any defense to class certification) or claims he or she may have in this Action or in any other lawsuit.

## **Stay of Proceedings**

(23)    Except as necessary to effectuate this Order, the claims against Nationwide-Sightcare and any deadlines set by the Court as to the claims against Nationwide-Sightcare are stayed and suspended pending the Final Approval Hearing and issuance of the Final Approval Order and Judgment, or until further order of this Court.

(24)    This Order shall have no effect on the claims against or proceedings as to U.S. Vision, Inc. and USV Optical, Inc. and those proceedings shall not be stayed.

## **Continuance of Final Approval Hearing**

(25)    The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class.  If the Court alters any of those dates or times, the revised dates and times shall be posted on the website maintained by the Settlement Administrator.

## **Actions By Settlement Class Members**

(26)    The Court stays and enjoins, pending Final Approval of the Settlement, any actions, lawsuits, or other proceedings brought by Settlement Class Members against Nationwide-

Sightcare related to the Data Breach.

## Summary of Deadlines

(27)  The Settlement, as preliminarily approved in this Order, shall be administered according to its terms pending the Final Approval Hearing.  Deadlines arising under the Settlement and this Order include but are not limited to the following:

| ACTION | DEADLINE |
| --- | --- |
| Notice Date | 45 days after entry of this Preliminary Approval Order |
| Motion for Attorneys' Fees and Expenses and Service Awards | At least 14 days prior to Objection Deadline |
| Opt-Out Deadline | 60 days after Notice Date (i.e., 105 days after entry of this Preliminary Approval Order) |
| Objection Deadline | 60 days after Notice Date (i.e., 105 days after entry of this Preliminary Approval Order) |
| Claims Deadline | 90 days after Notice Date (i.e., 135 days after entry of this Preliminary Approval Order) |
| Final Approval Brief and Response to Objections Due | At least 14 days prior to Final Approval Hearing |
| Final Approval Hearing | [No earlier than 90 days after Notice Date (i.e., 135 days after entry of this Preliminary Approval Order)] |

IT IS SO ORDERED this __8th__ day of ___May___, 2024.

_Christine P. O'Hearn_
Hon. Christine P. O'Hearn