UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE U.S. VISION DATA BREACH LITIGATION | Civ. Action No. 1:22-cv-06558 (CPO/SAK) |

**FINAL APPROVAL ORDER AND JUDGMENT AS TO
CLAIMS AGAINST NATIONWIDE OPTOMETRY, P.C.,
NATIONWIDE VISION CENTER, LLC, AND SIGHTCARE, INC.**

On May 8, 2024, this Court entered an order granting preliminary approval (the "Preliminary Approval Order") (Doc. 74) of the Settlement between the Settlement Class Representatives, on behalf of themselves and the Settlement Class, and Nationwide Optometry, P.C., Nationwide Vision Center, LLC, and Sightcare, Inc. (collectively, "Nationwide-Sightcare"), as memorialized in Exhibit 1 (Doc. 67-2) to Plaintiffs' Motion for Preliminary Approval of Class Action Settlement.[1]

On June 22, 2024, pursuant to the notice requirements set forth in the Settlement and in the Preliminary Approval Order, the Settlement Class was apprised of the nature and pendency of the Action, the terms of the Settlement, and their rights to request exclusion, object, and/or appear at the final approval hearing.

On __October 15, 2024__, the Court held a final approval hearing to determine, inter alia: (1) whether the Settlement is fair, reasonable, and adequate; and (2) whether judgment should be entered dismissing all claims against Nationwide-Sightcare in the Complaint with prejudice. Prior to the final approval hearing, Class Counsel filed a declaration from the Settlement

---

[1] The capitalized terms used in this Final Approval Order and Judgment shall have the same meaning as defined in the Settlement except as may otherwise be indicated.

Administrator confirming that the Notice Plan was completed in accordance with the Parties' instructions and the Preliminary Approval Order. Therefore, the Court is satisfied that Settlement Class Members were properly notified of their right to appear at the final approval hearing in support of or in opposition to the proposed Settlement, the award of attorneys' fees, costs, and expenses, and the payment of service awards.

Having given an opportunity to be heard to all requesting persons in accordance with the Preliminary Approval Order, having heard the presentation of Class Counsel and counsel for Nationwide-Sightcare, having reviewed all of the submissions presented with respect to the proposed Settlement, having determined that the Settlement is fair, adequate, and reasonable, having considered the application made by Class Counsel for attorneys' fees, costs, and expenses, and the application for service awards, and having reviewed the materials in support thereof, and good cause appearing:

**IT IS HEREBY ORDERED THAT:**

1. The Court has jurisdiction over the subject matter of this action and over all claims raised therein and all Parties thereto, including the Settlement Class. The Court also has personal jurisdiction over the Parties and the Settlement Class Members.

2. The Settlement was entered into in good faith following arm's length negotiations and is non-collusive.

3. The Settlement is, in all respects, fair, reasonable, and adequate, is in the best interests of the Settlement Class, and is therefore approved. The Court finds that the Parties faced significant risks, expenses, delays and uncertainties, including as to the outcome, of continued litigation of this complex matter, which further supports the Court's finding that the Settlement is fair, reasonable, adequate and in the best interests of the Settlement Class Members. The Court

finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the Settlement.

4. This Court grants final approval of the Settlement of the claims against Nationwide-Sightcare, including but not limited to the releases in the Settlement and the plans for distribution of the settlement relief. The Court finds that the Settlement is in all respects fair, reasonable, and in the best interest of the Settlement Class. Therefore, all Settlement Class Members who have not opted out are bound by the Settlement and this Final Approval Order and Judgment.

5. The Settlement and every term and provision thereof—including, without limitation, the releases—are incorporated herein as if explicitly set forth herein and shall have the full force of an Order of this Court.

6. The Parties shall effectuate the Settlement in accordance with its terms.

## **OBJECTIONS AND OPT-OUTS**

7. Zero objections were filed by Settlement Class Members.

8. All persons and entities who have not objected to the Settlement in the manner provided in the Settlement are deemed to have waived any objections to the Settlement, including but not limited to by appeal, collateral attack, or otherwise.

9. A list of those putative individuals who have timely and validly elected to exclude themselves from the Settlement (i.e., opt out of the Settlement) in accordance with the requirements in the Settlement (the "Opt-Out Members") has been submitted to the Court in the Declaration of Cameron R. Azari, filed in advance of the final approval hearing. That list is attached as Exhibit A to this Order. The persons and/or entities listed in Exhibit A are not bound by the Settlement or this Final Approval Order and Judgment and are not entitled to any of the benefits under the Settlement. Opt-Out Members listed in Exhibit A shall be deemed not to be Releasing Parties.

## **CLASS CERTIFICATION**

10. For purposes of the Settlement and this Final Approval Order and Judgment, the Court hereby finally certifies for settlement purposes only the following Settlement Class:

> All residents of the United States who are current or former patients, customers, employees, members, or covered dependents of Nationwide Optometry, P.C., Nationwide Vision Center, LLC, Sightcare, Inc. (collectively "Nationwide-Sightare"), or any of their affiliated or related business entities whose Personal Information was accessed, stolen, or compromised as a result of the Data Breach. Excluded from the Settlement Class are (i) Nationwide-Sightcare, any Entity in which Nationwide-Sightcare has a controlling interest, and Nationwide-Sightcare's officers, directors, legal representatives, successors, subsidiaries, and assigns; (ii) any judge, justice, or judicial officer presiding over the Action and the members of their immediate families and judicial staff; (iii) any individual who timely and validly opts out of the Settlement; and (iv) U.S. Vision, Inc. and USV Optical, Inc. (collectively, "USV"), any Entity in which USV has a controlling interest, and USV's officers, directors, legal representatives, successors, subsidiaries, and assigns.

11. The Court determines that for settlement purposes the Settlement Class meets all the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3), namely that the class is so numerous that joinder of all members is impractical; that there are common issues of law and fact; that the claims of the class representatives are typical of absent class members; that the class representatives will fairly and adequately protect the interests of the class as they have no interests antagonistic to or in conflict with the class and have retained experienced and competent counsel to prosecute this matter; that common issues predominate over any individual issues; and that a class action is the superior means of adjudicating the controversy

12. The Court grants final approval to the appointment of Ian Torres, Bonita Odell, and Lacie Morgan as the Settlement Class Representatives. The Court concludes that the Settlement Class Representatives have fairly and adequately represented the Settlement Class and will continue to do so.

13. The Court grants final approval to the appointment of Ben Barnow of Barnow and Associates, P.C., Terence R. Coates of Markovits, Stock & DeMarco, LLC, and Jean S. Martin of Morgan & Morgan as Class Counsel. The Court concludes that Class Counsel have adequately represented the Settlement Class and will continue to do so.

## NOTICE TO THE SETTLEMENT CLASS

14. The Court finds that the Notice Plan, set forth in the Settlement and effectuated pursuant to the Preliminary Approval Order, was the best notice practicable under the circumstances, was reasonably calculated to provide and did provide due and sufficient notice to the Settlement Class Members of the pendency of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement, their right to exclude themselves, their right to object to the Settlement and to appear at the final approval hearing, and satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and all other applicable laws.

15. The Court finds that Nationwide-Sightcare has fully complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

## AWARD OF ATTORNEYS' FEES, COSTS, EXPENSES, AND SERVICE AWARDS

16. The Court has considered Class Counsel's Motion for attorneys' fees, costs, and expenses, and for service awards.

17. The Court awards Class Counsel $1,150,000.00 as an award of attorneys' fees and $13,819.38 as an award of costs and expenses to be paid in accordance with the Settlement, and the Court finds this amount of fees, costs, and expenses to be fair and reasonable. This award of attorneys' fees, costs, and expenses, and any interest earned thereon, shall be paid from the Settlement Fund in accordance with the Settlement. This award of attorneys' fees, costs, and

expenses is independent of the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement.

18. The Court grants Class Counsel's request for service awards and awards $3,500 to each Settlement Class Representative. These service awards shall be paid from the Settlement Fund in accordance with the Settlement.

## **OTHER PROVISIONS**

19. The Parties to the Settlement shall carry out their respective obligations thereunder.

20. Within the time period set forth in the Settlement, the relief provided for in the Settlement shall be made available to the Settlement Class Members submitting valid Claim Forms, pursuant to the terms and conditions of the Settlement.

21. As of the Effective Date, all Releasing Parties, on behalf of themselves, their heirs, assigns, beneficiaries, executors, administrators, predecessors, and successors, and any other person purporting to claim on their behalf, hereby expressly, generally, absolutely, unconditionally, and forever release and discharge any and all Released Claims against the Released Parties and any of their current, former, and future affiliates, parents, subsidiaries, representatives, officers, agents, directors, employees, contractors, shareholders, vendors, insurers, reinsurers, successors, assigns, and attorneys, except for claims relating to the enforcement of the Settlement or the Agreement. For the avoidance of doubt, the Releasing Parties do not release any claims against U.S. Vision, Inc. and USV Optical, Inc., and this Final Approval Order and Judgment shall have no effect on the pending claims against U.S. Vision, Inc. and USV Optical, Inc. in this matter.

22. "Released Claims" means any and all claims (including, without limitation, any and all common law, equitable, and statutory claims arising under the laws of any jurisdiction, including those arising under state and/or federal laws of the United States), defenses, demands,

actions, causes of action, rights, offsets, setoffs, suits, remedies, damages, lawsuits, costs, relief for contempt, losses, attorneys' fees, expenses, or liabilities of any kind whatsoever, in law or in equity, for any relief whatsoever, including monetary sanctions or damages for contempt, injunctive or declaratory relief, rescission, general, compensatory, special, liquidated, indirect, incidental, consequential, or punitive damages, as well as any and all claims for treble damages, penalties, interest, attorneys' fees, costs, or expenses, whether known or unknown (including Unknown Claims (defined below)), suspected or unsuspected, existing or potential, contingent or vested, accrued or not accrued, liquidated or unliquidated, matured or unmatured, that in any way concern, arise out of, or relate to the Data Breach, the facts alleged in the Action, or any theories of recovery that were, or could have been, raised at any point in the Action.  For the avoidance of doubt, this Final Approval Order and Judgment shall have no effect on the pending claims against U.S. Vision, Inc. and USV Optical, Inc. in this matter.

23. "Unknown Claims" means any and all Released Claims that any Settlement Class Representative or Settlement Class Member does not know or suspect to exist in his or her favor as of the Effective Date and which, if known by him or her, might have affected his or her decision(s) with respect to the Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that upon the Effective Date, Settlement Class Representatives and Settlement Class Members shall have waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, the District of Columbia, or principle of common law or otherwise, which includes or is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE**

7

## MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

The Settlement Class Representatives and Class Counsel acknowledge, and each Settlement Class Member by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a key element of the Settlement Agreement.

24. This Final Approval Order and Judgment, the Settlement, and all acts, statements, documents, and proceedings relating to the Settlement shall not be offered or received against Nationwide-Sightcare as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by Nationwide-Sightcare with respect to the truth of any fact alleged by any Settlement Class Representative or any Settlement Class Member or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, breach of duty, or wrongdoing of Nationwide-Sightcare; ***provided, however***, that nothing in the foregoing, the Settlement, or this Final Approval Order and Judgment shall be interpreted to prohibit the use of the Settlement or this Final Approval Order and Judgment in a proceeding to consummate or enforce the Settlement or this Final Approval Order and Judgment (including all releases in the Settlement and Final Approval Order and Judgment), or to defend against the assertion of any Released Claims in any other proceeding, or as otherwise required by law.

25. This Final Approval Order and Judgment and the Settlement, and all acts, statements, documents, and proceedings relating to the Settlement are not, and shall not be construed as or received in evidence as an admission, concession, or presumption against any Settlement Class Representative or any Settlement Class Member that any of their claims are

without merit, or that any defense asserted by Nationwide-Sightcare has any merit, or that damages recoverable in the Action would not have exceeded the Settlement Fund.

26. The Settlement (including without limitation the releases therein) shall be forever binding on, and shall have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims that are brought, initiated, or maintained by, or on behalf of, any Settlement Class Member who is not an Opt-Out Member or any other person subject to the provisions of this Final Approval Order and Judgment.

27. The Court hereby dismisses all claims against Nationwide-Sightcare in the Action on the merits and with prejudice, without fees or costs to any Party except as provided in this Final Approval Order and Judgment. The Action remains active and pending as to the claims against U.S. Vision, Inc. and USV Optical, Inc.

28. Consistent with Paragraph 6.4 of the Settlement, if the Effective Date, as defined in the Settlement Agreement, does not occur for any reason, this Final Approval Order and Judgment and the Preliminary Approval Order shall be deemed vacated and shall have no force and effect whatsoever; the Settlement shall be considered null and void; all of Settlement Class Representatives' and Nationwide-Sightcare's obligations under the Settlement, the Preliminary Approval Order, and this Final Approval Order and Judgment shall cease to be of any force and effect, and Settlement Class Representatives and Nationwide-Sightcare shall return to the status quo ante in the Action as if the Parties had not entered into the Settlement. In such an event, Settlement Class Representatives and Nationwide-Sightcare shall be restored to their respective positions in the Action as if the Settlement Agreement had never been entered into (and without prejudice to any of Settlement Class Representatives' and Nationwide-Sightcare's respective positions on the issue of class certification or any other issue).

29.     Pursuant to the All Writs Act, 28 U.S.C. § 1651, this Court shall retain the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court.

30.     Without affecting the finality of this Final Approval Order and Judgment, the Court will retain exclusive jurisdiction over the subject matter and the Parties with respect to the interpretation and implementation of the Settlement for all purposes, including enforcement of its terms at the request of any party, and resolution of any disputes that may arise relating in any way to the implementation of the Settlement or the implementation of this Final Order and Judgment.

**ENTERED:**

DATED: October 15, 2024        By: *Christine A. O'Hearn*

## EXHIBIT A

| Number | First Name | Last Name |
|---|---|---|
| 1 | Karin | Spilman |
| 2 | Lee | MacDonald |
| 3 | Marlenne | Marquez |
| 4 | Robert | Clemmer |
| 5 | Harley | Nees |
| 6 | Jon | Nickerson |
| 7 | Fernando | Talayumptewa |
| 8 | Marcus | Talayumptewa |
| 9 | Felicity | Talayumptewa |
| 10 | Ciara | Enoch |
| 11 | Tamara | Ramirez |
| 12 | Victoria | Ramirez |
| 13 | Whitney | Faust |
| 14 | Lynda | Williams |
| 15 | Paul | Saba |
| 16 | Laura | Russell |
| 17 | Cindy | Almendarez |
| 18 | Tristyn | Childers |
| 19 | Jasmine | Martinez |
| 20 | Mary | Guidry |
| 21 | Marluisa | Haros |
| 22 | Mercy | Beach |
| 23 | Cecilia | Candelaria |
| 24 | Dennis | Boswell |
| 25 | Helen | Highley |
| 26 | Ashley | Valdivia |
| 27 | Sherri | Boyce |
| 28 | Jonathan | Barajas |
| 29 | Lina | Hadaya |
| 30 | Christina | Garnica |
| 31 | Ryan | Smith |
| 32 | Laura | Schott |
| 33 | racheal | rappe |
| 34 | Christopher | Lindsey |
| 35 | Jonathan | Nico |
| 36 | Kristen | Gadzik |
| 37 | Lisa | Barnes |
| 38 | Connie | Metts Page |
| 39 | Seyma | Kara |
| 40 | Isabel | Lopez |
| 41 | Anthony | Ramirez |